**LEVISOHN BERGER LLP**
61 BROADWAY
NEW YORK, NEW YORK 10006

TEL: (212) 486-7272
FAX: (212) 486-0323
WEBSITE: WWW.LLBL.COM

PETER L. BERGER
JANE B. LINOWITZ
JONATHAN BERGER
TUVIA ROTBERG

DAVID COWAN
TECHNICAL CONSULTANT

PATENTS,
TRADEMARKS
AND COPYRIGHTS

E-MAIL TO ATTORNEY:
FIRST INITIAL AND
LAST NAME OF
ATTORNEY@LLBL.COM

September 4, 2008

Judge Charles P. Sifton
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Index No. CV 08 3367
            Vadim Mikhlyn, et al. v. Ana Bove, et al.
            Our file No. 1851.004

Dear Judge Sifton:

    We represent defendants in the above captioned matter and seek an extension of time to reply to plaintiff's motion for a preliminary injunction and to concurrently file defendants' cross-motion for a preliminary injunction. No prior request has been made.

    To our knowledge, defendants' reply papers to the motion would be due Tuesday, September 9, 2008. We have been in discussions with opposing counsel regarding the extension and had agreed on a date of September 15, 2008, but plaintiffs added unrelated conditions which requires us to seek leave of this court.

    Defendants, even more than plaintiff, need early resolution as can be seen in plaintiffs' own papers and will be more succinctly supported in defendants' reply papers.

    Defendant Ana Bove began her own business involving computer generated embroidery designs of her own design some time in 2002. This business began in Israel. She worked with Polina Dolginov, who was knowledgeable in computers, and Ms. Dolginov became the registrant and administrator of a number of websites to conduct the business. As the business grew and expanded, some time in 2004 Ms. Bove decided to expand her operations into the United States and employed her cousin Vadim Mikhlyn and his wife, Inga Mikhlyn (Plaintiffs), to assist in conducting the American business. All proceeded and the business continued to grow. Polina Dolginov remained the administrator and registrant of the various websites and an American PayPal account was opened up, to which Vadim and Inga Mikhlyn had access to conduct the American side of the business at Ms. Bove's direction. All continued smoothly until late 2007 when the Mikhlyns gained access to the passwords for the websites. Ana Bove first learned in April 2008 they had hijacked the websites and all of the business conducted by Ana Bove and her employees and blocked Ana Bove from any access to her websites.

LEVISOHN BERGER LLP

The Mikhlyns not only hijacked all the websites, they took control of the PayPal accounts, have control of the business and inventory and have totally prevented Ana Bove from any access to her business, including receiving income. The sums involved are not insubstantial. We believe the Mikhlyns are funding this litigation through the purloined business they stole from Ana Bove.

Ultimately, Ana Bove, with Polina Dolginov's assistance was able to regain access and control of the websites, and on the very next day, the Mikhlyns began offering Ana Bove's designs which had previously been sold at $20.00 per design at Zero Dollars per design through websites they had previously registered. The Mikhlyns made their money by selling threads and accessories.

At that point, Ana Bove realized she had to come to court to seek relief and gain back her business. To this point, the Mikhlyns have complete access to the PayPal account, all the inventory of Ana Bove's business and have continued to earn money and prevent Ana Bove from earning any money from her own business.

The motion papers filed by plaintiff have concocted a fictitious partnership which never existed, and which they now assert gave the Mikhlyns all right to take complete control of Ana Bove's business. The falsity of that position will be made clear with defendant's reply papers.

Along the way, when the Mikhlyns opened their new websites, they also infringed all of Ana Bove's copyrighted embroidery designs. They also infringed Ana Bove's trademark in her own name because they do not have her permission to use her name in the embroidery business. Ana Bove has been prevented from having access to the customers, her inventory and her money.

As stated above, no one more than Ana Bove needs early resolution from this Court. Defendants seek this extension in order to be able to ensure that this most important hearing be conducted with Ana Bove being permitted to present her story and evidence in the most complete fashion so that the court will have a clear picture of all issues.

