Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
LEVISOHN BERGER LLP
Attorneys for Defendants/Counter-Plaintiffs
61 Broadway, 32nd Floor
New York, NY 100006
Phone (212) 486-7272 / Fax (212) 486-0323

Boris Kogan (BK-9135)
BORIS KOGAN & ASSOCIATES
277 Broadway, Suite 701
New York, NY 10007
Phone (212) 625) 8910 / Fax (212) 219-2728

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANA BOVE, POLINA DOLGINOV, ANNA BOVE COMPANY, LLC, ANNA BOVE COLLECTIONSM INC., AND ANNA BOVE EMBROIDERY SUPPLIES, INC, <br><br> Defendants. <br><br> ANA BOVE, ANNA BOVE COMPANY, LLC, AND ANNA BOVE EMBROIDERY SUPPLIES, INC, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., <br><br> Counter-Defendants. | Index No. CV 08 3367 <br><br> J. SIFTON <br> M. J. REYES <br><br> DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

Mikhlyn et al v. Bove et al        Doc. 22

Dockets.Justia.com

Defendants and Counter-Plaintiffs ANA BOVE, ANNA BOVE COMPANY, LLC, ANNA BOVE COLLECTIONS INC., ANNA BOVE EMBROIDERY SUPPLIES, INC, (hereinafter "Counterclaimant" or "ANNA BOVE") and Defendant Polina Dolginov by their attorneys Levisohn Berger, LLP for its Answer against the Plaintiffs and Counter-Defendants, VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., (hereinafter "Counterdefendants" or "Mikhlyns") alleges:

1. The allegations contained in Paragraph 1 state legal conclusions to which no response is required. To the extent that a response is required, Defendants only admit that Counterdefendants filed a complaint but are without information or knowledge sufficient to form a belief to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 state legal conclusions to which no response is required. To the extent that a response is required, Defendants admit the allegations.

3. Defendant Bove admits the allegation contained in Paragraph 3.

4. Defendants Ana Bove, Anna Bove Company, LLC and Anna Bove Embroidery Supplies, Inc. admit the allegations regarding this Court having personal jurisdiction over Defendants Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc., but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Pargraph 4 and therefore denies those remaining allegations. Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies

those remaining allegations. To Defendants' knowledge, there is no entity Anna Bove Collections, Inc. and therefore no response is made for such alleged party.

5. Defendants Ana Bove, Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc. are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the allegations. As to Defendant Dolginov, the allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent that a response is required, Defendant Dolginov denies the allegations in Paragraph 5. Further, Dolginov denies proper service of the Complaint herein according to the Hague Convention.

6. Defendants Ana Bove, Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc. admit the allegations, but Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the allegations therein.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants only admit the allegations relating to ABC All Consulting being organized and existing under New York State but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the allegations therein.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants other than Dolginov admit the allegations in Paragraph 12. Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the allegations therein.

13 Defendants other than Dolginov admit the allegations in Paragraph 13. Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the allegations therein

14. Defendants other than Dolginov admit the allegations in Paragraph 14. Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the allegations therein

15. The allegations contained in Paragraph 15 regarding the parties' agreement to become partners state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

16. Defendants admit the allegations in Pargraph 16.

17. Defendants only admit the allegations that part of the business would be conducted in the United States and deny the remaining the allegations in Paragraph 17 including the allegation that Vadim and Inga Mikhlyn were partners.

18. Defendants only admit the allegations that Counterdefendants incorporated ABC All Consulting, Inc. ("ABC All") in New York State, but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, including the allegation that ABC All was to be used as the business vehicle for the new partnership, and therefore denies the allegations therein. Defendants deny any partnership with Vadim and Inga Mikhlyn regarding the

business, and this denial is repeated whenever the Complaint alleges a partnership with the Miklyns or that they were partners of Bove and/or Dolginov.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 due to vagueness and therefore denies the allegations therein.

22. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 due to vagueness and therefore denies the same.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the allegations therein.

24. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the allegations therein.

25. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 due to vagueness and therefore denies the allegations therein.

26. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 due to vagueness and therefore denies the allegations therein.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the allegations therein.

28. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the allegations therein.

29. Defendants only admit the allegations that Counterdefendants registered two domain names, annabovecollections.com and annabovecollection.com, but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the allegations therein.

30. Defendants only admit that Counterdefendants used the name Anna Bove Collections but are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the allegations therein.

31. Denied.

32. Denied.

33. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the allegations therein.

