Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
LEVISOHN BERGER LLP
Attorneys for Defendants/Counter-Plaintiffs
61 Broadway, 32nd Floor
New York, NY 100006
Phone (212) 486-7272 / Fax (212) 486-0323

Boris Kogan (BK-9135)
BORIS KOGAN & ASSOCIATES
277 Broadway, Suite 701
New York, NY 10007
Phone (212) 625) 8910 / Fax (212) 219-2728

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VADIM MIKHLYN, INGA MIKHLYN,
AND ABC ALL CONSULTING, INC.,

    Plaintiffs,

v.

ANA BOVE, POLINA DOLGINOV,
ANNA BOVE COMPANY, LLC,
ANNA BOVE COLLECTIONSM INC.,
AND ANNA BOVE EMBROIDERY
SUPPLIES, INC,

    Defendants.

ANA BOVE,
ANNA BOVE COMPANY, LLC,
AND ANNA BOVE EMBROIDERY
SUPPLIES, INC,

    Counter-Plaintiffs,

v.

VADIM MIKHLYN, INGA MIKHLYN,
AND ABC ALL CONSULTING, INC.,

    Counter-Defendants.

Index No. CV 08 3367

J. SIFTON
M. J. REYES

COUNTERCLAIMANTS'
RESPONSIVE MEMORANDUM
OF LAW IN SUPPORT OF
THEIR MOTION FOR A
PRELIMINARY INJUNCTION

Mikhlyn et al v. Bove et al — Doc. 37 — Dockets.Justia.com

# TABLE OF CONTENTS
# FOR
# COUNTERCLAIMANTS' RESPONSIVE MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION

|    |                                                                      | Page |
|----|----------------------------------------------------------------------|------|
| A. | SUMMARY OF ARGUMENT                                                  | 2    |
| B. | BOVE'S COPYRIGHT IS VALID AND ENFORCEABLE                            | 2    |
| C. | THE MIKHLYNS NEVER WERE PARTNERS OF ANA BOVE OR POLINA DOLGINOV      | 4    |
| D. | THE ABC PROPERTY SHOULD IMMEDIATELY BE RETURNED TO ANA BOVE          | 7    |
| E. | IRREPARABLE HARM                                                     | 9    |

Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
LEVISOHN BERGER LLP
Attorneys for Defendants/Counter-Plaintiffs
61 Broadway, 32nd Floor
New York, NY 100006
Phone (212) 486-7272 / Fax (212) 486-0323

Boris Kogan (BK-9135)
BORIS KOGAN & ASSOCIATES
277 Broadway, Suite 701
New York, NY 10007
Phone (212) 625) 8910 / Fax (212) 219-2728

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., <br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ANA BOVE, POLINA DOLGINOV, ANNA BOVE COMPANY, LLC, ANNA BOVE COLLECTIONSM INC., AND ANNA BOVE EMBROIDERY SUPPLIES, INC,<br><br>　　　　　　Defendants.<br><br>ANA BOVE, ANNA BOVE COMPANY, LLC, AND ANNA BOVE EMBROIDERY SUPPLIES, INC,<br><br>　　　　　　Counter-Plaintiffs,<br><br>　　　v.<br><br>VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC.,<br><br>　　　　　　Counter-Defendants. | Index No. CV 08 3367<br><br>J. SIFTON<br>M. J. REYES<br><br>COUNTERCLAIMANTS' RESPONSIVE MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION |

---

Counterclaimants' motion for a preliminary injunction seeks essentially the following:

 1. Enforcement of a registered copyright;

2. Exclusive use of the family of abc and Anna Bove trademarks for embroidery designs; and
3. Return to Counterclaimants the assets seized and used by Plaintiffs since April 2008.

