PETER I. BERGER
JANE B. LINOWITZ
JONATHAN BERGER
TUVIA ROTBERG

DAVID COWAN
TECHNICAL CONSULTANT

# LEVISOHN BERGER LLP
61 BROADWAY
NEW YORK, NEW YORK 10006

TEL: (212) 486-7272
FAX: (212) 486-0323
WEBSITE: WWW.LLBL.COM

PATENTS,
TRADEMARKS
AND COPYRIGHTS

E-MAIL TO ATTORNEY:
FIRST INITIAL AND
LAST NAME OF
ATTORNEY@LLBL.COM

November 6, 2008

Judge Charles P. Sifton
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Index No. CV 08 3367
            Vadim Mikhlyn, et al. v. Ana Bove, et al.
            Our file No. 1851.004

Dear Judge Sifton,

      We write to you in response to the letter of Mr. Mandel, filed via ECF on November 5, 2008, requesting a conference. Plaintiffs complain of our client's alleged "attack" on "their" eBay store and they take issue with some of the statements our client has made on her website.

## EBAY STORE

      We will largely withhold comment as to the eBay store until we receive Plaintiff's papers evidencing Ms. Dolginov's alleged assignment of the same. However, we object to Plaintiff's characterization that our clients are "neutraliz[ing] the Court's rulings by their aggressive extra-judicial tactics." Ms. Dolginov, as registrant of the eBay store, has every right to alert eBay to the fact that someone is making unauthorized use of her store. To the extent that eBay has confirmed "that the assignment followed proper eBay procedures," the proper forum for plaintiffs' complaint is the eBay administration.

      We also note that Ms. Bove stated (Declaration of Ana Bove ¶ 14,15 and 53) that she was locked out of her eBay store, yet the Defendants did not see it fit to submit "written record" of the assignment of such store.[1]

---

[1] In the Declaration of Ana Bove ¶ 56, Ana states that "there are many other allegations in Plaintiffs' papers that are false and misleading and will not be responded to at this time." One of such false statements was the allegations of Ana's drug use. There was a drug user in the Mikhlyns' home, but it is not Ms. Bove. Ms. Bove chose to exercise discretion and not place such serious allegations in the public record. She was troubled, though, by the Court's treatment of her reticence on the issue. In footnote 15 to the order of Judge Sifton it is noted that Ana did not otherwise respond to the allegations

Mikhlyn et al v. Bove et al
Doc. 57
Dockets.Justia.com

## **ALLEGED INCOMPLIANCE WITH THE ORDER**

Pursuant to the Judge's order, Ms. Bove immediately removed any language alleging that the Mikhlyns' sale of designs were unlawful. Recently, we received a letter from Mr. Akselrod delineating a number of statements found on our client's website that he believed to be out of compliance with the Judge's order. We respectfully disagreed with Mr. Akselrod's position, which we found to be an overreaching interpretation of the Judge's order. Still, Ms. Bove agreed to modify some of the language, such that it could not suggest that the Mikhlyns' sale of designs are unlawful or that she owns the exclusive rights to the family of ABC and Anna Bove marks. Ms. Bove does not intend to skirt the Judge's order in any way. Her only intention is to put others on notice so that they do not copy her works – much like the Mikhlyns do on their own websites as demonstrated below. To the extent that the Mikhlyns take issue with some of the exact phraseology in the copyright notice, we are confident that we can come to some agreed upon language without the intervention of the Court.

It also is noted that one of the complained of statements was first brought to our attention by the plaintiffs in their letter of November 5, 2008 to the Court – without first giving our clients an opportunity to respond.

Every page of plaintiffs' many websites contains a copyright notice (© ABC All Consulting, Inc., All Right Reserved). In addition, the websites contain following statement:

> "...*The contents of this Web Site, such as text, graphics, images and other materials, are abc-machine-embroidery-designs.com's intellectual property. Unauthorized use of the material may violate copyright and other laws.* You must retain all copyright and other proprietary notices contained in the original material on any copy you make of the material. You may not sell or modify the material or reproduce, display, publicly perform, distribute, or otherwise use the material in any way for any public or commercial purpose accept of stitching the designs on finished items/garments. The use of the material on any other Web site or in a networked computer environment for any purpose is prohibited. If you violate any of these Terms, your permission to use the material automatically terminates and you must immediately destroy any copies you have made of the material." (emphasis ours) See
> **http://www.abc-machine-embroidery-designs.com/TermsConditions.html**

According to the plaintiffs' own reasoning (see final par. in the letter of Nov. 5), the flip side of the above statement alleges that the sales on Ms. Bove's website are unlawful. We did not interpret the Judge's order as preventing Ms. Bove from making certain statements, but giving the Mikhlyns the unfettered right to make the very same statements.

LEVISOHN BERGER LLP

      In conclusion, we believe that a conference is unwarranted, unnecessary and would only add to the exponential legal fees that already have accrued in this case. As stated earlier, the proper forum to address a grievance with eBay is directly with eBay. To the extent that plaintiffs still take exception to some of the statements made on Ms. Bove's website, we believe that we can work out any differences in a responsible and reasonable manner and without intervention of the Court.

                            Very truly yours,
                            LEVISOHN BERGER LLP

                            Tuvia Rotberg

TR:wr
cc:   Eric Wertheim, Esq.
      Val Mandel, P.C.
      Attorneys for Plaintiffs

H:\WLR2\1851\1851-JudgeSifton-11608.wpd