Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
LEVISOHN BERGER LLP
Attorneys for Defendants/Counter-Plaintiffs
61 Broadway, 32nd Floor
New York, NY 100006
Phone (212) 486-7272 / Fax (212) 486-0323

Boris Kogan (BK-9135)
David Binson (DB-4602)
BORIS KOGAN & ASSOCIATES
Attorneys for Defendants/Counter-Plaintiffs
277 Broadway, Suite 701
New York, NY 10007
Phone (212) 625) 8910 / Fax (212) 219-2728

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ANA BOVE, POLINA DOLGINOV, ANNA BOVE COMPANY, LLC, ANNA BOVE COLLECTIONS INC., AND ANNA BOVE EMBROIDERY SUPPLIES, INC, )<br><br>Defendants. )<br><br>ANA BOVE, Individually and Derivatively ) As a Shareholder of ABC ALL CONSULTING, INC, ANNA BOVE COMPANY, LLC, ANNA BOVE EMBROIDERY SUPPLIES, INC, AND ABC ALL CONSULTING, INC., )<br><br>Counter-Plaintiffs, )<br><br>v. )<br><br>VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., )<br><br>Counter-Defendants. ) | Index No. CV 08 3367<br><br>J. SIFTON<br>M. J. REYES<br><br>DEFENDANTS' AMENDED ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

---

Dockets.Justia.com

Defendants and Counter-Plaintiffs ANNA BOVE, (sued herein as ANA BOVE), ANNA BOVE COMPANY, LLC, ANNA BOVE COLLECTIONS INC., ANNA BOVE EMBROIDERY SUPPLIES, INC, (hereinafter "Counterclaimant" or "ANNA BOVE") and Defendant Polina Dolginov by their attorneys Boris Kogan & Associates, PC and Levisohn Berger, LLP for their Answer against the Plaintiffs and Counter-Defendants, VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., (hereinafter "Counterdefendants" or "Mikhlyns") allege:

1.      The allegations contained in Paragraph 1 state legal conclusions to which no response is required.  To the extent that a response is required, Defendants only admit that Counterdefendants filed a complaint but are without information or knowledge sufficient to form a belief to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 state legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit the allegations.

3.      Defendant Bove admits the allegation contained in Paragraph 3.

4.      Defendants Ana Bove, Anna Bove Company, LLC and Anna Bove Embroidery Supplies, Inc. admit the allegations regarding this Court having personal jurisdiction over Defendants Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc., but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies those remaining allegations.  Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies those remaining allegations.  To Defendants' knowledge, there is no entity Anna Bove Collections, Inc. and therefore no response is made for such alleged party.

5.      Defendants Ana Bove, Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc. are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the allegations. As to Defendant Dolginov, the allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent that a response is required, Defendant Dolginov denies the allegations in Paragraph 5.  Further, Dolginov denies proper service of the Complaint herein according to the Hague Convention.

6.      Defendants Ana Bove, Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc. admit the allegations, but Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the allegations therein.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants only admit the allegations relating to ABC All Consulting being organized and existing under New York State but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the allegations therein.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants other than Dolginov admit the allegations in Paragraph 12.  Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the allegations therein.

13.     Defendants other than Dolginov admit the allegations in Paragraph 13.  Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the allegations therein.

14.     Defendants other than Dolginov admit the allegations in Paragraph 14.  Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the allegations therein.

15.     The allegations contained in Paragraph 15 regarding the parties' agreement to become partners state legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants only admit the allegations that part of the business would be conducted in the United States and deny the remaining the allegations in Paragraph 17 including the allegation that Vadim and Inga Mikhlyn were partners.

18.     Defendants only admit the allegations that Counterdefendants incorporated ABC All Consulting, Inc. ("ABC All") in New York State, but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, including the allegation that ABC All was to be used as the business vehicle for the new partnership, and therefore denies the allegations therein.  Defendants deny any partnership with Vadim and Inga Mikhlyn regarding the business, and this denial is repeated whenever the Complaint alleges a partnership with the Miklyns or that they were partners of Bove and/or Dolginov.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 due to vagueness and therefore denies the allegations therein.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 due to vagueness and therefore denies the same.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the allegations therein.

24.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the allegations therein.

25.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 due to vagueness and therefore denies the allegations therein.

26.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 due to vagueness and therefore denies the allegations therein.

27.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the allegations therein.

28.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the allegations therein.

29.     Defendants only admit the allegations that Counterdefendants registered two domain names, annabovecollections.com and annabovecollection.com, but are without

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the allegations therein.

30.     Defendants only admit that Counterdefendants used the name Anna Bove Collections but are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the allegations therein.

31.     Denied.

32.     Denied.

33.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the allegations therein.

34.     Denied.  In fact, Inga Mikhlyn's son and daughter, Alex Plyushchay and Olga Plyushchay have had a history of using illegal drugs and a history of affiliation with other drug users.  Also, upon information and belief, Alex Plyushchay's friend was arrested and prosecuted for dealing drugs.  Inga Mikhlyn and Vadim Mikhlyn have known about their children's drug abuse problems and have attempted to blame Anna Bove for their own failed parenting.

35.     Denied.

36.     Denied.

37.     Defendant Bove denies the allegations in Paragraph 37 regarding any announcement to leave the alleged partnership to start her own line of embroidery and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the remaining allegations therein.  Defendants Dolginov, Anna Bove Company, LLC, and Anna Bove Embroidery Supplies, Inc., are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the allegations therein.  In fact, the circumstances of the freeze out were not

precipitated by any action of Anna Bove but were part of the Mikhlyns' scheme to overtake Counterclaimant's business. In fact, the turning point was Anna Bove's discovery that Vadim Mikhlyn had changed the name on the Ebay account from "Anna Bove Collections, Inc." to "Vadim Mikhlyn." When Anna Bove came across this change, she replaced the Ebay password. That night, upon Inga Mikhlyn's returning from her weekly, full day spa treatment, she instructed Anna Bove to leave the premises, despite the late hour and the fact that Anna Bove had nowhere else to spend the night. When Anna Bove asked that the Mikhlyns stop using Counterclaimant's business, designs, and name, Inga Mikhlyn responded "sue me."

38.     Defendants only admit the allegation that Ana Bove is an owner of the business; Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 38 and therefore denies the remaining allegations therein.

39.     Defendant Bove denies the allegations, and Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the remaining allegations therein .

40.     Defendant Dolginov only admits the allegation that her email indicated that Defendant Bove could not work with Counterdefendants but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies the allegations therein. Defendant Bove is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the allegations therein.

41.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the allegations therein.

42.     Admitted.

43.     Admitted.

44.     Defendant Bove admits the allegations regarding the registration of the AnnaBoveEmbroidery.com and the creation of the three entities described herein. Defendant Bove is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies the allegations therein.

45.     Defendant Bove admits the allegations therein, and Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the allegations therein.

46.     Defendant Bove and Defendant Dolginov admit the allegation regarding the commencement of a proceeding against Domains by Proxy relating to the domain names but is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the remaining allegations therein.

47.     Defendant Bove and Defendant Dolginov only admit to the allegations relating to Dolginov being listed as the registered user for the two domain names but are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the remaining allegations therein.

48.     Defendant Bove and Dolginov admit the allegations that the second arbitration petition was withdrawn, and that the ABC Domain names were transferred to Defendant Dolginov's account with the domain registrar and web hosting company, GoDaddy.com and denies the allegation that a deal was struck to obtain control of the ABC Domain names. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore deny the remaining allegations therein.

49.     Defendant Bove admits the allegations that Defendant Bove now has control over the ABC Domain names and is trying to redirect the visitors to her websites, and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the remaining allegations therein.  Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the remaining allegations therein.

