## **VAL MANDEL, P.C.**

**Val Mandel**
Member of NY, NJ and DC Bars
e-mail:   vm@valmandelpc.net

**Eric Wertheim**
Member of NY and NJ Bars
e-mail:   ew@valmandelpc.net

**Daniel Akselrod**
Member of NY Bar
e-mail:   da@valmandelpc.net

80 Wall Street, Suite 1115
New York, NY 10005
(212) 668-1700
Fax (212) 668-1701

March 3, 2009

*VIA ECF*
Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc.
v. Ana Bove, Polina Dolginov, et al.
Docket No.: 08 CIV. 3367**

Dear Judge Reyes:

We are writing in response to defendants' letter of February 27, 2009, and in anticipation of the telephone conference scheduled for March 6, 2009. We request that several issues be addressed during the conference in addition to the proposed Amended Answer.

The Proposed Amended Answer

There is no question that scheduling orders pursuant to Rule 16 sets a deadline for seeking leave to amend, not filing an amended pleading as of right. See Mendez v. Registered Nurse Barlow, 04-CV-1030 2008 U.S. Dist. LEXIS 38545 (W.D.N.Y. May 12, 2008); Rambarran v. Mount Sinai Hosp., 06 Civ. 5109, 2008 U.S. Dist. LEXIS 30580 (S.D.N.Y. March 28, 2008); Yves St. Laurent Parfums v. Costco Wholesale Corp., 07 Civ. 3214 (LBS) (HBP) U.S. Dist. LEXIS 83321 (S.D.N.Y. November 8, 2007); Melvin v. UA Local 13 Pension Plan, 236 F.R.D. 139, 145 (W.D.N.Y. 2006); Baergas v. City of New York, 04

Civ. 2944 (BSJ) (HBP) 2005 U.S. Dist. LEXIS 18785 (S.D.N.Y September 1, 2005); Ferdinand v. County of Nassau, CV 02-204 2004 U.S. Dist. LEXIS 18272; (E.D.N.Y. June 16, 2004); Ford Oxaal v. Internet Pictures Corporation, No. 00-CV-1863, 2002 U.S. Dist. LEXIS 5178 (N.D.N.Y. March 27, 2002).

A motion to amend filed after the deadline is subject to Rule 16(b)'s 'good cause standard,' rather than the more liberal standard of Rule 15(a). Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). We do not believe defendants can satisfy either standard, and we intend to oppose a motion to amend the Answer.

Defendants cannot meet either standard because the proposed amendment would be futile. The Amended Answer seeks to add copyright claims based upon 70 copyright applications filed between November 17, 2008 and February 18, 2009. It is well established, however, that a District Court lacks subject matter jurisdiction over an infringement claim until the Copyright Office either issues a certificate of registration or rejects the application. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 455 (2d Cir. 1989) ("[P]roper registration is a prerequisite to an action for infringement."); Corbis Corp. v. UGO Networks, Inc., 322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004); Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc., 49 F. Supp. 2d 673, 677 (S.D.N.Y. 1999) (district courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in its pleadings that he has received certificate of registration or denial from the Copyright Office); Noble v. Town Sports Int'l, Inc., No. 96 CIV. 4257 (JFK), 1998 U.S. Dist. LEXIS 919, 1998 WL 43127, at *1 (S.D.N.Y. Feb. 2, 1998); National Ass'n of Freelance Photographers v. Associated Press, No. 97 Civ. 2267 (DLC), 1997 U.S. Dist. LEXIS 19568, 1997 WL 759456, at *12 (S.D.N.Y. Dec. 10, 1997).

More seriously, defendants' allegations of copyright violations based upon plaintiffs' sale of individual designs is a direct violation of Judge Sifton's injunction, which states, in the pertinent part, that "...defendants are enjoined from: a. alleging that plaintiffs' sales of designs from the ABC Sites are unlawful..."

### Defendants' Failure to Comply with Discovery

Defendants' responses to plaintiffs' Document Request were due on January 7, 2009. After we reminded defendants that their document responses were overdue, defendants assured us, in writing, that the response would be received this past Friday, February 27, 2009. They were not. Defendant must be given a short, final deadline for responding to discovery.

### Defendants' Burdensome Discovery Requests

After their document responses were due, defendants served a Notice for Production of Documents (the "Notice") and Interrogatories. The Notice contains 223 separate document requests, with some requests further divided into numerous sub-parts running as high as "aa". We believe that number is excessive and burdensome and should be condensed to a manageable number.

Defendants may point out that our Demand contained 113 separate requests. All but 8 of those requests, however, were directed to specific allegations in Defendants' lengthy pleadings. Defendants' affirmative defenses and counterclaims contain 170 separate paragraphs, purporting to state 9 separate defenses and 14 separate counterclaims. Defendants' proposed Amended Answer adds 63 paragraphs and 6 counterclaims.

### Defendants' Improper Subpoenas

Defendants have served several subpoenas, seeking financial information about the plaintiffs. One subpoena, served on plaintiff's accountant, seeks tax returns and related documents.

In order for the a court to order disclosure of tax returns, two conditions must be satisfied: (1) the court must find that the returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained in them is not otherwise readily obtainable. Raba v. Suozzi, 2007 U.S. Dist. LEXIS 1567 (E.D.N.Y. 2007); Evans v. Calise, 1994 U.S. Dist. LEXIS 6187; Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979).

Defendants have also served subpoenas on Independence Community Bank and Gotham Bank of New York, seeking information regarding Vadim and Inga Mikhlyn's personal bank accounts. A subpoena was likewise served on Raza Design, Inc., seeking various categories of information relating to Raza's business relationship with any party to the action. Inga Mikhlyn once worked with Raza Design, Inc. as its bookkeeper, but the subpoena has no stated connection to the claims or allegations in this lawsuit. At a minimum, the subpoena should be narrowed to identify categories of documents that relate to this action.

Respectfully submitted,

Eric Wertheim

EW/da

cc: Boris Kogan, Esq. (via fax)
Peter L. Berger, Esq. (via fax)