# BORIS KOGAN & ASSOCIATES
## ATTORNEYS AND COUNSELORS AT LAW

277 BROADWAY, SUITE 701
NEW YORK, NY 10007
TEL: (212) 625-8910
FAX: (212) 219-2728
WWW.BORISKOGAN.COM
EMAIL: BK@BORISKOGAN.COM

March 6, 2009

**Sent Via ECF To:**

Honorable Judge Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

 **Re: Mikhlyn, et al. v. Bove, et al.**
 **Case No. 1:08-cv-3367**

Honorable Judge Reyes:

 I represent the Defendants in the above referenced action and I hereby respond to Plaintiffs' letter dated March 3, 2009. As demonstrated below, the position advanced by Plaintiffs is meritless and only seeks to impede discovery of the financial records of the business and the prompt and efficient adjudication of this action. Plaintiffs' behavior is consistent with the fact that they benefit from any delay since, in the interim, they continue to control the assets of the business which is the subject of this action.

### SCHEDULING ORDER DEADLINE TO AMEND PLEADINGS

 Plaintiffs cite six additional cases that do not support the proposition for which they were cited. The seventh case, **Ferdinand v. County of Nassau**, could not be located with the citation provided.

### AMENDED COPYRIGHT COUNTERCLAIMS

 Contrary to Plaintiffs' statement, the Court has jurisdiction over the amended copyright counterclaims. See, **Well-Made Toy Manufacturing v. Goffa International**, 210 F.Supp.2d 147, 157 (E.D.N.Y. 2002), in which Judge Jack Weinstein specifically stated that: "Actual certification by the Copyright Office is not necessary. A copyright holder may commence an action for infringement as soon as the Copyright Office has received a proper

application, fee and deposit."

Additionally, even where a copyright registration was required, in Greene v. Columbia Records, 2005 U.S.Dist Lexis 3062, *8-11 (S.D.N.Y.March 1, 2005), the Court did not dismiss the action immediately, but allowed the Plaintiff several months to cure a registration defect.

Moreover, the amendment is proper in the interest of judicial economy since the copyright registrations and filed applications cited in the amended answer and counterclaims relate to this action and are based on the identical core set of facts and issues alleged in the initial complaint, answer and counterclaims.

## **DISCOVERY**

Plaintiffs now frivolously claim that Defendants are not entitled to financial documents or tax returns when Plaintiffs have already agreed to provide an honest and full accounting. On December 3, 2008, Plaintiffs' attorney, Eric Wertheim, Esq. agreed that his clients will promptly provide full financial disclosure for all periods of time that the business was operating, in exchange for the Defendants' agreement to provide the same for the period before Plaintiffs worked in the business.

As to the subpoenas, they seek information that is clearly relevant to the subject matter of this litigation, since Defendants claim that Plaintiffs have been and are currently involved in fraudulent financial practices regarding business assets and income. Upon information and belief, Plaintiffs have used personal bank accounts to improperly receive business related payments, and have diverted business monies for personal use. Full financial accounting is sought in the twelfth counterclaim and discovery of same must be allowed and enforced in order to ascertain the full extent of Plaintiffs wrongdoing. To this end, we have requested details of personal and business bank accounts, as well as Plaintiffs' tax returns and personal financial information. We have also requested information from David Koukouy and Larisa Koukouy who, upon information and belief, were fictitious employees of the business. The subpoena served on Raza Designs is proper because, upon information and belief, Raza Designs was financially involved with the subject business. It is noteworthy that the subpoenas served upon Raza Designs and the Koukouys are limited to information relating to the relationship between each subpoenaed party and the parties to this action, covering transactions, records, employment, payments received or made and the provision of goods and services that are at the core of this action.

Defendants' requests for the tax returns similarly satisfy the Court's standard since the returns are relevant to the subject matter of the action, and that there is a compelling need for the returns because the information contained therein is not otherwise

obtainable. As delineated above, all financial documentation relating to the Plaintiffs is intrinsically connected to this action as a result of Plaintiffs' financial commingling. The tax returns are required in order to demonstrate Plaintiffs' improper handling of business monies, diversion of funds and other financial impropriety, and is an essential component of Defendants' right to obtain full financial disclosure, and ultimately, determine the amount of damages to which Defendants are entitled. Also, said information is not readily obtainable by other means.

In the same vein, Defendants' Document Requests are proper. The nature of this litigation demands that the request for information be thorough and extensive and cover the array of business and intellectual property issues involved. Thus, all categories requested are proper and relevant to the instant action.

As to Plaintiffs' discovery demands, my clients have conducted an extensive search for information and documents responsive to Plaintiffs' demands. We have compiled over 1GB of data, which is approximately the equivalent of over 100,000 pages of information. My office is currently reviewing this vast amount of documents and information, some of which is in a foreign language, in order to categorize it to respond to specific demands and to prepare a privilege log.

In light of the foregoing, it is respectfully requested that the Court rule that: a. The Amended Answer is timely, proper and that no motion to amend the pleading is required; b. Plaintiffs must provide full financial disclosure pursuant to counsels' stipulation; and c. The Subpoenas are proper.

Very truly yours,

/s/ Boris Kogan
Boris Kogan (BK-9135)

BK:ya

cc: Eric Wertheim, Esq. (Via Facsimile)