# VAL MANDEL, P.C.

Val Mandel
Member of NY, NJ and DC Bars
e-mail:   vm@valmandelpc.net

Eric Wertheim
Member of NY and NJ Bars
e-mail:   ew@valmandelpc.net

Daniel Akselrod
Member of NY Bar
e-mail:   da@valmandelpc.net

80 Wall Street, Suite 1115
New York, NY 10005
(212) 668-1700
Fax (212) 668-1701

March 13, 2009

*VIA ECF*
Honorable Ramon E. Reyes
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc. v. Ana Bove, Polina Dolginov, et al.
Docket No.: 08 CIV. 3367**

Dear Judge Reyes:

We represent the Plaintiffs in this action.

Defendants filed an Amended Answer, Affirmative Defenses and Counterclaims on February 18, 2009 (the "Amended Answer"). The Amended Answer identifies seventy copyright applications filed between November 17, 2008 and February 18, 2009, only three of which received registrations. The Amended Answer asserts copyright infringement claims based upon the sixty seven pending copyright applications, as well as upon the registrations already received by Defendants.

Pursuant to Your Honor's instructions, we are submitting this letter brief on the question of whether defendants' mere filing of copyright applications gives the Court subject matter jurisdiction over infringement claims based upon the

Honorable Ramon E. Reyes
March 13, 2009
Page 2

applications.

The answer is no. Section 411 of the U.S. Copyright Act states, in the pertinent part, that:

> [N]o action for infringement of the copyright in any United States work shall be instituted until preregistration[1] or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

Based on the plain language of the above statute, it is the law of this Circuit that a district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office either issues a certificate of registration or rejects the application. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 455 (2d Cir. 1989); Corbis Corp. v. UGO Networks, Inc., 322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004); Noble v. Town Sports Int'l, Inc., 1998 U.S. Dist. LEXIS 919 (S.D.N.Y. Feb. 2, 1998); National Ass'n of Freelance Photographers v. Associated Press, 1997 U.S. Dist. LEXIS 19568 (S.D.N.Y. Dec. 10, 1997).

That defendants may obtain some or all of the applied for registrations in the future does not cure the jurisdictional defect. If, as it appears, jurisdiction was lacking at the time the Amended Answer was filed, dismissal is the proper remedy. Tabachnik v. Dorsey, 2005 U.S. Dist. LEXIS 14267 (S.D.N.Y. July 15, 2005). Defendants can seek leave to amend their answer if and when they

---

[1] Preregistration mentioned in the statute dose not apply to the matter at hand.

receive copyright registrations.

In addition to the serious and un-waivable issue of subject matter jurisdiction, the successful registration of defendants' copyrights is not a foregone conclusion. We have already pointed out to Judge Sifton that defendants have committed a fraud on the Copyright Office in connection with the one registered copyright identified in the original Answer, and we believe at least some of defendants' additional alleged copyrights will have that and other legal failings.

Finally, a recent decision of the Circuit forecloses any argument by defendants that their one registered copyright opens the door to jurisdiction over related, unregistered copyrights: the "existence of a claim based on a registered copyright does not bring within a district court's jurisdiction all related claims stemming from unregistered copyrights." In Re: Literary Works In Electronic Databases Copyright Litigation, 509 F.3d 116, 123 (2d Cir. 2007).

Respectfully submitted,

Eric Wertheim

EW/da
Encl.

cc: Boris Kogan, Esq. (via fax)
Peter L. Berger, Esq. (via fax)