PETER L. BERGER
JANE B. LINOWITZ
JONATHAN BERGER
TUVIA ROTBERG

DAVID COWAN
TECHNICAL CONSULTANT

LEVISOHN BERGER LLP
11 BROADWAY, SUITE 615
NEW YORK, NEW YORK 10004

TEL: (212) 486-7272
FAX: (212) 486-0323
WEBSITE: WWW.LLBL.COM

PATENTS,
TRADEMARKS
AND COPYRIGHTS

E-MAIL TO ATTORNEY:
FIRST INITIAL AND
LAST NAME OF
ATTORNEY@LLBL.COM

March 20, 2009

Judge Ramon E. Reyes
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Index No. CV 08 3367
Vadim Mikhlyn, et al. v. Ana Bove, et al.
Our file No. 1851.004

Dear Judge Reyes:

This letter is submitted pursuant to the instructions set forth at the March 6, 2009 telephone conference.

Plaintiff cites Section 411 of the Copyright Act and several cases to support its proposition that this court does not have subject matter jurisdiction. It is correct that courts in general require a registration for subject matter jurisdiction. Interestingly, Plaintiff cites the Corbis Corp v. Ugo Networks, Inc. case to support that proposition. But the court in the Corbis Corp case acknowledged that there have been a number of courts allowing copyright infringement matters to proceed without a copyright registration having been issued. Corbis Corp. v. UGO Networks, Inc., 322 F.Supp.2d 520, 522 (footnote 1)(S.D.N.Y. 2004)

Defendants do not wish to belabor this issue. Upon a close reading of the statute cited by Plaintiffs, defendants did meet the requirements of having a deposit, application and fee already be delivered to the Copyright Office. It is not clear based on the statute and the cases cited by Plaintiffs and Defendants whether a response from the Copyright Office is required for a court to have subject matter jurisdiction.

Equally important, the cases cited by Plaintiff do not address the fact that many courts permit plaintiff time to amend the complaint in the interest of judicial economy as discussed by defendants in its letter. After all, "[A] formalistic dismissal, followed by a re-registration and commencement of a new action, is unnecessary and would be wasteful." Historical Truth Productions, Inc. v. Sony Pictures, 93-CV-5529. 1995 WL 693189 (March 3, 2005, S.D.N.Y.) quoting Computer Associates International, Inc. v. Altai, 775 F.Supp 544, 557 (E.D.N.Y. 1991), aff'd in part, vacated in part on other grounds, 982 F.2d 693 (2d Cir. 1992).

Mikhlyn et al v. Bove et al                                                                                                    Doc. 68

Dockets.Justia.com

LEVISOHN BERGER LLP

Finally, Plaintiffs, in its effort to cloud the picture, make mention of an alleged fraud on the Copyright Office regarding one registered copyright. First, without wasting the Court's time, Defendants dispute this characterization, which can be resolved through discovery. Second, this issue has no bearing on the fundamental issues that the Court wishes the parties to address.

To this day, the Copyright Office has approved twenty applications and has not rejected any applications. Defendants anticipate the remainder of the applications to be approved by the Copyright Office.

Respectfully submitted,
LEVISOHN BERGER LLP

Peter L. Berger
Copyright Attorneys for Defendants

PLB:wr
cc: Val Mandel, PC

H:\WLR2\1851\1851-LtrReyes-31309.wpd