## VAL MANDEL, P.C.

**Val Mandel**
Member of NY, NJ and DC Bars
e-mail:   vm@valmandelpc.net

**Eric Wertheim**
Member of NY and NJ Bars
e-mail:   ew@valmandelpc.net

**Daniel Akselrod**
Member of NY Bar
e-mail:   da@valmandelpc.net

80 Wall Street, Suite 1115
New York, NY 10005
(212) 668-1700
Fax (212) 668-1701

March 20, 2009

*VIA ECF*
Honorable Ramon E. Reyes
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc. v. Ana Bove, Polina Dolginov, et al.**
**Docket No.: 08 CIV. 3367**

Dear Judge Reyes:

We represent the Plaintiffs in this action.

Pursuant to Your Honor's instructions, we write to address defendants' letter brief on the question of whether defendants' mere filing of copyright applications gives the Court subject matter jurisdiction over infringement claims based on the alleged copyrights.

The essence of defendants' argument – that the jurisdictional facts will "catch up" with the amended counterclaims – can be, and undoubtedly is, made in every case like this. Every copyright application will either be granted or rejected, eventually giving rise to subject matter jurisdiction over an infringement claim. That undeniable fact does not change the law.

Defendants' position is not very sympathetic either. Defendants retained an attorney no later than May of 2008. That attorney served a demand letter, alleging that defendant Ana Bove was the owner of all the disputed copyrights and insisting, among other things "...that you immediately cease and desist

from using our client's . . . copyrighted materials."[1] Yet the majority of the 71 copyright applications identified in the amended answer were not filed until last month.

Even worse, as per paragraphs 12 and 13 of the amended counterclaims, defendants have yet to even apply for the vast majority of copyrights – 129 - that they claim are at issue in this case. As defendants themselves emphasize, these are a series of nearly identical, cookie-cutter applications. No excuse has been offered for this delay. More important, no authority whatsoever is cited for the proposition that a federal court can exercise jurisdiction over claims based on alleged copyrights that have yet to be applied for.

If the Court is nonetheless persuaded by the concerns about judicial efficiency raised by defendants, it can be addressed by a reasonable extension of the deadline for amending pleadings. It cannot be addressed by ignoring limitations on the Court's subject matter jurisdiction.

Respectfully submitted,

Eric Wertheim

EW/da
Encl.

cc: Boris Kogan, Esq. (via fax)
Peter L. Berger, Esq. (via fax)

---

[1] We are constrained to note that in a pre-litigation email, Ana Bove identified only 41 designs as her own. Plaintiffs believe that any copyrightable designs belong to them, not defendants.