# BORIS KOGAN & ASSOCIATES

ATTORNEYS AND COUNSELORS AT LAW

277 BROADWAY, SUITE 701
NEW YORK, NY 10007
TEL: (212) 625-8910
FAX: (212) 219-2728

June 26, 2009

**Sent Via ECF To:**

Magistrate Judge Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re: Mikhlyn, et al. v. Bove, et al.**
        **Case No. 1:08-cv-3367**

Honorable Judge Reyes:

    I represent the Defendants in the above referenced action and I respectfully request that disclosure of defendants' financial records from the period of April of 2008 be stayed pending a showing by Plaintiffs of a colorable claim to the relief sought in the complaint.

    At issue[1] is Plaintiffs' demand for intrusive discovery of all of defendants' financial records from April 2008, which is the date that Plaintiffs froze Defendants out of the business. While Plaintiffs allege that the disclosure sought is relevant to damages alleged in their complaint, Defendants object to the demands and request that the Court stay such discovery pending a prima facie showing by plaintiffs. The Defendants' claim is supported by New York State substantive law and Rule 26 of the Federal Rules of Civil Procedure, which provides authority for limiting discovery.

    It has long been held that pursuant to New York State law, a party seeking an accounting is not entitled to financial discovery altogether until such time that it establishes an entitlement to the accounting. See, <u>Tooley v. Exempt Firemen's Benevolent Assn. of City of Yonkers</u>, 13 A.D.2d 685, 213 N.Y.S.2d 937 (2d Dept. 1961); <u>Alderman v. Eagle</u>, 340 N.Y.S.2d 716, 717, 41 A.D.2d 641, 641 (2d Dept. 1973).

---

    [1]The narrow question in this discovery dispute does not involve any financial records predating April 2008.

In the instant case, during extensive preliminary injunction motion practice, Plaintiffs have failed to make any such showing. In deciding the motions, by Memorandum Opinion and Order dated October 14, 2008, Judge Sifton held that Plaintiffs have failed to meet their burden of establishing the existence of a partnership and, as a result, Plaintiffs have failed to show that they have a right to the "Anna Bove" and "ABC" collection of marks. The Plaintiffs, therefore, failed to establish a likelihood of success on their claim for trademark infringement.[2] Therefore, Plaintiffs are not entitled to Defendants' financial records post freezeout since Plaintiffs have failed to make a prima facie showing of entitlement.

Moreover, the Court is authorized pursuant to FRCP Rule 26 to limit the scope of discovery and alter the order of discovery. Specifically, in a manner akin to bifurcating trials for damages and liability, the Court here should require Plaintiffs to demonstrate entitlement to damages or to an accounting before

---

[2] Footnote 23 of Judge Sifton's Memorandum Opinion and Order (which Plaintiffs' counsel misinterpreted during the Discovery conference on June 18, 2009) reads as follows:

> Defendants contend that even if a partnership existed between plaintiffs and defendants, that partnership was dissolved when defendant Ana allegedly expressed her intent to leave the partnership. Forbes v. Six-S Country Club, 12 A.D.3d 1049, 1051, 2004 N.Y. Slip Op. 08363, at *2 (4th Dept 2004) ("[A]n oral agreement to form a partnership for an indefinite period creates a partnership at will. Such a partnership at will may be dissolved at any time by any partner, when any of the partners expresses an intent not to continue longer")(internal citations omitted). Because I find that plaintiffs have not shown the likelihood of establishing the existence of a partnership, I need not consider this argument. Apart from defendants' submission on the partnership dissolution issue, both parties have had an equal opportunity to address partnership issues in their moving and reply papers on their own motions and their opposition papers on the motions against them. Accordingly, plaintiffs' October 6, 2008 request for a further opportunity to respond to defendants' partnership arguments is denied. I note, however, that neither party addresses the impact – if any – the incorporation of ABC Inc had on the existence of the alleged partnership. "[T]he rule is well settled" in New York "that a joint venture may not be carried on by individuals through a corporate form." Weisman v. Awnair Corp. of Am., 3 N.Y.2d 444 (N.Y. 1957). Indeed, when parties form a corporation to carry out the business of a partnership, they cease to be partners. Berke v. Hamby, 719 N.Y.S.2d 280, 281 (2d Dep't 2001), Notar-Francesco v. Furci, 539 N.Y.S.2d 800, 801 (2d Dep't 1989). However, because I find that plaintiffs have not met their burden of establishing the existence of a partnership, I need not address this issue.

directing Defendants to furnish financial disclosure post freezeout.

Defendants' demand for such disclosure is not relevant for any claim except damages. Since Plaintiffs' complaint alleges claims for trademark infringement under the Lanham Act, unfair competition under the Lanham Act; unfair competition under NY GBL §349, libel per se; and conversion, Plaintiffs do not require Defendants' financial records post freezeout to substantiate any of these claims and thus, the defendants' financial information is not relevant except as to a claim for damages.

Two of the factors that guide courts in determining whether to bifurcate trials and discovery are (a) Whether separate issues require different documentary proof; and (b) Whether the other party would be prejudiced. The factors that a Court considers in bifurcating a trial should be same when deciding to bifurcate discovery. "Where there is a possibility of shortening the trial considerably by holding a separate trial on an issue, the Court should exercise its discretion to try the issue separately if such a procedure will not prejudice either side." <u>Reines Distributors v. Admiral Corp</u>, 257 F. Supp. 619, 620 (S.D.N.Y. 1965). Here, the documents required for proving damages and liability are clearly unrelated and the Plaintiffs cannot show any prejudice. On the contrary, Defendants would be prejudiced by disclosure of commercially sensitive materials to an aggressive competitor.

