## VAL MANDEL, P.C.

Val Mandel
Member of NY, NJ and DC Bars
e-mail:   vm@valmandelpc.net

Eric Wertheim
Member of NY and NJ Bars
e-mail:   ew@valmandelpc.net

Daniel Akselrod
Member of NY Bar
e-mail:   da@valmandelpc.net

80 Wall Street, Suite 1115
New York, NY 10005
(212) 668-1700
Fax (212) 668-1701

July 2, 2009

*VIA ECF*
Honorable Ramon E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc. v. Ana Bove, Polina Dolginov, et al.
Docket No.: 08 CIV. 3367**

Dear Judge Reyes:

     We represent the Plaintiffs in this action. Pursuant to the Court's order of June 22, 2009, we respectfully submit this letter in response to the defendants' Motion Letter for Bifurcation, dated June 26, 2009.

### The Timing of Defendants' Bifurcation Request Constitutes Inequitable Gamesmanship

     The first thing the Court should note about defendants' request to bifurcate discovery is its extremely inequitable timing.

     A principal focus – if not the principal focus -- of defendants' discovery requests is the period of time the parties were working together up until May 2008 (when, rather than being "frozen out," Ana Bove quit the business, as pre-litigation emails and chats confirm). Defendant Ana Bove alleges that plaintiffs were merely her employees, and that they misappropriated money and other assets from her business during that period.

     In contrast, the principal focus of plaintiffs' claims and financial discovery requests is the period of time after the parties went their separate ways in May 2008. That is when Ana Bove and the newly created corporate defendants went into competition with plaintiffs, allegedly employing assets misappropriated from plaintiffs and engaging in unfair completion.

Plaintiffs have spent considerable time and expense satisfying defendants' voluminous request for financial records covering the period up to May 2008. Plaintiffs have produced 2,868 pages of documents and numerous CD-Roms, including bank records, QuickBooks files, credit card records, PayPal records and other financial data from 2004 to mid-2008. In fact, defendants' subpoenaed and received ABC All Consulting, Inc.'s bank account documents until <u>February, 2009</u>.

In other words, defendants *have already received* the discovery they sought in the nature of an accounting. Now, after (a) getting everything they wanted in the way of financial records, (b) seven months after the stipulated pretrial order regarding discovery and (c) eight weeks after their response to plaintiffs' discovery requests seeking post May 2008 financial disclosure was due, they first float the idea of bifurcated discovery to stop plaintiffs from getting what they need. The unfair, one-sided nature of defendants' request speaks for itself.

### Plaintiffs Are not Required to Demonstrate Their Entitlement to an Accounting Before Obtaining Financial Discovery

Defendants cite two very brief, old Appellate Division cases for the proposition that plaintiffs in an "accounting" case are not entitled to financial discovery until they establish their right to an accounting. Assuming the current validity of that supposedly long established rule (and its application to federal court discovery), it does not help defendants here. Plaintiffs have asserted five separate, non-accounting causes of action. See Complaint Paragraphs 54-65. Those claims provide for ordinary damages and/or disgorgement without regard to the legal concept of an "accounting" or a showing that defendants were fiduciaries. Thus, the financial records plaintiffs seek do not relate "*solely* to the items of the account" and must be produced. <u>Alderman v. Eagle</u>, 340 N.Y.S. 2d 716, 718 (2d Dept. 1973) (emphasis added) ( <u>quoting</u> <u>Oboler v. Beakatron Mfg. Corp.</u>, 17 A. D. 2d 639).

Furthermore, the Court is entitled to ask why defendants raised this point of New York law only after they obtained voluminous financial disclosure without having to prove that they were entitled to an accounting. As the Court stated at the conference on June 18, discovery is a two way street.

### Defendants Have not Demonstrated Grounds for Bifurcation

Defendants have reached far and wide in time and distance for decisions supporting bifurcation (e.g., citing several cases from the 1940s and a number

of other cases from the 1960s and 1970s), but they have failed to acknowledge the current law in this circuit -- bifurcation is exception rather than the rule. Computer Assocs. Int'l, Inc. v. Simple.com, Inc., 247 F.R.D. 63, 67 (E.D.N.Y. 2007); Providencia V. v. Schutlze, 2007 U.S. Dist. LEXIS 39980 (S.D.N.Y. May 31, 2007); (same). "In establishing whether bifurcation is warranted, the burden falls squarely on the party seeking bifurcation." Chase v. Near, 2007 U.S. Dist. LEXIS 73218 (W.D.N.Y. Sept. 25, 2007).

In support of bifurcation, Defendants argue that plaintiffs have to demonstrate the existence of a partnership before they can recover damages and, therefore, should not be entitled to financial records until they make such a showing. They cite Judge Sifton's preliminary conclusions to the effect that plaintiffs are unlikely to establish the existence of partnership.

Defendants, however, have misread Judge Sifton's decision. Judge Sifton found that defendants were unlikely to prevail on the merits of any of their counterclaims. In contrast, Judge Sifton found that "plaintiffs have demonstrated irreparable harm and serious questions going to the merits along with a balance of hardships that tips in their favor on their unfair competition claim," and enjoined defendant from "alleging that plaintiffs' sale of designs from the ABC Sites are unlawful; b. claiming exclusive ownership of and right to use the "ABC" and "Anna Bove" family of trademarks."

