# BORIS KOGAN & ASSOCIATES
## ATTORNEYS AND COUNSELORS AT LAW

277 BROADWAY, SUITE 701
NEW YORK, NY 10007
TEL: (212) 625-8910
FAX: (212) 219-2728

August 14, 2009

**Sent Via ECF To:**

Honorable Judge Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re: Mikhlyn, et al. v. Bove, et al.**
        **Case No. 1:08-cv-3367**

Honorable Judge Reyes:

    This firm represents the Defendants in the above referenced action and I submit this letter in response to Plaintiffs' letter dated August 11, 2009, in which Plaintiffs allege that Defendants are responsible for a breakdown in communications in connection with discovery. As can be seen below, it is Plaintiffs' lack of cooperation that is hindering the progress of discovery by delaying the execution of the protective order, refusing to cooperate on the scope of the court-ordered simultaneous exchange of design documents, by serving improper and invasive subpoenas, and by failing to furnish adequate responses to document demands and interrogatories.

    Plaintiffs continue to delay finalizing the protective order. By email dated March 18, 2009, Plaintiffs had originally requested the Protective Order because of the sensitivity of information to be provided during discovery. In response, I drafted a protective order and forwarded same to Plaintiffs by email on April 1, 2009. Plaintiffs' initial concerns regarding the protective order were resolved at the June 18, 2009 conference. However, even after I agreed to incorporate the additional modification requested by Plaintiffs during a meeting held at my office on July 2, 2009, Plaintiffs have again introduced a new change that continues to delay the signing of the protective order. Plaintiffs' latest proposal to expand the scope of the protective order to cover all business records, as opposed to just financial records and intellectual property is not a reasonable modification, and is probably not enforceable since it is too broad. Incidentally, without a protective order in place, I cannot furnish my client's

response to Plaintiffs' Second Request for Documents.

Plaintiffs also refuse to enter into an agreement governing the simultaneous exchange of design documents that was ordered by the court at the June 18 Conference. In the absence of a protective order an agreement governing the exchange is necessary to keep the documents "Attorneys Eyes Only." Moreover, an agreement would accurately establish the parameters of the exchange as including only those documents that demonstrate the process of any alleged design or creative improvement of public domain designs. Establishing strict parameters for the exchange is even more pressing in light of Mr. Wertheim's contention that he has over 100 CD-ROMS of design information ready for exchange which clearly indicates that Plaintiffs intend to inundate Defendants by delivering a barrage of irrelevant data, whether or not same is probative of the origin of the design.

Furthermore, notwithstanding the Court's directive at the June 18 conference, that Plaintiffs furnish the underlying and supporting documentation for Plaintiffs' tax returns, to date, Plaintiffs and their accountant have failed to provide even a single supporting document. The relevant page of the transcript of the June 18 conference is attached hereto.

Moreover, in a palpably improper demand, Plaintiffs have recently served subpoenas on both Microsoft Corporation and Yahoo! Inc. seeking access to Defendants' email records "for the period of January 2003 <u>through the present time</u>," knowing full well that any records after the April 1, 2008 freezeout contain privileged and confidential communications, including documents prepared for litigation and communications with counsel. Copies of the subpoenas are attached hereto.

Additionally, Plaintiffs' responses to Defendants' Interrogatories are deficient since, for instance: (a) Plaintiffs have failed to provide detailed bank account and credit card information, as requested in Interrogatory 6; and (b) Plaintiffs have failed to state information regarding income and expenditures as requested in Interrogatories 7a, 8c and 8d.

I will be attempting to resolve all outstanding discovery issues with Mr. Wertheim in the coming week. Should this meet with only limited success, I join in Plaintiffs' request for a discovery conference and welcome the opportunity to discuss, address and resolve the foregoing issues.

Very truly yours,

/s/ Boris Kogan
Boris Kogan (BK-9135)

BK:ya
Encl.