Mikhlyn et al v. Bove et al
07/20/2009 MON 14:33 FAX
Case 1:08-cv-03367-CPS-RER   Document 81-3   Filed 08/14/09   Page 1 of 7
Doc. 81 Att. 2
☒013/019

VAL MANDEL, P.C.
80 Wall St., Suite 1115
New York, New York 10005
(212) 668-1700
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

VADIM MIKHLYN, INGA MIKHLYN, and
ABC ALL CONSULTING, INC.          : **SUBPOENA DUCES TECUM**

                  Plaintiffs

      -against-           : 08 CV. 03367(CPS)

ANA BOVE, POLINA DOLGINOV
ANNA BOVE COMPANY, LLC,
ANA BOVE COLLECTIONS, INC.
and ANNA BOVE EMBROIDERY SUPPLIES, INC.

                  Defendants.

------------------------------------------X
ANA BOVE, ANNA BOVE COMPANY, LLC, and
ANNA BOVE EMBROIDERY SUPPLIES, INC.,

             Counter-Plaintiffs,

      -against-

VADIM MIKHLYN, INGA MIKHLYN and
ABC ALL CONSULTING, INC.,

             Counter-Defendants.
------------------------------------------X

TO:  Yahoo! Inc.
      701 First Avenue
      Sunnyvale, CA 94089

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

Documents.

1. Any and all e-mails between (to or from) **ana.bove@yahoo.com** and any one or more of the following e-mail addresses:

annb997@fusemail.com
ladydin@fusemail.com
ana.bove@yahoo.com
AnnBove@hotmail.com
annb997@hotmail.com
AnnnBoveUSA@hotmail.com
annabove1@bezeqint.net
annabove@bezeqint.net
polina80@012.net.il
polinadolginov@hotmail.com
masht153@hotmail.com
masht152@hotmail.com
polinadolginovusa@hotmail.com
vivekaberg@gmail.com
bobbies@bellsouth.net
ghutte214@hotmail.com


PLACE:     VAL MANDEL, P.C.
           80 Wall Street, Suite 1115
           New York, NY 10005
           (212) 668-1700

DATE:      August 31, 2009 at 10:00 a.m.


Dated: New York, New York
       July ___, 2009

                                    VAL MANDEL, P.C.
                                    80 Wall Street, Suite 1115
                                    New York, New York 10005
                                    (212) 668-1700
                                    Attorneys for Plaintiffs

                                    By: _____
                                        Daniel Akselrod (DA-2569)

## Instructions.

1. In response to this subpoena duces tecum, please provide all documents in your possession, custody or control, regardless of where they may be located.

2. To the extent that this request calls for what you believe to be documents subject to a claim of privilege, attorney work product, or material prepared for litigation, please provide a privilege log.

3. Unless otherwise specified, the documents sought by this request are all those that were created or came into your possession, custody or control for the period of January 2003 through the present time.

## Definitions.

1. As used herein the terms "document" and "documents" mean any and all tangible things, whether handwritten, typed, printed, e-mailed, recorded, filmed, photstated, copied or reproduced in any way. The term "documents" shall also include any drat or version of a document and all copies which are not identical to the original; all modifications or additions to any document, whether or not such copies or drafts are specifically mentioned in particular requests; and any material recorded in verbal, graphic, computer, electronic, telecommunicative, or magnetic form, and any other form capable of being read, heard or otherwise understood.

2. The term "you" and "your" means belonging to Israel Discount Bank, its affiliates, agents, servants, principals, partners, associates, employees, corporate officers, attorneys, representatives, investigators, experts, or consultants employed, retained or hired by or on its behalf, and all others who have acted, purported to act, or obtained information for or on its behalf.

3. The term "relating to" means referring to, concerning, describing, evidencing or constituting.

4. The singular shall include the plural and the plural shall include the singular.

5. The words "and" and "or" shall be construed conjunctively to mean "and/or." The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the document request in question.

6. The term "including" shall not be construed to limit the scope of any document request; rather, it shall be construed as meaning "including, without limitation."

7. The term "person(s)" includes any natural person or any business, legal or governmental entity or association, and any subdivision, instrumentalities or agencies thereof.

Rule 45, Federal Rules of Civil Procedure, subdivisions (c),(d) and (e):

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and

shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).