## VAL MANDEL, P.C.

**Val Mandel**
Member of NY, NJ and DC Bars
e-mail:  vm@valmandelpc.net

**Eric Wertheim**
Member of NY and NJ Bars
e-mail:  ew@valmandelpc.net

**Daniel Akselrod**
Member of NY Bar
e-mail:  da@valmandelpc.net

80 Wall Street, Suite 1115
New York, NY 10005
(212) 668-1700
Fax (212) 668-1701

August 17, 2009

*VIA ECF*
Honorable Ramon E. Reyes
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Vadim Mikhlyn, Inga Mikhlyn and ABC All Consulting, Inc. v. Ana Bove, Polina Dolginov, et al.
Docket No.: 08 CIV. 3367**

Dear Judge Reyes:

We represent the Plaintiffs in this action.  We are writing in reply to defendants' letter of August 14, 2009.

Just like the last time we were forced to trouble Your Honor, we are before the Court because defendants simply stopped communicating with us about discovery (worse this time because Your Honor ordered us to speak to each other, yet counsel has repeatedly ignored my phone calls for the last month).

Just like the last time, defendant has cobbled together a few transparently artificial conflicts to cover their failure to follow the Court's orders.

### The Protective Order

There is no conflict whatsoever about the Protective Order (which is being drafted at our request, not defendants).  In my last written communication to counsel on this subject, I made a suggestion about one provision of the draft order, and I made it explicitly clear that I was leaving it "up to you" to the defendants about whether the suggested change should be made.  If counsel had telephoned me like he was supposed to, his misreading of my email would

Honorable Ramon E. Reyes, Jr.
August 17, 2009
Page 2

have been cleared up.

Even if there was a true conflict about the language of the Protective Order, it has not been, and would not be, an impediment to ongoing discovery because the parties have been producing documents all along with the understanding that the production would be subject to the terms of the Order.

At a minimum, defendants surely do not need a signed protective order to transmit the written response to our second document request – now 17 weeks overdue – so we can at least determine whether there is a dispute about the scope of their proposed production.

### The Designs

Defendants' assertion that their designs will need "attorneys eyes only" protection" crosses the line into sanctionable. Your Honor will recall that according to defendants, their designs were copyrighted or in the process of being copyrighted. Had we been willing to (a) take on an unnecessary burden and expense, and (b) relieve defendants' of their discovery obligations, we could have obtained these essential documents the Copyright Office. The idea that defendants could assert copyright counterclaims and then claim attorneys' eyes only protection for the copyrighted material is preposterous.

### The ISP Subpoenas

Finally, defendants are to blame for their alleged concerns about the scope of the third party Internet Service Provider ("ISP") subpoenas. After we met on July 2, 2009, counsel said he would be speaking to his client within a few days and would get back to us about how to handle the review of documents to be produced by ISPs, so as to exclude or redact objectionable materials. Defendants never got back to us. We are not obligated to allow defendants to stall discovery indefinitely by their inaction.

### The Alleged Need for an Agreement Governing the Exchange of Designs

We have already made clear to defendants, in writing, that the 100 discs we have been ready to exchange with them (for four weeks) are comprised of artwork and designs. There is no filler being dumped on defendants. The reason there are so many discs is that graphic materials take up a great deal of space in digital media. It is interesting to note that defendants keep brining up a new agreement that would govern this portion of the exchange specifically,

Honorable Ramon E. Reyes, Jr.
August 17, 2009
Page 3

but never simply state what needs to be in it.  Instead they just keep throwing the idea out there as an excuse to further delay discovery.

Given that we have made no progress in receiving the documents we sought at the last conference on June 18, 2009, we have to reiterate our request that the parties begin the depositions while the open document issues are sorted out, hopefully by the parties and, failing that, by Your Honor.

I will be away from August 20 through August 27.  I respectfully request that any conference be scheduled after the 27th.

Respectfully submitted,

Eric Wertheim

EW/da
Encl.

cc:   Boris Kogan, Esq. (via fax)