```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VADIM MIKHLYN, INGA MIKHLYN, and
ABC ALL CONSULTING, INC.

                            Plaintiffs,    Index No. CV 08 3367
                                                    (CPS)(RER)
         - against -

ANA BOVE, POLINA DOLGINOV,                 STIPULATION AND
ANNA BOVE COMPANY, LLC,                    PROTECTIVE ORDER
ANNA BOVE COLLECTIONS, INC., and
ANNA BOVE EMBROIDERY SUPPLIES, INC.,

                            Defendants.


ANA BOVE, Individually and Derivatively
As a Shareholder of ABC ALL
CONSULTING, INC,
ANNA BOVE COMPANY, LLC,
ANNA BOVE EMBROIDERY
SUPPLIES, INC,
AND ABC ALL CONSULTING, INC.,

                            Counter-Plaintiffs,

         - against -

VADIM MIKHLYN, INGA MIKHLYN,
AND ABC ALL CONSULTING, INC.,

                            Counter-Defendants.
----------------------------------------X
```

Plaintiffs Counterdefendants VADIM MIKHLYN, INGA MIKHLYN, AND ABC ALL CONSULTING, INC., and defendants ANA BOVE, POLINA DOLGINOV, ANNA BOVE COMPANY, LLC., ANNA BOVE COLLECTIONS INC., AND ANNA BOVE EMBROIDERY SUPPLIES, INC. and Counterclaimants ANA BOVE, ANNA BOVE COMPANY, LLC., AND ANNA BOVE EMBROIDERY SUPPLIES, INC., stipulate that the following protective order may be entered by the Court:

1. **Introduction and Scope**

This protective order shall govern all documents and information exchanged during this action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, disclosures under Rule 26, and responses to requests for admission. The documents and information governed by this protective order shall be collectively referred to as "Discovery Material."

2. **Designation of Certain Discovery Material**

Discovery Material may be designated as "Confidential" where such Discovery Material contains personal financial information or proprietary information, however documented. Discovery Material may be designated as "Confidential Attorneys Only" where such Discovery Material contains trade secrets or commercially sensitive information. The respective parties' financial information is not commercially sensitive material, and will be marked "Confidential" and not "Confidential Attorneys Only," unless there is some other specific good faith basis for designating a document as "Confidential Attorneys Only." Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "Confidential" or "Confidential Attorneys Only." Any such designation that is inadvertently omitted during document production may be corrected by written

notification to opposing counsel.

3. **Limitations on Access to Discovery Material**

Subject to Paragraph 4. of this Order, no "Confidential" or "Confidential Attorneys Only" Discovery Material shall, without prior written consent of the producing party or an order of this Court, (a) be disclosed, to anyone other than the Court and the persons and entities specified in Paragraph 4. hereof; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation.

4. **Limitations on Access to "Confidential" and "Confidential Attorneys Only" Discovery Material**

Access to and disclosure of "Confidential" and "Confidential Attorneys Only" Discovery Material marked and identified in accordance with this Order shall be limited to Authorized Personnel listed in this paragraph. Authorized Personnel are:

(a) Outside counsel for the plaintiffs, namely partners and associates of Val Mandel PC, including their legal assistants, administrative assistants, secretaries and other employees on their clerical and administrative staffs;

(b) Outside counsel for the defendant, namely partners and

associates of Levisohn Berger, LLP and Boris Kogan and Associates PC, including their legal assistants, administrative assistants, secretaries and other employees on their clerical and administrative staffs;

(c) Outside experts or outside consultants for any party, including their administrative assistants, secretaries and other employees on the clerical and administrative staffs of those outside experts or outside consultants whose advice and consultation are being or will be used by such party in connection with this proceeding, including any motions in this proceeding. Outside experts or outside consultants, as used in this paragraph, shall not include any regular employee of the receiving party. A party desiring to disclose "Confidential" or "Confidential Attorneys Only" Discovery Material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A. A copy of the Acknowledgement shall be served upon opposing counsel. The opposing party shall then have five business days to serve a specific written objection to such disclosure. If an objection is served within the five business day period, there shall be no disclosure to the expert or consultant except by agreement of the parties or order of the Court. If no objection is served within the five business day period, objections are waived and disclosure to the expert or consultant may proceed. No party may object to

4

the selection of an expert or consultant unreasonably. If a party objects pursuant to the provisions of this paragraph and the parties cannot resolve their dispute on the terms of disclosure, the party seeking disclosure may apply to the Court for an order permitting disclosure of Confidential Attorneys Only Discovery Material to such person, or other appropriate relief;

(d) The Court, the Court's staff, and the jury in this litigation;

(e) Employees of outside vendors providing copy, imaging, or translation services, exhibit preparation services, and/or jury consultation services in connection with this litigation;

(f) Stenographic reporters and videographers engaged for depositions or proceedings in this action;

(g) Any person (a) who is identified as an author or recipient, including receipt by copy, of any document or information, or (b) who has been identified in writing by the designating party as having been provided with the document or information. Such persons shall be considered "Authorized Personnel" solely with respect to the specific document or information.

(h) The parties shall be considered "Authorized Personnel" solely with respect to Discovery Material marked "Confidential." Discovery Material marked "Confidential Attorneys Only" shall not be disclosed to the parties.

5. **Party's Own Information**

The restrictions on the use of Discovery Material established by this protective order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Discovery Material.

6. **Related Material**

The restrictions on the use of Discovery Material established by this protective order shall extend to: (i) all copies, extracts and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "Confidential" or "Confidential Attorneys Only" Discovery Material as provided for by paragraph 9. hereto and are marked as such on at least the first page of the writing.