Many of the documents submitted by plaintiffs are in Russian, and one of defendants' witnesses and defendant in this lawsuit is located in Israel. A great deal of time must be spent parsing through the various documents submitted by plaintiff in its submission and trying to work with Israeli based personnel.

In addition, and entirely unrelated to this litigation, is the fact that I had serious surgery on August 18, 2008. The doctor estimated that my full strength would not return for six to eight weeks. I have returned to the office this week and am working about three hours a day after which I go home and take a nap every day. I suspect that will continue for next week, and I hope the following week to return to a more regular schedule.

LEVISOHN BERGER LLP

Judge Charles P. Sifton
United States District Court
September 4, 2008 - Page Three

    We had presented all of this to plaintiffs' counsel in seeking an agreement that defendants' reply papers and defendants' counter-motion papers could be filed during the week of September 22nd. Plaintiffs' counsel objected and insisted that he would only consider a few days extension. Defendant had reluctantly agreed to September 15th as the date by which its papers would be due and plaintiffs' reply papers would be due one week thereafter. As stated above, plaintiff's counsel added conditions to this extension agreement which are entirely unacceptable to defendants and are unrelated to the reasons for which the extension was sought.

    It is my view that many of the issues in this matter are uncontested and an early conference on that account would reduce the time required for any hearing by the court.

    In view of the above, we respectfully request that the court grant this request for defendants' reply papers and cross-motion for a preliminary injunction be extended to September 17, 2008 and that plaintiffs' reply papers be due no later than September 24, 2008. To the extent a hearing date must be set, we suggest September 25, 2008.

    Thank you for your consideration

                                        LEVISOHN BERGER LLP

                                        Peter L. Berger

PLB:wr

cc:  Daniel Akselrod, Esq.
      Eric Wertheim, Esq.
      Val Mandel, P.C.
      80 Wall Street, Suite 1115
      New York, NY 10005
      Attorneys for Plaintiffs

H:\WLR2\1851\1851-JudgeSifton-9408.doc

> The foregoing schedule is so Ordered without prejudice to plaintiffs' application for a TRO pursuant to Rule 65(b) of the F.R. of Civ. P. on or before September 10, 2008 at 4: PM when such application will be heard.
> 9/5/2008
> s/Hon. Charles P. Sifton
> USDJ

PETER L. BERGER
JANE B. LINOWITZ
JONATHAN BERGER
TUVIA ROTBERG

DAVID COWAN
TECHNICAL CONSULTANT

LEVISOHN BERGER LLP

61 BROADWAY

NEW YORK, NEW YORK 10006

TEL: (212) 486-7272

FAX: (212) 486-0323

WEBSITE: WWW.LLBL.COM

PATENTS,
TRADEMARKS
AND COPYRIGHTS

E-MAIL TO ATTORNEY:
FIRST INITIAL AND
LAST NAME OF
ATTORNEY@LLBL.COM

September 4, 2008

Judge Charles P. Sifton
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Index No. CV 08 3367
             Vadim Mikhlyn, et al. v. Ana Bove, et al.
             Our file No. 1851.004

Dear Judge Sifton:

    We are requesting an extension of time to respond to Plaintiffs' preliminary injunction papers and complaint. Attached with this cover letter is a letter from Mr. Peter Berger requesting the extension of time.

    Mr. Berger asked me to try to obtain the consent of Plaintiffs' counsel for an extension of time resetting all dates. I communicated our request to Plaintiffs' counsel on Tuesday morning, and we have not yet received a final answer from them. After a lengthy email exchange, Plaintiffs' lawyers still have not provided a final answer.

    Subsequently, and because time is of the essence, I notified Messrs. Wertheim and Akselrod by email today that if I did not get their consent by 3:15 pm today, I would submit the attached letter to the Court.

    Since we have not heard from Plaintiff's lawyers we are submitting the attached letter to the Court.

                                     Respectfully submitted,
                                     LEVISOHN BERGER, LLP

                                     Tuvia Rotberg

TR:wr
Enclosure
cc:    Val Mandel, P.C.
        Attorneys for Plaintiffs

H:\WLR2\1851\1851-JudgeSifton-9408TR.wpd