34. Denied.

35. Denied.

36. Denied.

37. Defendant Bove denies the allegations in Paragraph 37 regarding any announcement to leave the alleged partnership to start her own line of embroidery and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the remaining allegations therein. Defendants Dolginov, Anna Bove Company, LLC, and Anna Bove Embroidery

Supplies, Inc., are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the allegations therein.

38. Defendants only admit the allegation that Ana Bove is an owner of the business; Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 38 and therefore denies the remaining allegations therein.

39. Defendant Bove denies the allegations, and Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the remaining allegations therein

40. Defendant Dolginov only admits the allegation that her email indicated that Defendant Bove could not work with Counterdefendants but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies the allegations therein. Defendant Bove is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the allegations therein.

41. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the allegations therein.

42. Admitted.

43. Admitted.

44. Defendant Bove admits the allegations regarding the registration of the AnnaBoveEmbroidery.com and the creation of the three entities described herein. Defendant Bove is without information or knowledge sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 38 and therefore denies the allegations therein.

45. Defendant Bove admits the allegations therein, and Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the allegations therein.

46. Defendant Bove and Defendant Dolginov admit the allegation regarding the commencement of a proceeding against Domains by Proxy relating to the domain names but is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the remaining allegations therein.

47. Defendant Bove and Defendant Dolginov only admit to the allegations relating to Dolginov being listed as the registered user for the two domain names but are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the remaining allegations therein.

48. Defendant Bove and Dolginov admit the allegations that the second arbitration petition was withdrawn, and that the ABC Domain names were transferred to Defendant Dolginov's account with the domain registrar and web hosting company, GoDaddy.com and denies the allegation that a deal was struck to obtain control of the ABC Domain names. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore deny the remaining allegations therein.

49. Defendant Bove admits the allegations that Defendant Bove now has control over the ABC Domain names and is trying to redirect the visitors to her websites, and is

without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the remaining allegations therein. Defendant Dolgnov is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the remaining allegations therein.

50    Admitted.

51    Defendant Bove admits the allegations regarding the announcement that Counterdefendants tried to steal the business and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies the remaining allegations therein. Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies the remaining allegations therein.

52.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies the allegations therein

53.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the allegations therein.

54.   Defendants' answers to the allegations of Paragraphs 1- 53 of the Complaint are restated and fully incorporated herein.

55    Defendants deny the allegations in Paragraph 55 of the Complaint.

56.   Defendants admit only that it has redirected customers but denies the remaining allegations of Paragraph 57 of the Complaint.

57. Defendants' answers to the allegations of Paragraphs 1- 56 of the Complaint are restated and fully incorporated herein.

58. Defendants only admit that it is using the ABC Domain Names, that it is redirecting customers, and that its websites contain representations about Counterdefendants, but it denies the remaining allegations in Paragraphs 58.

59. Defendants' answers to the allegations of Paragraphs 1-58 of the Complaint are restated and fully incorporated herein

60. Defendants deny the allegations in Paragraph 60 of the Complaint

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants' answers to the allegations of Paragraphs 1-61 of the Complaint are restated and fully incorporated herein

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.


## FIRST AFFIRMATIVE DEFENSE

66. Counterdefendants have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

67. The Court lacks jurisdiction over Polina Dolginov since she resides in Israel.

## THIRD AFFIRMATIVE DEFENSE

68. Service of the complaint upon Polina Dolginov has been improperly made as it has not been made according to the Hague Convention.

## FOURTH AFFIRMATIVE DEFENSE

69. Counterdefendants have no ownership interest in any of the Anna Bove businesses.

## FIFTH AFFIRMATIVE DEFENSE

70. Counterdefendants have never been partners of Defedants Bove or Dolginov at any time during the conducting of the Bove business.

## SIXTH AFFIRMATIVE DEFENSE

71. Counterdefendants' claim of Bove's copyright being in the public domain has been waived due to Counterdefendants' own use of copyright designation on the identical works.

## SEVENTH AFFIRMATIVE DEFENSE

72. The Complaint is barred by the Doctrine of Estoppel.

## EIGHTHAFFIRMATIVE DEFENSE

73. Counterdefendants were not damaged by any actions of Defendants, and thus Counterdefendants are not entitled to any relief, and Counterdefendants have no remedy against Defendants.

## NINTH AFFIRMATIVE DEFENSE

74. Counterdefendants' claims are barred in whole or in part by the Doctrine of Waiver.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice, deny Counterdefendants any relief, award to Defendants their attorneys fees and costs for the defense of this lawsuit, and grant such other relief to Defendants as the Court may deem just and warranted.