## A. SUMMARY OF ARGUMENT

Plaintiffs argue that Counterclaimants' motion as to points 2 and 3 should be denied because Plaintiffs Vadim and Inga Mikhlyn were partners of the "abc" embroidery business as it is existed prior to April 2008 and then became sole owners. There is no substantive factual support offered by the Mikhlyns as to how they became partners other than a tale that Polina Dolginov sold them her share of the abc business in 2007. The Mikhlyns' claim of sole ownership is based on their story that Ana Bove abandoned her interest in the abc business in April 2008. There is no evidence beyond their self serving statements to support any such abandonment nor any transfer by Ana Bove of her interest in the business.[1]

As to the copyright registration, Plaintiffs claim the registration is invalid or that it is a work of joint authorship with Inga Mikhlyn. Plaintiffs have submitted limited evidence of designs that allegedly were pre-existing, but Plaintiff did not address the Alfred Bell case *de minimus* contribution which supports the validity of copyrighted designs of Ana Bove nor any other cited legal authorities supporting the validity of the copyright.

## B. BOVE'S COPYRIGHT IS VALID AND ENFORCEABLE

Ana Bove's supplemental declaration submitted on September 24, 2008 explains in factual detail how the works that are protected by copyright are created. Some designs are entirely original, some are inspired by public domain works and some are modified public domain works. The copyrightable authorship sufficient to support the Copyright Registration is specifically detailed in paragraphs 17 and 18. The copyright is to the website which is essentially a collection of individual pages (computer files), each

---

[1] Even if the Court could somehow find the Mikhlyns and Ana Bove were partners as of April 2008, when one partner leaves, the partnership is dissolved and a dissolution does not allow one partner to take exclusive control of the partnership assets to the exclusion of the other (see citation of cases submitted to court at the oral hearing of September 25, 2008).

2

of which is copyrightable in its own right and protected by the Copyright Registration as explained in paragraph 16.

Submitted herewith as Exhibit 1 to the second supplemental declaration of Ana Bove are images of the opening screen of the CD of the registered work, which was supplied to the Copyright Office with the application for registration, copies of which were supplied to the Court and to opposing counsel. Each of the individual icons on the opening screen are associated with individual files. A click on any one of those files produces a set of images which are the collection of images put together in that file or page by Ana Bove. Thus, each of the individual files or pages are independently copyrightable, see citations on p. 5 of Counterclaimants' Memorandum in Support of its Motion for a Preliminary Injunction dated September 17, 2008 (hereinafter "Counterclaimants' 9/17/08 Memo"). Each of them have been copied by Plaintiffs, which is not denied. Exhibit 5 of Counterclaimants' Answer shows a side by side comparison of the Bove copyrighted works and the Mikhlyn copies.

Counterclaimants have submitted detailed facts concerning the creation of the copyrightable works, the copyrightability of the collection of works, the copyrightability of the individual files which themselves are collections of designs organized by categories and chosen by Ana Bove, as well as the detailed explanations of the copyrightability of the individual designs, themselves.[2] The Mikhlyns have offered conclusory statements but no evidence to counter Bove's evidence. Bove's copyright is both *prima facie* and, in fact, valid and enforceable.

Finally, in Plaintiffs' Memorandum in Opposition to Counterclaimants' Motion for a Preliminary Injunction, Inga Mikhlyn claims to be a co-author because she says she suggested adding the "most popular design" feature to the web page. See Exhibit 2 of Bove Second Supplemental Declaration. While Bove denies Mikhlyn made such suggestion, such suggestion by itself does not amount to joint authorship of the copyrighted work. First, the idea of a "most popular design" image is an idea, not copyrightable subject matter.[3] Furthermore, the box/banner containing the image of the

---

[2] See Counterclaimants' 9/17/08 memo pp. 8-11.

[3] Note in Exhibit 5 attached to Bove's Answer and Counterclaim that the website existing before Inga Mikhlyn began to work for Ana Bove already had images in the right column. At most, she suggested changing one of the images to "most popular."

3

"most popular design" was there from the first version of the website - prior to Inga Mikhlyn ever joining the business.