50.     Admitted.

51.     Defendant Bove admits the allegations regarding the announcement that Counterdefendants tried to steal the business and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph  51 and therefore denies the remaining allegations therein.  Defendant Dolginov is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph  51 and therefore denies the remaining allegations therein.

52.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph  52 and therefore denies the allegations therein.

53.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph  53 and therefore denies the allegations therein.

54.     Defendants' answers to the allegations of Paragraphs 1- 53 of the Complaint are restated and fully incorporated herein.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants admit only that it has redirected customers but denies the remaining allegations of Paragraph 56 of the Complaint.

57.     Defendants' answers to the allegations of Paragraphs 1- 56 of the Complaint are restated and fully incorporated herein.

58.     Defendants only admit that it is using the ABC Domain Names, that it is redirecting customers, and that its websites contain representations about Counterdefendants, but it denies the remaining allegations in Paragraphs 58.

59.     Defendants' answers to the allegations of Paragraphs 1-58 of the Complaint are restated and fully incorporated herein.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants' answers to the allegations of Paragraphs 1-61 of the Complaint are restated and fully incorporated herein.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.


## FIRST AFFIRMATIVE DEFENSE

66.     Counterdefendants have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

67.     The Court lacks jurisdiction over Polina Dolginov since she resides in Israel.

## THIRD AFFIRMATIVE DEFENSE

68.     Service of the complaint upon Polina Dolginov has been improperly made as it has not been made according to the Hague Convention.

## FOURTH AFFIRMATIVE DEFENSE

69.     Counterdefendants have no ownership interest in any of the Anna Bove businesses.

## FIFTH AFFIRMATIVE DEFENSE

70.     Counterdefendants have never been partners of Defendants Bove or Dolginov at any time during the conducting of the Bove business.

## SIXTH AFFIRMATIVE DEFENSE

71.     Counterdefendants' claim of Bove's copyright being in the public domain has been waived due to Counterdefendants' own use of copyright designation on the identical works.

## SEVENTH AFFIRMATIVE DEFENSE

72.     The Complaint is barred by the Doctrine of Estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

73.     Counterdefendants were not damaged by any actions of Defendants, and thus Counterdefendants are not entitled to any relief, and Counterdefendants have no remedy against Defendants.

## NINTH AFFIRMATIVE DEFENSE

74.     Counterdefendants' claims are barred in whole or in part by the Doctrine of Waiver.


WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice, deny Counterdefendants any relief, award to Defendants their attorneys fees and costs for the defense of this lawsuit, and grant such other relief to Defendants as the Court may deem just and warranted.

## COUNTERCLAIMS

Counterclaimant Ana Bove and Anna Bove Company, LLC (hereinafter "Counter-claimant" or "Ana Bove" or "Anna Bove Company, LLC") by its attorneys Levisohn Berger, LLP for its Complaint against the Counterdefendants Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc. ("Counterdefendants") alleges:

## I. JURISDICTION AND VENUE

1.      This action is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, et seq.,  under 15 USC of the Lanham Act, and for related claims under the statutory and common law of the State of New York.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. §1400 (a).

4.      A substantial part of the events giving rise to these events occurred in this district, and Counterdefendants reside in this district within the meaning of 28 USC §§ 1391 (b) and (c).

## II. THE PARTIES

5.      Counterclaimant Bove resides at 2100 East 21st Street,  Brooklyn, New York.

6.      Upon information and belief, Counterdefendants Vadim Mikhlyn and Inga Mikhlyn reside in Brooklyn, New York.

7.     Upon information and belief, Counterdefendants ABC All Consulting, Inc. is a corporation of the State of New York with its principal place of business  in Brooklyn, New York  11229.


### III.  COPYRIGHT INFRINGEMENT

8.     Counterclaimants since 2002 have been in the business of developing, designing and selling embroidery designs and cross stitch designs and accessories on its websites.  The embroidery designs are sold in distinct sets, which are displayed on individual pages of The Work.  Counterclaimants designed the individual designs and designed the above referenced individual pages.  The sets of designs comprising the individual pages was created by Ana Bove. The individual pages were organized and combined by Ana Bove to comprise the website which comprises all the pages, each of which comprises individual embroidery designs.

9.     Counterclaimant filed an application to register the website and was granted copyright registration VA1-639-284 issued by the United States Copyright Office on August 25, 2008 for the work (the "Copyrighted Work").  Counterclaimant is the owner of said copyright registration.  A true copy of the certificate of copyright registration is attached hereto as Exhibit 1. The Copyrighted Work  is set forth in Exhibit 2 attached hereto.  The deposit copy submitted was a CD (previously submitted to this Court).

10.     Subsequently, Counterclaimant began filing and continues to file copyright applications for designs and design collections authored by Ana Bove and for such works that were assigned to her by written agreement.  The following applications, referred to by their respective case numbers, were filed:

| Application No. | Filing Date | Title |
|---|---|---|
| 1) 1-134317046 | 11/17/2008 | SweetFashion Roses set |
| 2) 1-134312785 | 11/17/2008 | Violets Borders set |
| 3) 1-134312291 | 11/17/2008 | All About Violets set |
| 4) 1-136475634 | 11/23/2008 | Violets Alphabet Large |
| 5) 1-136541444 | 11/24/2008 | Old Fashioned Charm |
| 6) 1-136541382 | 11/24/2008 | Heirloom |
| 7) 1-136541342 | 11/24/2008 | Applique |
| 8) 1-136475713 | 11/23/2008 | Violets Alphabet - Small |
| 9) 1-136541577 | 11/24/2008 | Sunflowers Alphabet |
| 10) 1-136541547 | 11/24/2008 | Roses Essentials set |
| 11) 1-136541516 | 11/24/2008 | Roses #1 |
| 12) 1-138274378 | 12/1/2008 | Norway Roses |
| 13) 1-138274345 | 12/1/2008 | Lovely Lilies |
| 14) 1-138274283 | 12/1/2008 | Calla Lilies |
| 15) 1-138274253 | 12/1/2008 | Fall Decorations |
| 16) 1-138274222 | 12/1/2008 | Strawberries Flavour |
| 17) 1-136541607 | 11/24/2008 | 3 Napkins Set |
| 18) 1-152485869 | 1/19/2009 | Classic Tableware |
| 19) 1-155089625 | 1/28/2009 | Frames set |
| 20) 1-153485154 | 1/22/2009 | Tea Cozies Set |
| 21) 1-153485114 | 1/22/2009 | Square Tablemap Set |