Simply stated, it is not necessary for the court at this time to allow Plaintiffs discovery of defendants' financial circumstances post freezeout. See, <u>Rupe v. Fourman</u>, 532 F.Supp 344 (D.C.Ohio 1981), where, in a civil rights suit, Plaintiff was not allowed to conduct discovery regarding defendant's finances even though discovery on these issues would be proper as to possible punitive damages since discovery on punitive damages was not necessary at this point. See, <u>Ellingson Timber Co. v. Great Northern Railroad Co.</u>, 424 F.2d 497,499 (9th Cir. 1970) where the Court held that when liability is completely unrelated to damages, bifurcation of discovery is warranted since it maintains judicial economy and it avoids prejudice. Moreover, bifurcation of discovery prevents unnecessary and costly discovery when dispositive issues may be resolved first. In cases involving intellectual property disputes such as the one at hand, proving infringement does not require financial records and the issues of liability and damages are often bifurcated. This Court has recently held in <u>Patsy's Italian Restaurant, Inc. v. Anthony Banas et al.</u>, 06-CV-00729 that the trial of the competing claims involving intellectual property be bifurcated and that the liability issue be tried first. Depending on the outcome, the

3

parties would then be allowed to engage in discovery regarding damages.  See, <u>Swafford v. B&W, Inc.</u>, 336 F.2d 406, 415 (5th Cir. 1964) where the Court held that "Validity, title, infringement and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court or seriously prejudice the rights of some of the parties."  In sum, Plaintiffs here do not require Defendants' financial records to prove their alleged claims of trademark infringement and unfair competition.

It is well established that the Court can and should bifurcate discovery into liability and damages phases to obviate intrusive and unnecessary discovery, for judicial economy and for efficient case management.  Specifically, the Court can order that discovery geared towards proving damages occur only after liability has been proven.  <u>Edrei v. Copenhagen A/S</u>, 90 Civ. 1860, 1992 U.S. Dist. LEXIS 16657, at *17-18 (S.D.N.Y. 1992), *aff'd*, 1996 U.S. App. LEXIS 34345(2d Cir. 1996) (When different issues are tried separately, tailoring discovery to proceed concurrently with each issue is advisable.)  Also, even when intrusive and time consuming discovery is necessary as to one issue, consideration of another issue that may be dispositive of the entire case may be considered first so as to avoid unnecessary discovery.  <u>Marrese v. American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488 (7th Cir. 1983), rev'd after further proceedings on other grounds, 470 U.S. 373 (1985).  See also, <u>In re Burlington Northern</u>, 822 F.2d 518 (5th Cir. 1987) *cert denied,* 484 U.S. 1007 (1988).  Similarly, the Court in <u>Lyophile-Cryochem Corp. v. Chas. Pfizer & Co.</u>, 7 F.R.D. 362 (D.C.N.Y. 1947) prohibited plaintiff from issuing interrogatories encompassing profits and damages to defendant before plaintiff proved the validity and infringement of its patents.  See also <u>Carter Bros. v. Cannon</u>, 2 F.R.D. 174 (D.C.Tenn 1941); <u>Davis v. Ross</u>, 107 F.R.D. 326, 327-28 (S.D.N.Y. 1985).

Providing Plaintiffs with post freezeout financial records would greatly prejudice Defendants by putting sensitive financial data in the hands of Plaintiffs who have in the past usurped and misused confidential and trade secret information.  In light of Plaintiffs' previous and ongoing egregious conduct, there is no doubt that Plaintiffs will again misappropriate Defendants' confidential financial information to the disadvantage of Defendants.  Bifurcation of discovery is further warranted in light of the fact that since the freezeout, Anna Bove has established new entities with new investors.  The granting of Defendants' application is warranted since, in the absence of such showing by Plaintiffs to support the intrusive discovery, "the burden . . . of the proposed discovery outweighs its likely benefit" Fed. R. Civ. P. 26(b)(2)(iii).  Since Plaintiffs have not yet made a prima facie showing to support their claims, Plaintiffs should not be allowed

a glimpse into Anna Bove's current financial records, which include financial information of individuals and entities unrelated to this lawsuit.

In the alternative, if the Court would be inclined to permit some discovery of the Defendants' post-freezeout financial information, same should be limited to sales information only. See, <u>Intellectual Property Development Corp. v. UA-Columbia Cablevision of Westchester, Inc.</u>, 1995 WL 81276, at 2 (S.D.N.Y. Feb. 28, 1995); <u>Russell William, Ltd. v. ABC Display & Supply, Inc.</u>, 1991 WL 42906, at 1 (E.D.N.Y. Mar. 26, 1991) ("Damages discovery will be stayed except that total sales information . . . information relevant to liability - will be discoverable.").

In light of the foregoing, it is respectfully requested that the Court stay disclosure of Defendants' post freezeout financial records until after a liability finding, if any.

Very truly yours,

/s/ Boris Kogan
Boris Kogan (BK-9135)

BK:db