Judge Sifton's decision shows that plaintiffs can prevail in this action regardless of whether the parties were partners. Furthermore, if Judge Sifton's preliminary findings are the measure of the parties' entitlement to discovery, as defendants imply, then plaintiffs (and only plaintiffs) are entitled to discovery.

Defendants accurately quote footnote 23 of Judge Sifton's decision but misunderstand its import. The cases cited by Judge Sifton hold that parties cannot be a corporation to the world and partners *inter se*. The corporate form controls. See Berke v. Hamby, 719 N.Y.S. 2d 280, 281 (2d Dept. 2001). That principle does cast doubt on the individual plaintiffs' partnership theory, but it *bolsters* the standing of the corporate plaintiff, ABC All Consulting, Inc. ("ABC"), which is a plaintiff on every one of the five causes of actions in the complaint: trademark infringement under the Lanham Act; unfair competition under the Lanham Act; unfair competition under NY GBL 349; libel per se; and conversion. We are constrained to note that Ana Bove herself has produced evidence supporting the claims that the intellectual property in dispute belongs to ABC and not to her personally. In her limited production, Ms. Bove submitted images of CD-Roms sold to customers, which carry notices identifying ABC All Consulting, Inc. as the copyright holder.

Honorable Ramon E. Reyes, Jr.
July 2, 2009
Page 4

### Plaintiffs Need Financial Information to Support Their Claims and to Defend Against the Numerous Counterclaims

Defendants also argue that plaintiffs do not need defendants' financial records because plaintiffs' own records are sufficient to make out their damage claims. This argument is wrong for two reasons.

First, plaintiffs are entitled to disgorgement of defendants' ill gotten profits, which can only be determined from defendants' financial records. See, e.g. Viacom Int'l, Inc. v. Fanzine Int'l, Inc., 2001 U.S. Dist. LEXIS 11925, Copy. L. Rep. (CCH) P28297 (S.D.N.Y. Aug. 15, 2001) (ordering disgorgement as remedy for unfair competition).

Second, defendants fail to mention that they have asserted twenty separate counterclaims, [1] and allege substantial and ongoing damages. Plaintiffs are entitled to test defendants' damage claims by looking into their financial records. Notably, defendants seek disgorgement of profits as a remedy on causes of action that parallel those asserted by plaintiffs, further refuting the argument that plaintiffs need only their own financial records to make their case.

It also is important to emphasize that the corporate defendants-counterclaimants did not even exist until after April 2, 2008 when Ana Bove parted ways with the plaintiffs. Thus, what defendants characterize as bifurcation is really an attempt to completely immunize the corporate defendants-counterclaimants from discovery.

### Bifurcation is Inappropriate, Unnecessary and Prejudicial

Defendants' assumption that plaintiffs will misuse financial discovery is baseless and irrational. Financial records are not trade secrets. It was surely incumbent upon defendants to explain how financial records can be misused and why the Court should give any weight to their *ipse dixit* assertion that they will be misused.

A bifurcated process will further delay the completion of discovery, which is already way behind the schedule contemplated in the pre-trial order due, in significant part, to defendants' foot dragging. Defendants did not even serve

---

[1] It's not possible to match, with certainty, each counterclaimant to each counterclaim. The Answer repeatedly alternates between "counterclaimant" singular and "counterclaimants" plural. This is true even within individual counterclaims. See, e.g. Counterclaim XIV.

Honorable Ramon E. Reyes, Jr.
July 2, 2009
Page 5

discovery requests until three and a half weeks after their responses to plaintiffs' requests were due, and they were not ready to begin producing documents until almost three months after they were due. Plaintiffs are still waiting for a response to their Second Request for Production of Documents, which is now nine weeks overdue. Defendants did not disclose that their email records were allegedly lost or destroyed until the conference on June 18, requiring plaintiffs to begin the process of subpoenaing internet service providers. Likewise, defendants' excuse for not producing publicly filed copyright materials – that the parties should simultaneously exchange such materials – was not even hinted at until the June 18 conference.

Bifurcation will, of course, only further stretch out the discovery process and make it more expensive. One example will suffice. Defendant Polina Dolginov resides in Israel and speaks little English. The parties have yet to figure out how and where she will be deposed. It is sure to be time consuming and expensive. Yet, if defendants have their way, the parties will have to conduct Ms. Dolginov's deposition twice. That result is not in either side's interest.[2]

## CONCLUSION

In sum, defendants have not met their burden to demonstrate that bifurcation is appropriate. Defendants should be compelled to produce the same kinds of financial documents that they received, without objection, from plaintiffs.

Respectfully submitted,

Eric Wertheim

EW/da

cc: Boris Kogan, Esq. (via fax)
Peter L. Berger, Esq. (via fax)

---

[2] The various bifurcation cases cited by defendants require little discussion. As the Court can see, each case turned on particular facts and legal considerations that are not present here.