7. **Deposition Testimony**

Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of

the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

8. **Designation of Documents Under Seal**

Any hard copy of "Confidential" or "Confidential Attorneys Only" Discovery Material that is filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this protective order. The party filing any paper that reflects or contains any "Confidential" or "Confidential Attorneys Only" Discovery Material shall file such paper in a sealed envelope bearing the title of this action and the case number, the name of the party filing the paper, the legend CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY, and a statement substantially in the following form:

> This envelope contains documents subject to a protective order of the Court entered on [date of order]. It should not be opened nor its contents disclosed, revealed, or made public except by order of the Court or agreement of the parties. The Court finds that there is good cause for this sealing order. Pursuant to LR-79.3(a)(2) this Order alone is sufficient demonstration that a judge has ordered the proffered documents to be filed under seal.

9. **Use of Discovery Material at Hearing or Trial**

At any hearing or trial relating to this proceeding, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential Attorneys Only" Discovery

7

Material for any purpose. In the event that any "Confidential" or "Confidential Attorneys Only" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "Confidential" or "Confidential Attorneys Only" Discovery Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "Confidential" or "Confidential Attorneys Only" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this protective order. Where a party plans to use "Confidential" or "Confidential Attorneys Only" Discovery Material in a hearing or trial, that party shall notify opposing counsel at least 24 hours ahead of the hearing or trial and shall notify the Court at the outset of the proceeding that some portions of the evidence to be presented have been so designated.

10. **Challenge to Designation**

In the event that the party receiving "Confidential" or "Confidential Attorneys Only" Discovery Material disagrees with the designation by the producing or designating party, then the parties initially will try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally within

five (5) business days, the receiving party may apply to the Court for relief. Any such disputed items shall be treated as "Confidential" or "Confidential Attorneys Only" Discovery Material, as designated, and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of a "Confidential" or "Confidential Attorneys Only" designation, and failure to do so shall not constitute an admission that any item or information is in fact "Confidential" or "Confidential Attorneys Only" Discovery Material.

11. **Other Protections; Challenge to Confidential or Confidential Attorneys Only Treatment**

This protective order shall not preclude any party from seeking additional protection with respect to the confidentiality of Discovery Materials as that party deems appropriate. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Discovery Materials otherwise prohibited by this protective order.

12. **Return of Discovery Material**

Unless otherwise agreed in writing by counsel for the parties, within 30 days of the final termination of this action, each party shall return all "Confidential" and "Confidential Attorneys Only" Discovery Material, including all copies, extracts, and summaries

thereof, to the party from whom the Discovery Material was obtained and/or destroy all such information and provide certification of such destruction.

13. **Waiver or Termination**

The provisions of this protective order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court. This Order shall survive the final termination of this proceeding with respect to any retained "Confidential" or "Confidential Attorneys Only" Discovery Material. Termination of the proceedings shall not relieve any person from the obligations of this protective order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the protective order despite the termination of this lawsuit.

14. **Notice**

All notices required by this protective order are to be served via hand delivery or facsimile to the appropriate attorney(s) at Boris Kogan and Associates PC and Levisohn Berger LLP and Val Mandel PC. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the delivery or facsimile was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this order.

15. **Other Proceedings**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Confidential Attorneys Only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. **Effective Date**

In order to permit discovery to proceed without further delay, the parties have agreed that this Order shall be effective from the date on which it was stipulated by their respective counsel and submitted to the Court.

17. **Jurisdiction**

The parties further agree that the United States District Court, Eastern District of New York, shall retain jurisdiction of this matter so as to resolve any dispute arising in connection with this Stipulation and Protective Order, whether before or after the termination of this action.

Dated: September 9, 2009

By: ERIC WERTHEIM, ESQ.
(EW-3049)

VAL MANDEL PC
Attorneys for Plaintiffs
80 Wall Street, Suite 1115
New York, NY 10005
Tel: (212) 668-1700
Facsimile: (212) 668-1701

Of Counsel:

**ATTORNEYS FOR PLAINTIFFS AND COUNTERDEFENDANTS**
VADIM MIKHLYN, INGA MIKHLYN, and ABC ALL CONSULTING, INC.

Dated: September 9, 2009

By: DAVID BINSON, ESQ.
(DB-4602)

BORIS KOGAN & ASSOCIATES PC
Attorneys for Defendants
277 Broadway, Suite 701
New York, New York 10007
Tel: (212) 625-8910
Facsimile: (212) 219-2728

Peter L. Berger

LEVISOHN BERGER LLP
11 Broadway, Suite 615
New York, NY 10004
Tel:(212) 486-7272
Facsimile: (212) 486-0323

**ATTORNEYS FOR DEFENDANTS**
ANA BOVE, POLINA DOLGINOV, ANNA BOVE COMPANY, LLC, ANNA BOVE CELLECTIONS, INC. and ANNA BOVE EMBROIDERY SUPPLIES INC.

And COUNTERCLAIMANTS
ANA BOVE, ANNA BOVE COMPANY LLC, AND ANNA BOVE EMROIDERY SUPPLIES, INC.

APPROVED AND SO ORDERED
DATED: _____, 2009

_____
United States District Court Judge

## EXHIBIT A

WRITTEN ACKNOWLEDGMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I am fully familiar with the terms of the stipulation and protective order concerning confidentiality that was entered into by the parties in connection with the action entitled <u>Vadim Mikhlyn et al v. Ana Bove et al.</u> 08 Civ. 3367 (CPS)(RER), and hereby agree to be bound by the terms and conditions of the stipulation and protective order. I further swear that I am reviewing Discovery Materials solely for the purposes of the above-referenced litigation. I hereby consent to the jurisdiction of the United States Court for the Eastern District of New York, for the purposes of enforcing the stipulation and protective order.

I am employed by _____ and my title is _____.

Executed on _____, _____, at _____.

_____
Signature

13