## COUNTERCLAIMS

Counterclaimant Ana Bove and Anna Bove Company, LLC (hereinafter "Counter-claimant" or "Ana Bove" or "Anna Bove Company, LLC") by its attorneys Levisohn Berger, LLP for its Complaint against the CounterDefendants Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc. ("CounterDefendants") alleges:

## I. **JURISDICTION AND VENUE**

1. This action is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, et seq., under 15 USC of the Lanham Act, and for related claims under the statutory and common law of the State of New York.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. §1400 (a).

4. A substantial part of the events giving rise to these events occurred in this district, and CounterDefendants reside in this district within the meaning of 28 USC §§ 1391 (b) and (c).

## II. **THE PARTIES**

5. Counterclaimant Bove resides at 2100 East 21st Street, Brooklyn, New York.

6. Upon information and belief, Counterdefendants Vadim Mihklyn and Inga Mikhlyn reside in Brooklyn, New York.

7. Upon information and belief, Counterdefendants ABC All Consulting, Inc. is a corporation of the State of New York with its principal place of business in Brooklyn, New York 11229.

## III. **COPYRIGHT INFRINGEMENT**

8. Counterclaimants since 2002 have been in the business of developing, designing and selling embroidery designs and cross stitch designs and accessories on its websites. The embroidery designs are sold in distinct sets which are displayed on individual pages of The Work. Counterclaimants designed the individual designs and designed the above referenced individual pages. The sets of designs comprising the individual pages was created by Ana Bove. The individual pages were organized and combined by Ana Bove to comprise the website which comprises all the pages, each of which comprises individual embroidery designs.

9. Counterclaimant filed an application to register the website and was granted copyright registration VA1-639-284 issued by the United States Copyright Office on August 25, 2008 for the work (the "Copyrighted Work"). Counterclaimant is the owner of said copyright registration. A true copy of the certificate of copyright registration is attached hereto as Exhibit 1. The Copyrighted Work is set forth in Exhibit 2 attached hereto. The deposit copy submitted was a CD (previously submitted to this Court).

10. Upon information and belief, Counterdefendants are in the business of selling embroidery designs and cross stitch designs and accessories including but not limited to sales on the Internet and they do business throughout the United States.

11. On information and belief, in June 2007, Counterdefendants began taking sole control of all of Bove's websites by changing the respective passwords used to access the domains. Thereafter, in March of 2008, when Bove was thrown out of Counterdefendants' home, she discovered that she was locked out of her own websites – which were being controlled exclusively by Counterdefendants. Counterdefendants have as such misappropriated her businesses, copyrights and trademarks by hijacking her websites and business operations. In addition, on information and belief, the Mikhlyns commenced operating various new embroidery websites which carry infringing copies of the Copyrighted Work (the "Infringing Copies"). Exhibit 3 contains a list of domain names owned by Counterdefendants. Such sales are being mad ethroughout the United States and in this jurisdiction (the "Infringing Designs"). Attached hereto as Exhibit 4 is a CD showing the website design for the home page and embroidery and cross stitch designs sold on Counterdefendants' website, www.abc-machine-embroidery-designs.com. Attached as Exhibit 5 are examples of Counterdefendants' Infringing Copies sold on www.abc-machine-embroidery-designs.com. On information and belief, Counterdefendants sell and continue to sell infringing sets of said designs as well as infringing individual designs that are copies of the Copyrighted Workon many of these websites listed in Exhibit 3. Exhibit 6 contains some examples of websites owned by Counterdefendants that contain the same corresponding home page as Anna Bove's home page for www.abc.embroidery-designs.com.

## CLAIM I
### (Copyright Infringement)

12    The Copyrighted Work contain material wholly original and constitutes copyrightable subject matter according to the laws of the United States.

13.   On information and belief, since on or about April 2008, Counterdefendants misappropriated Bove's business and websites and began to operate new websites which infringed Counterclaimant's Copyright by publishing and/or placing upon the market in this district and elsewhere infringing copies (the "Infringing Copy" – Exhibit 3) copied wholly from the Copyrighted Work and which are respectively identical and/or substantially similar to the Copyrighted Work or portions of the Copyrighted Work. Indeed, Counterdefendants transferred digital files containing the Copyrighted Work to their new websites.

14.   On information and belief, Counterdefendants have and continue to reproduce, publish and sell the Infringing Copies to the public, and such acts constitute infringement of the Copyright Registration.