Even further, considering the extent of the Copyrighted Work on the CD, Inga Mikhlyn's alleged contribution amounts to an insignificant portion of the website. Inga Mikhlyn claims to have authored some words and helped on some layouts. Without more detail, that is not more than an insignificant contribution. Inga Mikhlyn's contribution, even if independently copyrightable does not convert the registered CD work to a joint work. For one, her contribution was *de minimus*. Each author's work must be "substantial." Medforms, Inc. v. Healthcare Management Solutions, Inc., 2907 3rd 98, 114 (2nd Cir. 2002) citing Childress v. Taylor, 945 F. 500 at 507 (2nd Cir. 1991). Secondly, to be a joint work the authors must intend that. Zitz v. Pereira, 119 F. Supp. 2d 133, 144 (E.D.N.Y. 1999). Thus, Inga Mikhlyn's claim to being a joint author is absolute news to Ana Bove and is without foundation.

During oral argument, the Mikhlyns raised an issue that the copyright notice stated ©ABC All Consulting rather than ©Ana Bove. Mr. Wertheim proffered that could be some legal waiver. First, notice is no longer required to enforce copyright rights. See, *Nimmer on Copyrights* §7.09[A]. Further, an incorrect name in the copyright notice is irrelevant. Gardner v. Nike, Inc., 110 F. Supp. 2d 1282, 1286 (Central District, CA 2000), *aff'd on appeal* 279 F. 3rd 774 (9th Cir. 2002). Still further, the incorrect notice was listed on a CD containing embroidery design files - not on the website which is the subject of the copyright registration.[4]

### C. THE MIKHLYNS NEVER WERE PARTNERS OF ANA BOVE OR POLINA DOLGINOV

The undersigned is mindful of the discussion in court on September 25, 2008 during oral argument. This is a dispute between cousins. It is very natural that family members help each other, and certainly, Ana Bove helped her cousin Vadim Mikhlyn by giving Inga Mikhlyn a job as a bookkeeper for the ABC companies in 2004. The Mikhlyns helped Ana and her mother and father by providing a place for them to live in Brooklyn. Family members help family members, but that is not the same thing as

---

[4] Mr. Wertheim also raised a question as to the March 2008 date listed in the Copyright Registration. It should be noted that the date of March 2008 is the date the last collection was added to the website and therefore is the correct publication date of the catalogue as a whole

being partners in a successful business. For one, Ana had a partner, Polina Dolginov, who never stopped being Ana's partner. The question of ownership, indeed, is very separate from the idea that family members help family members.

It may be that the Mikhlyns want to believe they were partners because they were controlling the money since Inga Mikhlyn had substantial control of the money from 2005. While Ana Bove was regularly giving instructions about how to utilize the income from the business, it was Inga who was handling some of the funds. But handling funds as a bookkeeper, even if the bookkeeper is a cousin-in-law, does not constitute becoming a financial partner in the business.[5]

The following facts are not in dispute.

The business was started in Israel. Ana Bove and Polina Dolginov began a web based embroidery design business in 2002. The internet business grew, and many customers were in the United States. In 2004, Ana and Polina hired Inga Mikhlyn as a part-time bookkeeper in the United States and set up American PayPal and other accounts to facilitate transactions in America. They also had Inga set up warehousing facilities in the U.S. to reduce the cost of business. Nobody disagrees with any of that.

The attached supplemental affidavit of Polina Dolginov referencing the emails attached to the Mikhlyns' papers denies with evidentiary support that she ever transferred her ownership interest in the business to the Mikhlyns.

In their initial papers filed in this case, the Mikhlyns pointed to an Exhibit D attached to the original affidavit of Vadim Mikhlyn which contains an invoice allegedly evidencing Polina's sale of her interest. Vadim Mikhlyn stated that such document established that Polina Dolginov sold her interest to the Mikhlyns for $30,000.00. As pointed out in Counterclaimants' Reply, that document was never seen by Polina Dolginov, does not establish anything and was "phony." In Plaintiffs' Reply, they finally admitted the document was "internally generated." Bove and Dolginov suspect that means that the Mikhlyns created the document to make it appear as though it had come from Polina Dolginov. In fact, the invoice stated "<u>from</u>: Polina Dolginov." In addition, the Mikhlyns have now produced another similar document (Exhibit F of the

---

[5] As stated in oral argument on September 25, 2008, without the Mikhlyns claiming ownership rights, they can not offer any legal excuse for exclusively controlling the "abc" business since April 2008. And without Bove commencing this legal action, they could take and keep the abc business

5

Declaration of Vadim in further support of Preliminary Injunction), which was "internally" created by the Mikhlyns. In the absence of some document or signature by Polina Dolginov transferring her ownership rights, all of the Mikhlyns' statements are entirely self-serving and without any corroborating evidence.[6]

In the supplemental declaration of Vadim Mikhlyn, he points to Exhibit C as evidencing that "Ana wrote to Inga asking that we stop sending her money via a particular PayPal account because Polina was using it for her new business."