| | | | |
|---|---|---|---|
| 22) 1-153485064 | 1/22/2009 | Wreath & Borders Set |
| 23) 1-153484944 | 1/22/2009 | Small Tablemap Set |
| 24) 1-153484774 | 1/22/2009 | Large Tablemap Set |
| 25) 1-153484654 | 1/22/2009 | Celtic Ornaments |
| 26) 1-155089625 | 1/28/2009 | Frames set |
| 27) 1-161906790 | 2/18/2009 | Roses Set #6 - 5 cross stitch machine embroidery d... |
| 28) 1-161906758 | 2/18/2009 | Roses Set #5 - 3 cross stitch machine embroidery d... |
| 29) 1-161906726 | 2/18/2009 | Roses Set #4 - 5 cross stitch machine embroidery d... |
| 30) 1-161906694 | 2/18/2009 | Roses Set #3 - 4 cross stitch machine embroidery d... |
| 31) 1-161906650 | 2/18/2009 | Roses Set #2 - 6 cross stitch machine embroidery d... |
| 32) 1-161906618 | 2/18/2009 | Doggies - 6 cross-stitch machine embroidery design... |
| 33) 1-161906576 | 2/18/2009 | Applique Christmas - 9 machine embroidery designs |
| 34) 1-161906544 | 2/18/2009 | 18 Snowflakes - standalone lace machine embroidery... |
| 35)1-161906502 | 2/18/2009 | 6 Snowflakes - standalone lace machine embroidery... |
| 36) 1-161906970 | 2/18/2009 | Blossoms font machine embroidery designs |
| 37) 1-161906930 | 2/18/2009 | Barocco Initials machine embroidery alphabet |
| 38) 1-161906870 | 2/18/2009 | Aster Decor - 10 monocolor and multicolor machine... |
| 39) 1-161906822 | 2/18/2009 | Applique Pumpkin Treasures - 8 machine embroidery ... |
| 40) 1-161907948 | 2/18/2009 | Poppies Lace - 9 free-standing lace machine embroi... |
| 41) 1-161907918 | 2/18/2009 | Pine Cones Tableware machine embroidery designs |
| 42) 1-161907888 | 2/18/2009 | In-hoop Iris Doilies machine embroidery designs |
| 43) 1-161907857 | 2/18/2009 | Iris Lace - 7 standalone lace machine embroidery |
| 44) 1-161907827 | 2/18/2009 | Iris Initials machine embroidery designs |

| 45) 1-161907797 | 2/18/2009 | Iris Blossoms - 10 machine embroidery designs |
| 46) 1-161907767 | 2/18/2009 | Freestyle Cyclamens - 12 machine embroidery design... |
| 47) 1-161907737 | 2/18/2009 | Evergreen Forest - 6 machine embroidery designs |
| 48) 1-161907707 | 2/18/2009 | Daffodils Book Cover- 2 standalone lace machine em... |
| 49) 1-161907194 | 2/18/2009 | Christian Bible Lace - project oriented 13 standal... |
| 50) 1-161907164 | 2/18/2009 | Chestnut Lace - 8 standalone lace machine embroide... |
| 51) 1-161927344 | 2/18/2009 | Cyclamens Lace - 8 machine embroidery designs |
| 52) 1-161927314 | 2/18/2009 | Curly Berries Font machine embroidery designs |
| 53) 1-161927284 | 2/18/2009 | Country Easter Applique - 8 machine embroidery des... |
| 54) 1-161927224 | 2/18/2009 | Colorful Butterflies - 6 machine embroidery design... |
| 55) 1-161907652 | 2/18/2009 | Daffodils - 10 machine embroidery designs |
| 56) 1-161939330 | 2/18/2009 | Wild Vine Monograms machine embroidery designs |
| 57) 1-161939300 | 2/18/2009 | Wild Rose Font machine embroidery designs |
| 58) 1-161939270 | 2/18/2009 | Shamrock - 10 standalone lace machine embroidery d... |
| 59) 1-161908200 | 2/18/2009 | Shamrock Font machine embroidery designs |
| 60) 1-161908140 | 2/18/2009 | Seafoam Gothic machine embroidery alphabet |
| 61) 1-161908098 | 2/18/2009 | Royal Rose Font machine embroidery designs |
| 62) 1-161908068 | 2/18/2009 | Rose Lace for Table - 8 lace machine embroidery de... |
| 63) 1-161908038 | 2/18/2009 | Romantic Treasure font machine embroidery designs |
| 64) 1-161908008 | 2/18/2009 | Purple Fantasy font machine embroidery designs |
| 65) 1-161907978 | 2/18/2009 | Poppy Blossoms machine embroidery designs |
| 66) 1-161927254 | 2/18/2009 | County Charm Cutwork Alphabet for 4x4-inch hoops |
| 67) 1-161907113 | 2/18/2009 | Chestnut Dollies – 5 standalone lace machine emb... |

| 68) 1-161907063 | 2/18/2009 | Butterfly Lace Medallions - 6 standalone lace machine emb… |
| 69) 1-161907010 | 2/18/2009 | Asters Initials machine embroidery designs, monocolor and multicolor… |
| 70) 1-161184502 | 2/18/2009 | Daffodils Lace – 8 free-standing lace machine embroidery designs |

11.     Case numbers 1-134317046, 1-134312785 and 1-134312291 (items 1-3 above) have already become registered copyrights VA0001652598, VA0001652595 and VA0001652589 respectively. Counterclaimant will supplement the above information as additional copyrights are registered.

12.     In addition to applications 1-70 above, Counterclaimant, Ana Bove, continues to file applications 71 to approximately 200 in order to register all of her original designs and those assigned to her that were created prior to the institution of this lawsuit and have been copied by Counterdefendants.

13.     The details regarding applications 71 to approximately 200 will be added as the registrations are issued to Counterclaimants.

14.     Upon information and belief, Counterdefendants are in the business of selling embroidery designs and cross stitch designs and accessories including but not limited to sales on the Internet and they do business throughout the United States.

15.     On information and belief, in June 2007, Counterdefendants began taking sole control of all of Bove's websites by changing the respective passwords used to access the domains. Thereafter, in March of 2008, when Bove was thrown out of Counterdefendants' home, she discovered that she was locked out of her own websites – which were being controlled exclusively by Counterdefendants. Counterdefendants have as such mis-appropriated her businesses, copyrights and trademarks by hijacking her websites and business operations. In

addition, on information and belief, the Mikhlyns commenced operating various new embroidery websites which carry infringing copies of the Copyrighted Work (the "Infringing Copies").  Exhibit 3 contains a list of domain names owned by Counterdefendants.  Such sales are being mad throughout the United States and in this jurisdiction (the "Infringing Designs").  Attached hereto as Exhibit 4 is a CD showing the website design for the home page and embroidery and cross stitch designs sold on Counterdefendants' website, www.abc-machine-embroidery-designs.com.  Attached as Exhibit 5 are examples of Counterdefendants' Infringing Copies sold on www.abc-machine-embroidery-designs.com.  On information and belief, Counter-defendants sell and continue to sell infringing sets of said designs as well as infringing individual designs that are copies of the Copyrighted Work on many of these websites listed in Exhibit 3.  Exhibit 6 contains some examples of websites owned by Counterdefendants that contain the same corresponding home page as Anna Bove's home page for www.abc.embroidery-designs.com.

## CLAIM I

## COPYRIGHT INFRINGEMENT

16.    The Copyrighted Work contain material wholly original and constitutes copyrightable  subject matter according to the laws of the United States.

17.    On information and belief, since on or about April 2008, Counterdefendants misappropriated Bove's business and websites and began to operate new websites which infringed Counterclaimant's Copyright by publishing and/or placing upon the market in this district and elsewhere infringing copies  (the "Infringing Copy" – Exhibit 3) copied wholly from the Copyrighted Work and which are respectively identical and/or substantially similar to the

Copyrighted Work or portions of the Copyrighted Work. Indeed, Counterdefendants transferred digital files containing the Copyrighted Work to their new websites.

18. On information and belief, Counterdefendants have and continue to reproduce, publish and sell the Infringing Copies to the public, and such acts constitute infringement of the Copyright Registration.

19. In May, 2008 Counterclaimant Bove, by her attorney, sent a letter to Counterdefendants, inter alia, informing Counterdefendants of Counterclaimant's rights with respect to the Copyrighted Work and Counterclaimant's trademarks and demanding that Counter-defendants terminate their infringing activities.

20. Despite due notice to Counterdefendants of Counterclaimant's rights, Counterdefendants continue to infringe the rights of Counterclaimant.

21. The infringement by Counterdefendants is willful.

22. Counterdefendants have published and are continuing to publish Infringing Copies on their respective websites which infringe the aforesaid Copyright Registration.