15.   In May, 2008 counterclaimant Bove, by her attorney, sent a letter to Counterdefendants, inter alia, informing Counterdefendants of Counterclaimant's rights with respect to the Copyrighted Work and Counterclaimant's trademarks and demanding that Counterdefendants terminate their infringing activities.

16.   Despite due notice to Counterdefendants of Counterclaimant's rights, Counterdefendants continue to infringe the rights of Counterclaimant.

17.   The infringement by Counterdefendants is willful.

18.   Counterdefendants have published and are continuing to publish Infringing Copies on their respective websites which infringe the aforesaid Copyright Registration.

19. By reason of the foregoing, CounterClaimant has been injured in an amount not yet ascertained.

20. Unless enjoined by this Court, as requested below, Counterdefendants will continue their acts of infringement, and CounterClaimant will suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM II

### (Violation of the Lanham Act - 15 U.S.C. Section1125(a))

21. CounterClaimant reasserts and realleges paragraphs 1 through 20 with the same force and effect as if set forth herein in full.

22. Counterclaimant is engaged in the embroidery design and cross-stitch design business in interstate commerce, and has promoted and marketed embroidery and cross stitch designs under her name Anna Bove and through the family of ABC Domain Names and the ABC family of marks (Exhibit 5). Counterclaimant has used the family of ABC Domain names continuously in commerce since approximately 2002. Counterclaimant has advertised her goods nationally on the Internet under the Anna Bove mark and under the family of ABC designations. The name ANNA BOVE, the ABC Domain Names and the ABC family of marks have become trademark assets of substantial value as a symbol of Counterclaimant's high quality services and goods.

23. Counterdefendants are currently engaged in the business of the sale of embroidery designs and cross stitch designs, which are identical to the goods designed, created and sold by Counterclaimant.

24. Counterdefendants are currently advertising its services and designs under various domain names employing "abc" and confusing similar variants thereof. Examples of such advertising are attached hereto as Exhibit 6.

25. Counterdefendants are using Counterclaimant's name and variations of ANNA BOVE and the abc domain names without authority and in contravention of the rights of Counterclaimant.

26. Counterdefendants, since at least as early as 2004, have been aware of Counterclaimant's mark "ANNA BOVE," the "abc" family of domain names and the ABC family of marks.

27. The use by Counterdefendants of the confusingly similar mark "ANNA BOVE," ABC and the abc Domain Names thereof for embroidery designs and cross stitch designs causes a likelihood of confusion, deception and mistake, and is an infringement of Counterclaimant's trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Counterdefendants' acts of trademark infringement have been and continue to be willful.

29. By reason of the foregoing, Counterclaimant has been injured in an amount not yet ascertained has no adequate remedy at law. Counterclaimant is suffering irreparable harm and is entitled to the remedies provided for in 15 U S C. § 1116 et seq.

## CLAIM III

### FEDERAL UNFAIR COMPETITION
### SECTION 43 (a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

30. Counterclaimant reasserts and re-alleges paragraphs 1 through 29 with the same force and effect as if set forth herein in full.

31. Counterclaimant's name and ABC Domains are associated with embroidery designs and cross-stitch designs emanating from Counterclaimant. Counterdefendants' interstate use of the deceptively similar marks "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC" and "ABC EMBROIDERY DESIGNS," and variants thereof constitutes a false designation of origin and constitutes the use of a false description or representation in interstate commerce and amounts to unfair competition.

32. Counterdefendants' conduct is likely to deceive, cause mistake and confuse members of the public that Counterdefendants is associated with, sponsored by or authorized by Counterclaimant.

33. Counterdefendants, in adopting the marks "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC," "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof have acted willfully and with full knowledge of Counterclaimant's rights to the marks, and Counterdefendants has used this false designation of origin and description in contravention of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Counterdefendants' acts and their continued use of the marks "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC," "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof, unless restrained, will continue to cause serious and irreparable injury to Counterclaimant.

35. Counterclaimants have been injured in an amount not yet ascertained.

## CLAIM IV

## ANTI-CYBERSQUATTING – 15 USC §1125(D)

36. Counterclaimant hereby incorporates by reference paragraphs 1-35 above with the same effect as if they were reproduced and realleged

37. Counterdefendants are not authorized to be the registrant for any domain name which incorporates "abc" in association with embroidery.