Exhibit C, as translated, states: "Do not send any more payments to AnaB997@fusemail.com Polina picks it up and does business. Send everything through ladydin@fusemail.com."

Nowhere does that email state that Ana told Inga to stop sending money because Polina was using it in her new business. At most, the email is vague. Further, the email entirely <u>undermines the Mikhlyns' assertion that they were making personal payments to Polina Dolginov to buy her partnership interest</u>. The email demonstrates that Ana Bove was directing how abc business payments should be made to Polina. There were no personal payments from the Mikhlyns to Dolginov. Thus, they purchased nothing from Polina Dolginov.

In Ana Bove's prior declaration, she stated that in 2007 Polina Dolginov relinquished some of her work responsibilities for the company, and Ana agreed to pay Polina $30,000 from the ABC business. That was between them as partners. This is confirmed by Polina Dolginov's initial declaration dated September 9, 2008, and her supplemental declaration submitted herewith. For the Mikhlyns to suggest the payment between Ana Bove and Polina Dolginov using ABC funds somehow become a purchase by the Mikhlyns of Polina's ownership rights in the ABC businesses is astounding.

With great fanfare, Plaintiffs' Reply Memorandum in further support of their motion for a preliminary injunction points to a translation on page 3:

> "Now Ana told me she's leaving the business therefore you are the ones I should be talking to now, and indeed, there are things we need to discuss."

Apart from the quotation being somewhat vague, Polina Dolginov wrote to the Mikhlyns

---

[6] Polina Dolginov is not a relative of the Mikhlyns

because the Mikhlyns had complete control of the money of the ABC businesses. For Polina to be paid any money from the ABC businesses, it was the Mikhlyns who had exclusive access to and controlled those accounts. Therefore Polina Dolginov wrote to Inga asking for her money. In fact, Polina Dolginov only received $5,000.00 from the abc accounts.

For plaintiff to characterize that email as "an acceleration of her buy out payments" is without foundation and totally unsupported. It is a complete fiction.

Further on, on pages 3 and 4, of Plaintiffs' Reply Memorandum, Plaintiffs now assert that in April 2008 "Ana quit the partnership, leaving Vadim and Inga as the remaining owners of the business." This, therefore, must now be their basis to claim sole ownership of the ABC businesses.

In spite of the many accusations against Ana Bove and Polina Dolginov, the Mikhlyns have never said they were bad business women. Ana Bove and Polina Dolginov built a business from zero in 2002 to a business of hundreds of thousands of dollars by 2006 with almost 250,000 customers by 2007. It had become a successful business. The Mikhlyns would have this court believe that Dolginov sold her partnership interest to them for $30,000 to be paid out of ABC funds not from the Mikhlyns. There is no foundation for that assertion, and it is specifically denied by Dolginov with facts supporting her denial. The Mikhlyns would also have the Court believe that Ana Bove "abandoned" this successful business in April 2008 when they asked her to leave their home. The assertion of abandonment by Bove is a fiction and a total surprise to Bove, as evidenced by her continuing activities in the embroidery design business as soon after April 2008 as she could considering her ejection from her own business by the Mikhlyns.

## D. THE ABC PROPERTY SHOULD IMMEDIATELY BE RETURNED TO ANA BOVE

The Mikhlyns do not deny that as of April 2008 they took sole and exclusive control of the entirety of the ABC business, the money, inventory and customer lists.[7] They either did this because they had the consent and knowledge of Ana Bove and

---

[7] Plaintiff claims that Bove delayed taking action. Considering that Bove sent a cease and desist letter in May and began proceedings to recapture her website in June, there was no delay.