23. Counterdefendants have reproduced, displayed and sold and continue to reproduce display and sell Counterclaimant Ana Bove's original designs 1-70 listed in paragraph 10, including registered works VA0001652598, VA0001652595 and VA0001652589 and applications 71 to approximately 200.

24. By reason of the foregoing, Counterclaimant has been injured in an amount not yet ascertained.

25. Unless enjoined by this Court, as requested below, Counterdefendants will continue their acts of infringement, and Counterclaimant will suffer irreparable injury for which it has no adequate remedy at law.

**CLAIM II**

**VIOLATION OF THE LANHAM ACT - 15 U.S.C. SECTION1125(a)**

26.    Counterclaimant reasserts and realleges paragraphs 1 through 25 with the same force and effect as if set forth herein in full.

27.    Counterclaimant is engaged in the embroidery design and cross-stitch design business in interstate commerce, and has promoted and marketed embroidery and cross stitch designs under her name Anna Bove and through the family of ABC Domain Names and the ABC family of marks (Exhibit 5).   Counterclaimant has used the family of ABC Domain names continuously in commerce since approximately 2002.   Counterclaimant has advertised her goods nationally on the Internet under the Anna Bove mark and under the family of ABC designations. The name ANNA BOVE, the ABC Domain Names and the ABC family of marks have become trademark assets of substantial value as a symbol of Counterclaimant's high quality services and goods.

28.    Counterdefendants are currently engaged in the business of the sale of embroidery designs and cross stitch designs, which are identical to the goods designed, created and sold by Counterclaimant.

29.    Counterdefendants are currently advertising its services and designs under various domain names employing "abc"    and confusing similar variants thereof. Examples of such advertising are attached hereto as Exhibit 6.

30.    Counterdefendants are using Counterclaimant's name and variations of ANNA BOVE and the abc domain names without authority and in contravention of the rights of Counterclaimant.

31.     Counterdefendants, since at least as early as 2004, have been aware of Counterclaimant's mark "ANNA BOVE," the "abc" family of domain names and the ABC family of marks.

32.     The use by Counterdefendants of the confusingly similar mark "ANNA BOVE," ABC and the abc Domain Names thereof for embroidery designs and cross stitch designs causes a likelihood of confusion, deception and mistake, and is an infringement of Counterclaimant's trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Counterdefendants' acts of trademark infringement have been and continue to be willful.

34.     By reason of the foregoing, Counterclaimant has been injured in an amount not yet ascertained has no adequate remedy at law.  Counterclaimant is suffering irreparable harm and is entitled to the remedies provided for in 15 U.S.C. § 1116 <u>et</u> <u>seq.</u>

### CLAIM III

### FEDERAL UNFAIR COMPETITION
### <u>SECTION 43 (a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)</u>

35.     Counterclaimant reasserts and re-alleges paragraphs 1 through 34 with the same force and effect as if set forth herein in full.

36.     Counterclaimant's name and ABC Domains are associated with embroidery designs and cross-stitch designs emanating from Counterclaimant.  Counterdefendants' interstate use of the deceptively similar marks "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC" and "ABC EMBROIDERY DESIGNS," and variants thereof constitutes a false designation of origin and constitutes the use of a false description or representation in interstate commerce and amounts to unfair competition.

37. Counterdefendants' conduct is likely to deceive, cause mistake and confuse members of the public that Counterdefendants is associated with, sponsored by or authorized by Counterclaimant.

38. Counterdefendants, in adopting the marks "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC," "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof have acted willfully and with full knowledge of Counterclaimant's rights to the marks, and Counterdefendants has used this false designation of origin and description in contravention of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Counterdefendants' acts and their continued use of the marks "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC," "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof, unless restrained, will continue to cause serious and irreparable injury to Counterclaimant.

40. Counterclaimants have been injured in an amount not yet ascertained.


**CLAIM IV**

**ANTI-CYBERSQUATTING – 15 USC §1125(D)**

41. Counterclaimant hereby incorporates by reference paragraphs 1-40 above with the same effect as if they were reproduced and realleged.

42. Counterdefendants are not authorized to be the registrant for any domain name which incorporates "abc" in association with embroidery.

43. By reason of the foregoing Counterclaimant is entitled to the remedies under 15 USC §1125 ( c) in that this Court shall order the forfeiture or cancellation of such domain names.

## CLAIM V

### VIOLATION OF NEW YORK LAW OF TRADEMARK
### <u>INFRINGEMENT AND UNFAIR COMPETITION</u>

44.     Counterclaimant hereby incorporates by reference paragraphs 1 through 43 with the same effect as if they were here reproduced and realleged.

45.     Counterdefendants' use of the terms "ANNA BOVE," "ANNA BOVE COLLECTIONS," "ABC," and "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof in offering and promoting its goods and services constitutes unfair competition and trademark infringement under the statutory and common law of the State of New York.

46.     Counterdefendants' use of the Counterclaimant's marks have caused and continues to cause a likelihood of confusion or deception among actual or prospective customers of the Counterclaimant.

47.     Counterdefendants' use of Counterclaimant's marks these terms constitutes the passing off of its services as those of Counterclaimant, and unprivileged imitation.

48.     Counterdefendants' use of Counterclaimant's mark is a false designation of origin, and a false description and representation of Counterdefendants' services and goods, in violation of New York law.

49.     As a result of Counterdefendants' acts, Counterclaimant has been injured in an amount not yet ascertained.

## CLAIM VI

### <u>NEW YORK RIGHT OF PRIVACY STATUTE</u>

50.     Counterclaimant hereby incorporates by reference paragraphs 1 through 49 with the same effect as if they were here reproduced and realleged.

51.     Counterdefendants' use of Counterclaimant's name "ANNA BOVE" as shown in Exhibit 6 in offering and promoting its goods and services without her consent, constitutes violation of Counterclaimant's Right of Privacy under Article 5 §50 of the New York Civil Rights Law and the common law of the State of New York.

52.     As a result of Counterdefendants' acts, Counterclaimant has been injured in an amount not yet ascertained.


**CLAIM VII**

**BAILMENT AND CONVERSION**

53.     Counterclaimant hereby incorporates by reference paragraphs 1 through 52 with the same effect as if they were here reproduced and realleged.

54.     In addition to the Counterclaimants' claims for infringement of intellectual property rights, Counterclaimants' counterclaims seek damages for breach of contract, unjust enrichment, money had and received, conversion and deceptive acts and practices in the conduct of a business in violation of General Business Law Section 349.

55.     In addition, this action seeks: (a) the appointment of a receiver to take possession of the business and certain intellectual property owned by the Counterclaimants, handle the distribution and sale of the intellectual property, and deliver Counterclaimants' share of the proceeds to Counterclaimants; (b) an injunction prohibiting Counterdefendants from selling any inventory or asset or licensing, distributing or selling the aforementioned intellectual property and depositing all proceeds from previous sales of the Counterclaimants' business and licensing,

distribution and sale of intellectual property works into a designated account; and (c) an attachment of Counterclaimants' business and intellectual property in Counterdefendants' possession, as well as the proceeds from Counterdefendants' previous sales from the Counterclaimants' business and intellectual property.

56.     Finally, Counterclaimants' counterclaims seek an accounting of the business and the Counterclaimants' intellectual property.

57.     In what has emerged as nothing more than an illegal confidence scheme, Counterdefendants have gained Counterclaimants' trust and with it gained control over Counterclaimants' online embroidery design and supply business, promising to handle all back office bookkeeping and warehouse tasks in the United States in exchange for agreed upon compensation.

58.     In a repeating pattern, when the times came to account for the proceeds and transfer to Counterclaimants the profits of the business, Counterdefendants instead offered no more than excuses as to why payment could not yet be made, and promising to "buy a house and a vacation property for Ana with these monies" at a later date. All the while, upon information and belief Counterdefendant purchased a home and a vacation home with revenues generated by Counterclaimants' business.