38. By reason of the foregoing Counterclaimant is entitled to the remedies under 15 USC §1125 ( c) in that this Court shall order the forfeiture or cancellation of such domain names.

## CLAIM V

## VIOLATION OF NEW YORK LAW OF TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. Counterclaimant hereby incorporates by reference paragraphs 1 through 38 with the same effect as if they were here reproduced and realleged.

40. Counterdefendants' use of the terms "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC," and "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof in offering and promoting its goods and services constitutes unfair competition and trademark infringement under the statutory and common law of the State of New York.

41. Counterdefendants' use of the Counterclaimant's marks have caused and continues to cause a likelihood of confusion or deception among actual or prospective customers of the Counterclaimant.

42. Counterdefendants' use of Counterclaimant's marks these terms constitutes the passing off of its services as those of Counterclaimant, and unprivileged imitation.

43. Counterdefendants' use of Counterclaimant's mark is a false designation of origin, and a false description and representation of Counterdefendants' services and goods, in violation of New York law.

44. As a result of Counterdefendants' acts, Counterclaimant has been injured in an amount not yet ascertained.

## CLAIM VI.

## NEW YORK RIGHT OF PRIVACY STATUTE

45. Counterclaimant hereby incorporates by reference paragraphs 1 through 44 with the same effect as if they were here reproduced and realleged.

46. Counterdefendants' use of Counterclaimant's name "ANNA BOVE" as shown in Exhibit 6 in offering and promoting its goods and services without her consent, constitutes violation of Counterclaimant's Right of Privacy under Article 5 §50 of the New York Civil Rights Law and the common law of the State of New York.

47. As a result of Counterdefendants' acts, Counterclaimant has been injured in an amount not yet ascertained.

## CLAIM VII.

## BAILMENT AND CONVERSION

48. Counterclaimants repeat the allegations contained in paragraphs 1-47 herein.

49. In addition to the Counterclaimants' claims for infringement of intellectual property rights, Counterclaimants' counterclaims seek damages for breach of contract, unjust

enrichment, money had and received, conversion and deceptive acts and practices in the conduct of a business in violation of General Business Law Section 349.

50. In addition, this action seeks: (a) the appointment of a receiver to take possession of the business and certain intellectual property owned by the Counterclaimants, handle the distribution and sale of the intellectual property, and deliver Counterclaimants' share of the proceeds to Counterclaimants; (b) an injunction prohibiting Counterdefendants from selling any inventory or asset or licensing, distributing or selling the aforementioned intellectual property and depositing all proceeds from previous sales of the Counterclaimants' business and licensing, distribution and sale of intellectual property works into a designated account; and (c) an attachment of Counterclaimants' business and intellectual property in Counterdefendants' possession, as well as the proceeds from Counterdefendants' previous sales from the Counterclaimants' business and intellectual property.

51. Finally, Counterclaimants' counterclaims seek an accounting of the business and the Counterclaimants' intellectual property.

52. In what has emerged as nothing more than an illegal confidence scheme, Counterdefendants have gained Counterclaimants' trust and with it gained control over Counterclaimants' online embroidery design and supply business, promising to handle all back office bookkeeping and warehouse tasks in the United States in exchange for agreed upon compensation.

53. In a repeating pattern, when the times came to account for the proceeds and transfer to Counterclaimants the profits of the business, Counterdefendants instead offered no more than excuses as to why payment could not yet be made, and promising to "buy a house

and a vacation property for Ana with these monies" at a later date. All the while, upon information and belief Counterdefendant purchased a home and a vacation home with revenues generated by Counterclaimants' business.

54. From or about 2007 to the present, Counterdefendants took possession of Counterclaimants' intellectual property and business, as discussed above. At the time of such taking Counterclaimant had no idea that her business was not in her control, as Counterdefendants were running the business pursuant to their duties.

55. In April of 2008 Counterclaimants discovered that Counterdefendants had wrongfully converted to their own use the Counterclaimants' intellectual property and business, as discussed above.

56. Counterdefendants, intentionally, willfully, and without Counterclaimants' authority, have converted Counterclaimants' business, Counterclaimants' intellectual property, and Counterclaimants' share of the proceeds from use, sale, distribution, and licensing thereof, to their own benefit, in derogation of Counterclaimants' rights, as discussed above.

57. Upon information and belief, Counterdefendants have committed their conversion by, inter alia, using Counterclaimants' share of the sale proceeds to satisfy Counterdefendants' other creditors and financial obligations, as discussed above.