7

Polina Dolginov, or they did not have such consent. Just as no one is accusing Ana Bove and Polina Dolginov of being poor businesswomen, no one is accusing Inga Mikhlyn or Vadim Mikhlyn of being unsophisticated. Before someone were to take another person's property and use it for his own, one would think there would be some document giving the property to the party taking it. Otherwise, in the absence of such a document, the person taking it could be accused of theft.[8]

If Ana Bove abandoned her business and gave it to the Mikhlyns, why then do the Mikhlyn not have some document supporting such an action? The fact is that since April 2008, the Mikhlyns have had exclusive control of the ABC businesses, the money and the inventory. They never were partners because neither Polina Dolginov nor Ana Bove ever considered the Mikhlyns to be their partners, nor is there anything that supports such a relationship emanating from Ana Bove or Polina Dolginov. Further, to believe these two women who started their own business would give up a hugely successful business for nothing is just absurd.

Counterclaimants indeed are entitled to an injunction stopping the Mikhlyns from infringing Ana Bove's registered copyright. To this there is no substantive defense. Furthermore, Ana Bove is entitled to exclusive control of the ABC and Anna Bove trademarks for the embroidery business. In spite of everything the Mikhlyns have proffered, there is no objective evidence showing intent on the part of Bove or Dolginov evidencing a partnership. Inga Mikhlyn was the bookkeeper. She should or could have filed 10K's with annual partnership returns for 2004, 2005, 2006 and 2007 showing distributions to the partners, since that was her responsibility. Her failure to prepare or file any such partnership returns for the years they claim to be partners is additional evidence of the absence of such a partnership.

The Mikhlyns have controlled and used the business assets since April 2008. The assets constitute: (1) actual inventory of threads and other components; (2) money;

---

[8] Bove is mindful of the Court's admonition of name calling. Ana Bove is at her wit's end to understand how the Mikhlyns can steal her property and not be called thieves and not be forced to immediately return what they stole. Further, the Mikhlyns have enjoyed all of the benefits of Bove's business since April 2008, while Bove has been blocked from access. Indeed, it may be that the Mikhlyns are financing this litigation using Bove's funds from the abc business. Ana Bove has been most courteous to her cousin and his wife considering the above. In Ms. Bove's opinion, the continued misuse of the abc assets by her cousin is not helping family relations, and this Court's decision is, therefore, sought at this time.

(3) customer lists; (4) trademarks; and (5) copyrights.

It takes approximately six months for an embroidery business to have a sufficient stock of special threads which are required for this embroidery business to be able to sell them to their customers.[9] The Mikhlyns have been using the threads of Ana Bove since April 2008, and Bove is entitled to: (1) stop that use now and have control and possession of all of the threads and related accessories that have been exclusively used by the Mikhlyns since April 2008; (2) have all ABC monies and ABC accounts controlled by the Mikhlyns be frozen immediately, and a proper accounting take place in due course; and (3) the Mikhlyns should not use or have access to the customer names which they acquired by taking control of the Ana Bove/ABC business.

### E. IRREPARABLE HARM

Bove is also mindful that the Court said that cases like this can fairly quickly get to a jury. Of course, that depends on cooperation of both parties. Since the Mikhlyns continue to use what is not theirs while this case is pending, they are benefitting from such continued use, and Bove is being harmed every day. As to copyright and trademark infringement of the abc and Ana Bove name, irreparable harm is presumed. Bove's ability to be where she was prior to April 2008 has been totally prevented by the Mikhlyns while they enjoy the exclusive benefit and use of her assets while this case is pending. These should be immediately returned to place Bove and Dolginov in the positions they were in before April 2008.

Respectfully submitted,

Peter L. Berger
LEVISOHN BERGER LLP
Attorneys for Defendants
61 Broadway, 32nd Floor
New York, NY 10006
Phone (212) 486-7272
Fax (212) 486-0323

H:\WLR2\1851\1851-RespMarro-10708.wpd

---

[9] See second supplemental declaration of Ana Bove attached hereto.