59.     From or about 2007 to the present, Counterdefendants took possession of Counterclaimants' intellectual property and business, as discussed above. At the time of such taking Counterclaimant had no idea that her business was not in her control, as Counterdefendants were running the business pursuant to their duties.

60.     In April of 2008 Counterclaimants discovered that Counterdefendants had wrongfully converted to their own use the Counterclaimants' intellectual property and business, as discussed above.

61.     Counterdefendants, intentionally, willfully, and without Counterclaimants' authority, have converted Counterclaimants' business, Counterclaimants' intellectual property, and Counterclaimants' share of the proceeds from use, sale, distribution, and licensing thereof, to their own benefit, in derogation of Counterclaimants' rights, as discussed above.

62.     Upon information and belief, Counterdefendants have committed their conversion by, inter alia, using Counterclaimants' share of the sale proceeds to satisfy Counterdefendants' other creditors and financial obligations, as discussed above.

63.     As a direct and proximate result of the unlawful conversion of Counterclaimants' intellectual property and business, Counterclaimants have been damaged in an amount to be determined at trial, but in no event less than $1,300,000.

64.     In causing damage and injury to Counterclaimants, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimants' rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimants' rights, entitling Counterclaimants to punitive and exemplary damages.

**CLAIM VIII**

**BREACH OF CONTRACT**

65.     Counterclaimant hereby incorporates by reference paragraphs 1 through 64 with the same effect as if they were here reproduced and realleged.

66.     Counterdefendants and Counterclaimants were parties to a series of agreements with respect to the business and the Counterclaimants' intellectual property, as discussed above.

67.     Counterclaimants performed all of their obligations under those agreements, as discussed above.

68.     Counterdefendants have breached their obligations under the agreements, as discussed above.

69.     As a result of Counterdefendants' breaches of the agreements between the parties, Counterclaimants have been damaged in an amount to be determined at trial, but in no event less than $1,300,000.

## CLAIM IX

## <u>UNJUST ENRICHMENT</u>

70.     Counterclaimant hereby incorporates by reference paragraphs 1 through 69 with the same effect as if they were here reproduced and realleged.

71.     Counterdefendants have been unjustly enriched by benefitting from the possession, use, distribution, licensing and sale of Counterclaimants' intellectual property and Counterclaimants' business, as discussed above.

72.     Said unjust enrichment continues during the pendency of this action, as discussed above.

73.     By reason of the foregoing, Counterclaimants are entitled to recover of Counterdefendants the full value of the possession, use, distribution, licensing and sale of Counterclaimants' intellectual property and Counterclaimants' business.

74.     By reason of the foregoing, Counterclaimants have been damaged in an amount to be determined at trial, but in no event less than $1,300,000.

75. In causing damage and injury to Counterclaimants, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimants' rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimants' rights, entitling Counterclaimants to punitive and exemplary damages.

## CLAIM X

## MONEY HAD AND RECEIVED

76. Counterclaimant hereby incorporates by reference paragraphs 1 through 75 with the same effect as if they were here reproduced and realleged.

77. Counterdefendants used, distributed and sold Counterclaimants' intellectual property, as discussed above.

78. Counterdefendants received proceeds from the use, licensing and sale of Counterclaimants' intellectual property.

79. Counterdefendants have failed to turn over to Counterclaimants those proceeds which rightfully belong to Counterclaimants, totaling at least $1,300,000, as discussed above.

80. Counterdefendants have benefitted from receipt of those proceeds.

81. Under principles of equity, Counterdefendants should not be allowed to retain Counterclaimants' portions of the proceeds.

## CLAIM XI

## VIOLATION OF GBL §349

82. Counterclaimant hereby incorporates by reference paragraphs 1 through 81 with the same effect as if they were here reproduced and realleged.

83. Counterdefendants aforesaid acts with respect to Counterclaimants' business and Counterclaimants' intellectual property, and the proceeds from any use, sale, distribution or licensing thereof constitute deceptive acts and practices in willful and knowing violation of New York General Business Law §349.

84. Counterdefendants' conduct with respect to Counterclaimants' business and Counterclaimants' intellectual property, and the proceeds from any use, sale, and distribution thereof, is causing and has caused harm to Counterclaimants and to the public at large.

85. As a result of Counterdefendants' unlawful acts, Counterclaimants have suffered damages from Counterdefendants' actions in an amount to be determined at trial, including Counterclaimants' reasonable attorney's fees in bringing this action.

## CLAIM XII

## ACCOUNTING

86. Counterclaimant hereby incorporates by reference paragraphs 1 through 85 with the same effect as if they were here reproduced and realleged.

87. Counterdefendants are currently in possession and control of the corporate books and records of ABC All Consulting, Inc. d/b/a Anna Bove Collections, Inc., and of all of the books and records relating to Counterclaimants' business transactions (cumulatively, the "Records"), and have refused to allow an inspection of Records or otherwise account to Counterclaimants for Counterclaimants' monies handled, received and paid by Counterdefendants in connection with Counterclaimants' business and for Counterdefendants' activities as agents of and as attorneys in fact for Counterclaimants, notwithstanding being duly demanded to do so by Counterclaimants.

88. Counterclaimants have no adequate remedy at law and seek a judgment against Counterdefendants directing Counterdefendants to furnish all Records pertaining to Counterclaimants and Counterclaimants' business transactions and to fully account for:

a. All monies which Counterdefendants have diverted to their own use;

b. All of Counterclaimants' monies handled by Counterdefendants;

c. All of the income Counterdefendants earned from Counterclaimants' business;

d. All of the income Counterdefendants earned as brokers or intermediaries from any source relating to Counterclaimants' real estate and other transactions; and

e. All of Counterdefendants' activities as attorneys in fact for Counterclaimants.

89. In causing damage and injury to Counterclaimants, Counterdefendants' conduct was malicious because Counterdefendants acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimants' rights, or their acts were done in utter and wanton regard for Counterclaimants' rights, entitling Counterclaimants to punitive damages in the amount to be determined at trial.

90. Inasmuch as Counterdefendants continue to operate Counterclaimant's business through ABC All Consulting, Inc., the damages continue to accrue and Counterclaimant seek accounting for all funds, assets, revenue and profits that have accrued and that may accrue in the future from Counterdefendants's use of Counterclaimant's business.

## CLAIM XIII

## AS AND FOR A SEVENTEENTH COUNTERCLAIM - CONSTRUCTIVE TRUST

91. Counterclaimant hereby incorporates by reference paragraphs 1 through 90 with the same effect as if they were here reproduced and realleged.

92. Counterdefendants, as alleged above, are fiduciaries and trustees of Counterclaimants and are thus obligated to account to Counterclaimants for all sums received by Counterdefendants as a result of Counterdefendants' wrongful conduct described above.

93. As a direct and proximate result of the foregoing, Counterclaimants request that a constructive trust be imposed upon all funds, assets, revenues and profits of Counterdefendants which are due and owing to Counterclaimants including those which are derived from the conversion of Counterclaimants' business and Counterclaimants' intellectual property, and the proceeds from any use, sale, distribution or licensing thereof.

94. Inasmuch as Counterdefendants continue to operate Counterclaimant's business through ABC All Consulting, Inc., the damages continue to accrue and Counterclaimant request that a constructive trust be imposed on all funds, assets, revenue and profits that have accrued and that may accrue in the future from Counterdefendants's use of Counterclaimant's business.