58. As a direct and proximate result of the unlawful conversion of Counterclaimants' intellectual property and business, Counterclaimants have been damaged in an amount to be determined at trial, but in no event less than $1,300,000.

59. In causing damage and injury to Counterclaimants, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and

in reckless disregard to Counterclaimants' rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimants' rights, entitling Counterclaimants to punitive and exemplary damages.

## CLAIM VIII
## BREACH OF CONTRACT

60.  Counterclaimants repeat the allegations contained in paragraphs 1-59 herein.

61.  Counterdefendants and Counterclaimants were parties to a series of agreements with respect to the business and the Counterclaimants' intellectual property, as discussed above.

62.  Counterclaimants performed all of their obligations under those agreements, as discussed above.

63.  Counterdefendants have breached their obligations under the agreements, as discussed above.

64.  As a result of Counterdefendants' breaches of the agreements between the parties, Counterclaimants have been damaged in an amount to be determined at trial, but in no event less than $1,300,000.

## CLAIM IX.

## UNJUST ENRICHMENT

65.  Counterclaimants repeat the allegations contained in paragraphs 1-64 herein.

66.  Counterdefendants have been unjustly enriched by benefitting from the possession, use, distribution, licensing and sale of Counterclaimants' intellectual property and Counterclaimants' business, as discussed above.

67. Said unjust enrichment continues during the pendency of this action, as discussed above.

68. By reason of the foregoing, Counterclaimants are entitled to recover of Counterdefendants the full value of the possession, use, distribution, licensing and sale of Counterclaimants' intellectual property and Counterclaimants' business.

69. By reason of the foregoing, Counterclaimants have been damaged in an amount to be determined at trial, but in no event less than $1,300,000.

70. In causing damage and injury to Counterclaimants, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimants' rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimants' rights, entitling Counterclaimants to punitive and exemplary damages.

## CLAIM X.

## MONEY HAD AND RECEIVED

71. Counterclaimants repeat the allegations contained in paragraphs 1-70 herein.

72. Counterdefendants used, distributed and sold Counterclaimants' intellectual property, as discussed above.

73. Counterdefendants received proceeds from the use, licensing and sale of Counterclaimants' intellectual property.

74. Counterdefendants have failed to turn over to Counterclaimants those proceeds which rightfully belong to Counterclaimants, totaling at least $1,300,000, as discussed above.

75. Counterdefendants have benefitted from receipt of those proceeds.

76    Under principles of equity, Counterdefendants should not be allowed to retain Counterclaimants' portions of the proceeds.

## CLAIM XI.

## **VIOLATION OF GBL §349**

77.   Counterclaimants repeat the allegations contained in paragraphs 1-76 herein.

78.   Counterdefendants aforesaid acts with respect to Counterclaimants' business and Counterclaimants' intellectual property, and the proceeds from any use, sale, distribution or licensing thereof constitute deceptive acts and practices in willful and knowing violation of New York General Business Law §349.

79.   Counterdefendants' conduct with respect to Counterclaimants' business and Counterclaimants' intellectual property, and the proceeds from any use, sale, and distribution thereof, is causing and has caused harm to Counterclaimants and to the public at large.

80.   As a result of Counterdefendants' unlawful acts, Counterclaimants have suffered damages from Counterdefendants' actions in an amount to be determined at trial, including Counterclaimants' reasonable attorney's fees in bringing this action.

## CLAIM XII.

## **ACCOUNTING**

81.   Counterclaimants repeat the allegations contained in paragraphs 1-80 herein.

82    Counterdefendants are currently in possession and control of the corporate books and records of ABC All Consulting, Inc. d/b/a Anna Bove Collections, Inc., and of all of the

books and records relating to Counterclaimants' business transactions (cumulatively, the "Records"), and have refused to allow an inspection of Records or otherwise account to Counterclaimants for Counterclaimants' monies handled, received and paid by Counterdefendants in connection with Counterclaimants' business and for Counterdefendants' activities as agents of and as attorneys in fact for Counterclaimants, notwithstanding being duly demanded to do so by Counterclaimants.

83. Counterclaimants have no adequate remedy at law and seek a judgment against Counterdefendants directing Counterdefendants to furnish all Records pertaining to Counterclaimants and Counterclaimants' business transactions and to fully account for:

    a. All monies which Counterdefendants have diverted to their own use;

    b. All of Counterclaimants' monies handled by Counterdefendants;

    c. All of the income Counterdefendants earned from Counterclaimants' business;

    d. All of the income Counterdefendants earned as brokers or intermediaries from any source relating to Counterclaimants' real estate and other transactions; and

    e. All of Counterdefendants' activities as attorneys in fact for Counterclaimants.