## CLAIM XIV

### DECLARATORY JUDGMENT OF COUNTERCLAIMANTS' OWNERSHIP INTEREST IN THE INTELLECTUAL PROPERTY AND INJUNCTION

95. Counterclaimant hereby incorporates by reference paragraphs 1 through 94 with the same effect as if they were here reproduced and realleged.

96. From or about 2002 Counterclaimants developed the following intellectual property, trade secrets and confidential business methods and know-how (collectively "Counterclaimants' Intellectual Property"):

a. The goodwill in the name Anna Bove, Anna Bove Collections and ABC;

b. Embroidery designs;

c. Design and content of websites;

d.      Newsletter;

e.      Customer list; and

f.      Pallate of thread colors.

96.      Counterdefendants have used and continue to use Counterclaimants' Intellectual Property which is the result of Counterclaimants' marketing efforts, relationships, concepts, and other work product of Counterclaimants which have been developed since over a six year period by Counterclaimants - much of which predates the establishment of the Counterdefendants' corporate entity or involvement of the individual Counterdefendants in any business with the Counterclaimants.

97.      At no point was any agreement concluded that allowed anyone except the fictitious entity "Anna Bove Collections, Inc." to use, distribute, license or sell the Counterclaimants' intellectual property or was any agreement entered into which granted to Counterdefendants any interest of the Counterclaimants' business assets including its intellectual property.

98.      Counterdefendants are using Counterclaimants' intellectual property without any license or other authorization from Counterclaimants.

99.      As such, Counterdefendants must be enjoined from using, distributing, licensing or selling the Counterclaimants' intellectual property.

100.      Counterclaimants have no adequate remedy at law.

101.      Ana seek a declaratory judgment that she is the exclusive owner of the intellectual property and that Counterdefendants have no interest in Counterclaimants intellectual property.

102.     Counterclaimants seek a preliminary and permanent injunction barring the Counterdefendants from using, distributing, licensing or selling the Counterclaimants' intellectual property.

## CLAIM XV

### RESCISSION

103.     Counterclaimant hereby incorporates by reference paragraphs 1 through 102 with the same effect as if they were here reproduced and realleged.

104.     As a result of Counterdefendants' breach of their agreement to work as agents and employees of Counterclaimant, Counterclaimant are entitled to rescission of the agreements, and seek full restitution and return of Counterclaimant's business, Counterclaimant's intellectual property, and the proceeds from any use, sale, distribution or licensing thereof.

105.     In causing damage and injury to Counterclaimant, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimant's rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimant's rights, entitling Counterclaimant to punitive and exemplary damages.

## CLAIM XVI

### DECLARATORY JUDGMENT THAT COUNTERCLAIMANT IS THE EQUITABLE OWNER OF ABC ALL CONSULTING, INC.

106.     Counterclaimant hereby incorporates by reference paragraphs 1 through 105 with the same effect as if they were here reproduced and realleged.

107.    In or about June of 2004, the Mikhlyns incorporated ABC All Consulting, Inc. in New York State.

108.    Although originally used to facilitate Vadim Mikhlyn's computer consulting business, the corporation was eventually used as a vehicle for running both Counterclaimant's embroidery business and the computer consulting business simultaneously.

109.    By the end of about October of 2005, most of the transactions for Counterclaimant's embroidery business passed through ABC All Consulting, Inc.

110.    In or about September of 2005, the Mikhlyns informed Counterclaimant that a separate, new entity by the name of "Anna Bove Collections, Inc." had been incorporated on Counterclaimant's behalf to run Counterclaimant's business.

111.    In reality, Counterdefendants merely registered "Anna Bove Collections" as a trade name for ABC All Consulting, Inc..

112.    Counterclaimant seeks declaratory relief as to the ownership of ABC All Consulting, Inc. since ABC All Consulting, Inc. was formed on behalf of Counterclaimant to handle back-office bookkeeping and warehouse tasks in the United States for the Counterclaimant's embroidery business, and that Counterclaimant are the equitable owner of ABC All Consulting, Inc.

### CLAIM XVII

### DECLARATORY JUDGMENT THAT THE MIKHLYNS WERE BOVE'S EMPLOYEES

113.    Counterclaimant hereby incorporates by reference paragraphs 1 through 112 with the same effect as if they were here reproduced and realleged.

114.    On or about May of 2006, the Counterdefendants fraudulently represented to Counterclaimant that Counterdefendants would provide their services to Counterclaimant in exchange for certain remuneration paid to them by the Counterclaimant.

115.    Specifically, Counterdefendants promised to furnish back-office bookkeeping and warehouse tasks in the United States for the Counterclaimant's embroidery business.

116.    Counterclaimant relied on the foregoing representations in agreeing to retain Counterdefendants to act as Counterclaimant's agents and employees and perform services on her behalf in the United States.

117.    Counterclaimant seeks declaratory relief that Counterdefendants Vadim Mikhlyn and Inga Mikhlyn were employees of Anna Bove from about 2004 to the present.


## CLAIM XVIII

### JUDICIAL DISSOLUTION OF ABC ALL CONSULTING, INC.; OPPRESSIVE ACTIONS AND WASTING OF ASSETS

118.    Counterclaimant hereby incorporates by reference paragraphs 1 through 117 with the same effect as if they were here reproduced and realleged.

119.    ABC All Consulting, Inc. is a corporation organized under the Business Corporation Law of the State of New York, having its principal place of business at 2536 Harway Avenue Brooklyn, New York, 11214.

120.    Upon information and belief, ABC All Consulting, Inc. is authorized to issue 200 shares, all of which are issued and outstanding.

121.    Counterclaimant is the owner of more than 20% of the issued and outstanding shares; to wit, Counterclaimant is the owner of 200 shares which constitute 100% of the issued

and outstanding shares. Although Counterdefendants deny this fact, Counterdefendants have conceded that Counterclaimant is the owner of at least 25% of the issued and outstanding shares.

122. Counterclaimant is entitled to vote in an election of directors of the Corporation.

123. Upon information and belief, the Certificate of Incorporation of ABC All Consulting, Inc. designates the County of Kings as the location of its office.

124. ABC All Consulting, Inc. is not registered as an investment company under an act of Congress entitled "Investment Company Act of 1940."

125. No shares of ABC All Consulting, Inc. are listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association.

126. Counterclaimant seeks dissolution of ABC All Consulting, Inc. on the following grounds specified in N.Y. Bus. Corp. Law § 1104-a:

127. Counterdefendants, who currently control ABC All Consulting, Inc. have been guilty of oppressive actions toward Counterclaimant; and

128. Upon information and belief, the property or assets of ABC All Consulting, Inc. are being wasted for non-corporate purposes by the Counterdefendants.

129. Counterclaimant has invested a great deal of time and money in the business ABC All Consulting, Inc., has established the business and has been actively involved in the business since 2002 and has been continuously involved in the business until Counterdefendants have frozen Counterclaimant out of Counterclaimant's own business.

130. At present, Counterclaimant have been frozen out of ABC All Consulting, Inc., Counterclaimant's own company, and Counterclaimant derives no income from the business whatsoever.

131.     Liquidation of ABC All Consulting, Inc. is the only feasible means whereby Counterclaimant may reasonably expect to obtain a fair return on Counterclaimant's investment.

132.     Liquidation of ABC All Consulting, Inc. is reasonably necessary for the protection of the rights and interests of Counterclaimant.

133.     As a result of Counterdefendants' actions, Counterclaimant prays for an Order of this Court dissolving ABC All Consulting, Inc. and such other and further relief as may seem proper, together with the costs.


## CLAIM XIX

### DERIVATIVE CLAIM FOR WASTE AND DISSIPATION OF ASSETS

134.     Counterclaimant hereby incorporates by reference paragraphs 1 through 133 with the same effect as if they were here reproduced and realleged.