84. In causing damage and injury to Counterclaimants, Counterdefendants' conduct was malicious because Counterdefendants acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimants' rights, or their acts were done in utter and wanton regard for Counterclaimants' rights, entitling Counterclaimants to punitive damages in the amount to be determined at trial.

## CLAIM XIII.

## AS AND FOR A SEVENTEENTH COUNTERCLAIM - CONSTRUCTIVE TRUST

85. Counterclaimants repeat the allegations contained in paragraphs 1-84 herein.

86. Counterdefendants, as alleged above, are fiduciaries and trustees of Counterclaimants and are thus obligated to account to Counterclaimants for all sums received by Counterdefendants as a result of Counterdefendants' wrongful conduct described above.

87. As a direct and proximate result of the foregoing, Counterclaimants request that a constructive trust be imposed upon all funds, assets, revenues and profits of Counterdefendants which are due and owing to Counterclaimants including those which are derived from the conversion of Counterclaimants' business and Counterclaimants' intellectual property, and the proceeds from any use, sale, distribution or licensing thereof.

## CLAIM XIV.

## DECLARATORY JUDGMENT OF COUNTERCLAIMANTS' OWNERSHIP INTEREST IN THE INTELLECTUAL PROPERTY AND INJUNCTION

88. Counterclaimants repeat the allegations contained in paragraphs 1-87 herein.

89. From or about 2002 Counterclaimants developed the following intellectual property, trade secrets and confidential business methods and know-how (collectively "Counterclaimants' Intellectual Property"):

a. The goodwill in the name Anna Bove, Anna Bove Collections and ABC;

b. Embroidery designs;

c. Design and content of websites;

d. Newsletter;

    e.      Customer list; and

    f.      Pallate of thread colors.

90. Counterdefendants have used and continue to use Counterclaimants' Intellectual Property which is the result of Counterclaimants' marketing efforts, relationships, concepts, and other work product of Counterclaimants which have been developed since over a six year period by Counterclaimants - much of which predates the establishment of the Counterdefendants' corporate entity or involvement of the individual Counterdefendants in any business with the Counterclaimants.

91. At no point was any agreement concluded that allowed anyone except the fictitious entity "Anna Bove Collections, Inc." to use, distribute, license or sell the Counterclaimants' intellectual property or was any agreement entered into which granted to Counterdefendants any interest of the Counterclaimants'business assets including its intellectual property.

92. Counterdefendants are using Counterclaimants' intellectual property without any license or other authorization from Counterclaimants.

93. As such, Counterdefendants must be enjoined from using, distributing, licensing or selling the Counterclaimants' intellectual property.

94. Counterclaimants have no adequate remedy at law.

95. Ana seek a declaratory judgment that she is the exclusive owner of the intellectual property and that Counterdefendants have no interest in Counterclaimants intellectual property.

28

96. Counterclaimants seek a preliminary and permanent injunction barring the Counterdefendants from using, distributing, licensing or selling the Counterclaimants' intellectual property.

## **RELIEF REQUESTED**

WHEREFORE, Counterclaimant prays that Judgment be entered against Counter-defendants as follows:

1. For Judgment that Counterdefendants have infringed the Copyright Registration and that Counterclaimant be awarded damages in the amount of all profits of Counterdefendants resulting from the infringement of the Copyright Registration and/or from Counterdefendants' unjust enrichment as set forth herein or in the alternative at Counterclaimant's election, awarding statutory damages, provided by 17 U. S. C. Section 504; among other relief;

2. For Judgment that Counterdefendants have violated 15 U.S.C. Section 1125(a) with respect to Counterdefendants' sale of the Infringing Copies and that Counterclaimant be awarded damages among other relief, including but not limited to, damages for lost sales and diversion of trade in an amount to be determined and for damages from the injury from Counterdefendants' trademark infringement and false designation of origin in an amount up to three times the actual damage and/or profit of the Counterdefendants, together with attorney's fees, disbursements and costs of this action, pursuant to 15 U.S.C. Section 1117;

29

4. That Counterdefendants be required to pay to Counterclaimant such damages as Counterclaimant has sustained as a consequence of Counterdefendants' acts of unfair competition, including multiple damages in the amount of three times the damages sustained by Counterclaimants pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117;