135.     Counterclaimant bring this action individually and derivatively on behalf of ABC All Consulting, Inc. against all Counterdefendants, seeking compensatory and punitive damages, as well as equitable relief.

136.     Upon information and belief, Counterdefendants wasted corporate assets by, among other things, purchasing expensive furnishings, lavish spa and massage treatments, expensive liquors, clothing, jewelry, furniture, automobiles, European style renovations, purchase and carrying charges for a home in Pennsylvania allegedly for the business' warehousing needs, paying salaries to fictitious employees, commingling of business and personal funds by depositing business receipts into personal accounts, charging exorbitant fees and taking other benefits from the Counterclaimant's  business to which they were not entitled.

137.    By virtue of their positions as Counterclaimant's  agents in the business and in ABC All Consulting, Inc., Counterdefendants had a confidential and fiduciary relationship with Counterclaimant.

138.    However, in violation of their confidential and fiduciary relationship and in violation of their promises, Counterdefendants have retained monies and benefits in excess of the salaries to which they were entitled.

139.    By wrongfully taking these benefits from the Counterclaimant's business, Counterdefendants wasted and dissipated assets from ABC All Consulting, Inc., the business and Counterclaimant's  interests therein.

140.    Counterclaimant have not made a demand on Counterdefendants to pursue the claims herein because such a demand is excused and would have been a futile act for the reasons set forth below.

141.    Counterdefendants control ABC All Consulting, Inc. by reason of their de-facto control of the corporation's business operations;

142.    Counterdefendants have intentionally engaged in and have thus been aware of the wrongs forming the basis for the claims alleged herein;

143.    Indeed, rather than take corrective measures, Counterdefendants participated in, aided and abetted, acquiesced in, approved or ignored the problem and wrongs claimed herein. As such, Counterdefendants are liable for the continuing course of neglect, disloyalty, abdication and gross mismanagement;

144.    Counterdefendants are in no position to prosecute this action because of their active participation in the mismanagement of ABC All Consulting, Inc.  Each Counterdefendant

has an irreconcilable conflict of interest regarding the prosecution of this action, and cannot exercise the requisite independence necessary to make good faith business judgments.

145.     By reason of the foregoing wrongful conduct, Counterclaimant, have suffered damages in an amount to be determined at trial, but not less than $1,300,000.00.

146.     In causing damage and injury to Counterclaimant, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimant's rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimant's rights, entitling Counterclaimant to punitive and exemplary damages.

**CLAIM XX**

**<u>BREACH OF FIDUCIARY DUTY</u>**

147.     Counterclaimant hereby incorporates by reference paragraphs 1 through 146 with the same effect as if they were here reproduced and realleged.

148.     Continuously from about 2004 through the present, Counterdefendants made representations and warranties to Counterclaimant regarding the special trust and confidence which Counterclaimant should place in Counterdefendants with regard to Counterdefendants' actions as Counterclaimant's agents and attorneys in fact.

149.     Counterdefendants assumed thereby a position of special trust and confidence with regard to Counterclaimant, including a duty not to use in any way the proceeds and assets of the business for personal gain and to account fairly, accurately, and promptly for all monies owed to Counterclaimant.

150.     In reliance upon these assurances, representations, and special trust relationship, Counterclaimant agreed to hire Counterdefendants as Counterclaimant's agents and employees.

151.     At all times material hereto, Counterdefendants reassured and confirmed to Counterclaimant that Counterclaimant should repose special trust and confidence in Counterdefendants.

152.     Based upon Counterdefendants' obligations to account to Counterclaimant, a fiduciary duty in favor of Counterclaimant arose, and continues to exist, apart from any other fiduciary duty owed by Counterdefendants to Counterclaimant, obligating Counterdefendants not to act in their self-interest to the detriment of Counterclaimant; not to convert Counterclaimant's business, Counterclaimant's  intellectual property, and not to deprive Counterclaimant of the benefits of their bargain with Counterdefendants.

153.     Counterclaimant agreed to hire Counterdefendants as Counterclaimant's agents and employees based upon Counterdefendants' express and implied representations that Counterdefendants would account fully and fairly to Counterclaimant for all of Counterclaimant's  monies handled by Counterdefendants and that Counterdefendants would not engage in wrongful conduct in the management of the Counterclaimant's  business transactions.

154.     These representations constituted fundamental consideration for Counterclaimant to agreed to hire Counterdefendants as Counterclaimant's agents and employees and in the absence of those representations, Counterclaimant would not have agreed to hire Counterdefendants as Counterclaimant's agents and employees.

155.     As a result of Counterdefendants' representations, assurances, and assumption of fiduciary obligations to Counterclaimant, Counterdefendants owed a fiduciary duty to Counterclaimant to act in the highest good faith; to perform its duties in a competent manner; to make full disclosure of all material facts to Counterclaimant; to refrain from acquiring any interest or engaging in conduct adverse to Counterclaimant; to account promptly and accurately

for all monies received in connection with Counterclaimant's business transactions; and to exercise faithful, undivided loyalty with respect to Counterclaimant.

156. In reliance upon Counterdefendants' assurances regarding this special fiduciary relationship, Counterclaimant did repose special faith and trust in Counterdefendants and did rely upon Counterdefendants to fully and faithfully carry out their fiduciary obligations.

157. Counterdefendants have breached their fiduciary duty to Counterclaimant by, among other things, committing the acts and omissions alleged above, including, but not limited to:

a. Wrongfully engaging in false and fraudulent conduct as alleged herein;

b. Wrongfully misrepresenting to Counterclaimant in June of 2004 that according to New York law Counterclaimant may not own a New York corporation, while Counterdefendants incorporated for their own use a corporate entity, ABC All Consulting, Inc. using "ABC," the acronym of Counterclaimant's business "Anna Bove Collections," which Counterclaimant had been using since 2002;

c. Wrongfully misrepresenting to Counterclaimant in September of 2005 that they had established another, separate corporate entity which is owned by Counterclaimant, to wit, "Anna Bove Collections, Inc." when in fact, the latter was not a separate entity but merely a trade name for ABC All Consulting, Inc. registered by Counterdefendants;

d. Wrongfully, converting Counterclaimant's business, Counterclaimant's intellectual property and the proceeds from any use, sale, distribution or licensing thereof;

e. Wrongfully, without Counterclaimant's consent or approval, distributing Counterclaimant's embroidery designs and supplies as their own, which, upon information and belief violates the statute relating to trafficking in counterfeit labels, illicit labels or counterfeit

documentation or packaging, 18. U.S.C. section 2318 and the transportation of stolen property statute, 18 U.S.C. sections 2314 and 2315, as well as the the federal wire fraud statute, 18 U.S.C. section 1343;

f.      Wrongfully holding Counterdefendants' self interest above Counterclaimant's when negotiating transactions with third parties;

g.      Wrongfully withholding and failing to report and account for Counterclaimant monies which Counterdefendants handled;

h.      Wrongfully failing to carry out the duties assigned to them by Counterclaimant including, but not limited to, handling certain finance and accounting functions for Counterclaimant's business;

i.      Wrongfully misappropriating funds from the business;

j.      Wrongfully used business proceeds for personal expenses as more fully delineated in Paragraph 136 above which, upon information and belief constitute monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. section 1957.;

k.      Wrongfully comingled business accounts with their own personal accounts including but not limited to use of the business account for transactions on behalf of Vadim Mikhlyn's computer consulting business;

l.      Wrongfully failing to fully and accurately report income and expenses to local, state and Federal tax authorities; and

m.      Wrongfully paying salaries to individuals who did not provide services to the company for the purpose of money laundering an to create fictitious expenses, which, upon information and belief is a violation of the money laundering statute, 18 U.S.C. section 1956;

n.     Wrongfully using proceeds from eBay transactions to launder money and avoid paying taxes on funds that did not pass through corporate accounts, which, upon information and belief is a violation of the money laundering statute, 18 U.S.C. section 1956;

o.     Wrongfully withdrew cash from the business in a scheme to transfer large sums of money while avoiding and evading the U.S. Department of Treasury reporting requirements for cash transactions; and

p.     Wrongfully engaging in a pattern of fraudulent accounting and financial practices which, upon information and belief Inga Mikhlyn had previously set up and implemented for a former employer;

158.     As a direct and proximate result of Counterdefendants' conduct in breach of their fiduciary duties, Counterclaimant have suffered damages in an amount in excess of $1,300,000.