5. For an Order preliminary and permanently enjoining and restraining Counterdefendants from:

a) making, using, offering for sale, selling, marketing, displaying, distributing and advertising any works infringing the Copyright or Portions thereof, and any works violating 15 U.S.C. Section 1125(a) with respect to Counterclaimant's Embroidery and Cross-Stitch Designs;

b) continuing the acts of copyright and trademark infringement set forth herein, and from engaging in any additional acts of copyright and trademark infringement against Counterclaimant;

c) Ordering that Counterdefendants, their employees, servants, agents and all others acting in concert therewith be enjoined both preliminarily during the pendency of this litigation, as well as permanently thereafter from infringing the "ANNA BOVE," "ANNA BOVE COLLECTIONS," and "ABC EMBROIDERY DESIGNS," trademarks and confusingly similar variants thereof trademarks of Counterclaimant and/or using any other mark, including but not limited to

30

"ANNA BOVE," "ANNA BOVE COLLECTIONS," and "ABC EMBROIDERY

DESIGNS," and confusingly similar variants thereof or which is a colorable

imitation of Counterclaimant's mark in such a manner that there is a likelihood of

confusion as to the source of services in the minds of the purchasing public;

6. a) Ordering Counterdefendants to turn over to the Court or to Counterclaimant, or

to destroy within ten (10) days from the entry of any Final Judgment or

Preliminary Decree entered in this action, all property owned by

Counterdefendants which is unlawfully created copies of Counterclaimant's

distinctive works, all means owned by Counterdefendants used to create said

infringing designs, any infringing product literature owned by Counter-

defendants, and all other works owned by Counterdefendants that infringe

Counterclaimants's copyrights or trade dress rights, including an award of costs

incurred by Counterclaimants for the destruction of said articles.

b) Ordering that Counterdefendants be required to deliver up for impoundment or

destruction all labels, signs, prints, packages, wrappers, receptacles, adver-

tisement, materials and goods now in its possession which bear or display the

"ANNA BOVE," "ANNA BOVE COLLECTIONS," and "ABC EMBROIDERY

DESIGNS," or colorable imitations thereof, together with any and all plates,

negatives or other reproduction items capable of printing, reproducing or

duplicating the "ANNA BOVE," "ANNA BOVE OLLECTIONS," and "ABC

EMBROIDERY DESIGNS," and or colorable imitations thereof.

31

7. Ordering that Counterdefendants be directed to file with this Court and serve on Counterclaimant within 10 days after service of the preliminary injunction, a report in writing, under oath, setting forth in detail the manner and form in which Counterdefendants have complied with the injunction;

8. Awarding Counterclaimant costs and expenses, including reasonable attorney's fees, pursuant to 17 U.S.C. Section 505 and 15 U.S.C. Section 1117;

9. Awarding Counterclaimants damages in an amount to be determined at trial, but in no event less than $1,300,000;

10. Awarding Counterclaimants punitive damages in an amount no less than $5,000,000 on Counterclaimants' business claims;

11. Appointing a receiver to take possession of certain intellectual property owned by the Counterclaimants, handle the ongoing licensing, distribution and sale of the intellectual property, and deliver Counterclaimants' share of the proceeds to Counterclaimants;

12. A Preliminary Injunction preliminarily and permanently prohibiting Counterdefendants from selling or transferring the aforementioned intellectual property;

13. An attachment of any of the Counterclaimants' intellectual property in Counterdefendants' possession, as well as the proceeds from previous sales of the Counterclaimants' intellectual property;

14. Ordering Counterdefendants to provide a detailed accounting to Counterclaimants with respect to the Counterclaimants business and Counterclaimants intellectual property, and the proceeds from any use, sale, distribution or licensing thereof; and

32

15. Granting such other and further relief as the Court deems just and proper, together with interest, attorneys fees, costs and disbursements of this action.

Dated: New York, New York
      September 17, 2008

LEVISOHN BERGER LLP

By: _____

Peter L. Berger (PB-0121)

61 Broadway, 32nd Floor
New York, NY 10006
(212) 486-7272
Fax: (212) 486-0323

ATTORNEYS FOR
COUNTERCLAIMANTS

Boris Kogan (BK-9135)
BORIS KOGAN & ASSOCIATES
Of Counsel
277 Broadway, Suite 701
New York, NY 10007
Phone (212) 625) 8910
Fax (212) 219-2728

C:\Documents and Settings\wanda\Desktop\BoveDrafts\BoveAnswer-9-17-08.doc