159.     In causing damage and injury to Counterclaimant, Counterdefendants' conduct was malicious because Counterdefendants have acted knowingly, willfully, intentionally and in reckless disregard to Counterclaimant's rights, or Counterdefendants' acts were done in utter and wanton disregard for Counterclaimant's rights, entitling Counterclaimant to punitive and exemplary damages.

**RELIEF REQUESTED**

WHEREFORE, Counterclaimant prays that Judgment be entered against Counterdefendants as follows:

1.     For Judgment that Counterdefendants have infringed the Copyright Registration and that Counterclaimant be awarded damages in the amount of all profits of Counterdefendants resulting from the infringement of the Copyright Registration and/or from Counterdefendants'

unjust enrichment as set forth herein or in the alternative at Counterclaimant's election, awarding statutory damages, provided by 17 U. S. C. Section 504; among other relief;

2.      For Judgment that Counterdefendants have violated 15 U.S.C. Section 1125(a) with respect to Counterdefendants' sale of the Infringing Copies and that Counterclaimant be awarded damages among other relief, including but not limited to, damages for lost sales and diversion of trade in an amount to be determined and for damages from the injury from Counterdefendants' trademark infringement and false designation of origin in an amount up to three times the actual damage and/or profit of the Counterdefendants, together with attorney's fees, disbursements and costs of this action, pursuant to 15 U.S.C. Section 1117;

3.      That Counterdefendants be ordered to account for and pay over to Counter-claimant all profits, gains and advantages wrongfully realized by it in pursuit of its acts of trademark infringement;

4.      That Counterdefendants be required to pay to Counterclaimant such damages as Counterclaimant has sustained as a consequence of Counterdefendants' acts of unfair competition, including multiple damages in the amount of three times the damages sustained by Counterclaimants pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117;

5.      For an Order preliminary and permanently enjoining and restraining Counterdefendants from:

a)      making, using, offering for sale, selling, marketing, displaying, distributing and advertising  any works infringing the Copyright or Portions thereof, and any works violating 15 U.S.C. Section 1125(a) with respect to Counterclaimant's Embroidery and Cross-Stitch Designs;

b)     continuing the acts of copyright and trademark infringement set forth herein, and from engaging in any additional acts of copyright and trademark infringement against Counterclaimant;

c)     Ordering that Counterdefendants, their employees, servants, agents and all others acting in concert therewith be enjoined both preliminarily during the pendency of this litigation, as well as permanently thereafter from infringing the "ANNA BOVE," "ANNA BOVE COLLECTIONS," and "ABC EMBROIDERY DESIGNS," trademarks and confusingly similar variants thereof trademarks of Counterclaimant and/or using any other mark, including but not limited to "ANNA BOVE," "ANNA BOVE COLLECTIONS," and "ABC EMBROIDERY DESIGNS," and confusingly similar variants thereof or which is a colorable imitation of Counterclaimant's mark in such a manner that there is a likelihood of confusion as to the source of services in the minds of the purchasing public;

6.     a) Ordering Counterdefendants to turn over to the Court or to Counterclaimant, or to destroy within ten (10) days from the entry of any Final Judgment or Preliminary Decree entered in this action, all property owned by Counterdefendants which is unlawfully created copies of Counterclaimant's distinctive works, all means owned by Counterdefendants used to create said infringing designs,  any infringing product literature owned by Counter-defendants, and all other works owned by Counterdefendants that infringe Counterclaimants's copyrights or trade dress rights,  including an award of costs incurred by Counterclaimants for the destruction of said articles.

b)  Ordering that Counterdefendants be required to deliver up for impoundment or destruction all labels, signs, prints, packages, wrappers, receptacles, advertisement, materials and goods now in its possession which bear or display the "ANNA BOVE," "ANNA BOVE

COLLECTIONS," and "ABC EMBROIDERY DESIGNS," or colorable imitations thereof, together with any and all plates, negatives or other reproduction items capable of printing, reproducing or duplicating the "ANNA BOVE," "ANNA BOVE COLLECTIONS," and "ABC EMBROIDERY DESIGNS," and or colorable imitations thereof.

7.      Ordering that Counterdefendants be directed to file with this Court and serve on Counterclaimant within 10 days after service of the preliminary injunction, a report in writing, under oath, setting forth in detail the manner and form in which Counterdefendants have complied with the injunction;

8.      Awarding Counterclaimant costs and expenses, including reasonable attorney's fees, pursuant to 17 U.S.C. Section 505 and 15 U.S.C. Section 1117;

9.      Awarding Counterclaimants damages in an amount to be determined at trial, but in no event less than $1,300,000;

10.      Awarding Counterclaimants punitive damages in an amount no less than $5,000,000 on Counterclaimants' business claims;

11.      Appointing a receiver to take possession of certain intellectual property owned by the Counterclaimants, handle the ongoing licensing, distribution and sale of the intellectual property, and deliver Counterclaimants' share of the proceeds to Counterclaimants;

12.      A Preliminary Injunction preliminarily and permanently prohibiting Counterdefendants from selling or transferring the aforementioned intellectual property;

13.      An attachment of any of the Counterclaimant's intellectual property in Counterdefendants' possession, as well as the proceeds from previous sales of the Counterclaimant's intellectual property;

14.     Ordering Counterdefendants to provide a detailed accounting to Counterclaimants with respect to the Counterclaimant's business and Counterclaimant's intellectual property, and the proceeds from any use, sale, distribution or licensing thereof;

15.     Declaring that Counterclaimant is the equitable owner of ABC All Consulting, Inc. since ABC All Consulting, Inc. was formed on behalf of Counterclaimant;

16.     Declaring that Counterdefendants Vadim Mikhlyn and Inga Mikhlyn were employees of Anna Bove from about 2004 to the present;

17.     Ordering that a constructive trust be imposed upon all funds, assets, revenues and profits of Counterdefendants which are due and owing to Counterclaimant and which are derived from the operation of Counterclaimant's business.

18.     Ordering that ABC All Consulting, Inc. be dissolved;

19.     Granting such other and further relief as the Court deems just and proper, together with interest, attorneys fees, costs and disbursements of this action.

Dated: New York, New York
        February 18, 2009                    BORIS KOGAN AND ASSOCIATES, PC


                                    By:     /s/ Boris Kogan
                                            Boris Kogan (BK-9135)
                                            BORIS KOGAN & ASSOCIATES
                                            Attorneys for Defendants/Counter-Plaintiffs
                                            277 Broadway, Suite 701
                                            New York, NY 10007
                                            Phone (212) 625) 8910
                                            Fax (212) 219-2728

                                            Peter L. Berger (PB-0121)
                                            LEVISOHN BERGER LLP
                                            Attorneys for Defendants/Counter-Plaintiffs
                                            61 Broadway, 32nd Floor
                                            New York, NY 100006
                                            Phone (212) 486-7272
                                            Fax (212) 486-0323