# BORIS KOGAN & ASSOCIATES
### ATTORNEYS AND COUNSELORS AT LAW

277 BROADWAY, SUITE 701
NEW YORK, NY 10007
TEL: (212) 625-8910
FAX: (212) 219-2728
WWW.BORISKOGAN.COM
EMAIL: BK@BORISKOGAN.COM

September 25, 2009

**Sent Via ECF To:**

Honorable Judge Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re: Mikhlyn, et al. v. Bove, et al.**
> **Case No. 1:08-cv-3367**

Honorable Judge Reyes:

This firm represents the Defendants in the above referenced action, and I submit this letter in support of Defendants' request that the production of the deposit images to Plaintiffs remain "attorneys eyes only."

There were two types of documents furnished to the Copyright Office by Defendants in order to demonstrate copyrightable improvement. The first were the deposit images, which are original source images that would have included original images from old french magazines, along with other original design inspiration. The second were the finished images, available to be seen on Defendants' website. Contrary to the Plaintiffs' claim that these images would be available to Plaintiffs should they travel to the Copyright Office in Washington, the law imposes several restrictions on public access to such documents, in accordance with 17 U.S.C. 705 and 706, and 37 C.F.R. 201.2. In fact, pending applications and the documents supporting them are restricted, and limited access to all other documents may be available as only some of the deposit materials are available for inspection, during limited hours at the Copyright Office in Washington D.C., and only upon payment of certain fees.

Moreover, the production of the deposit images should remain "attorneys eyes only" since Defendants would suffer competitive harm by directly producing such images to Plaintiffs who are selling the same product as Defendants. See, Nutratech, Inc. v.

Syntech (SSPF) Intern., Inc., 242 F.R.D. 552 (C.D.Cal. 2007) where the Court held that discovery of defendant's confidential business information would be restricted by protective order limiting disclosure to plaintiff's "attorney's eyes only," and not to plaintiff's president, in trademark infringement suit, since defendant would suffer competitive harm by directly disclosing such information directly to plaintiff, which sold same product as defendant, and plaintiff's attorney could prosecute claims and prepare litigation strategy without disclosure to plaintiff's president) See also, Liberty Folder v. Curtiss Anthony Corp., 90 F.R.D. 80 (S.D.Ohio 1981).

In this case, as in Nutratech, Inc., Defendants will suffer competitive harm by permitting disclosure of the deposit images to Plaintiffs since Plaintiffs are in the same business as Defendants and secondly to use them to create new works. See, F.R.C.P. Rule 26(c).

Many of the original design images were compiled by Anna Bove at great expense and effort over a period of several years. She traveled through Europe to locate and purchase materials which contained the images which inspired her subsequent works. Therefore, simply handing the deposit images over to the Mikhlyns on a silver platter with the well-founded belief that they will be abused is inequitable and manifestly unfair to Anna Bove.

Additionally, Plaintiffs would have the Court believe that attaining these images from the Copyright Office is a simple process. The reality is that requesting full histories on copyright cases from the Copyright Office is time consuming, very expensive. Then there is the specter that the Copyright Office may only produce incomplete records.

Furthermore, Plaintiffs' attorneys can prosecute their claims and prepare litigation strategy without the disclosing of the deposit images to Plaintiffs. Nutratech, Inc. v. Syntech (SSPF) Intern., Inc., 242 F.R.D. 552 (C.D.Cal. 2007). This is because the finished products that stem from these original deposit images are freely available. One only need extrapolate in one's mind as to what the original image may have looked like. There is no benefit for Plaintiffs to see these images.

It should be noted that the Court has already ruled on page xx of the September 9, 2009 Conference transcript, that works in progress or designs representing intermediate steps in the design process should must reasonably be "attorneys eyes only." The Court should be aware that many of the CDs provided to Plaintiffs during simultaneous exchange contain images in many phases of creation towards final products, and these are not publicly available. All of these images should without question remain Attorneys Eyes Only as agreed by the Court.

  In the event that the Court decides to allow the Mikhlyns to view the deposit images, then the Mikhlyns should be restricted to viewing the images only without possession.

  In light of the foregoing, it is respectfully requested that the Court rule that the production of Deposit Images be "attorneys eyes only."

            Very truly yours,

            /s/ Boris Kogan
            Boris Kogan (BK-9135)

DB:zk
Encl.

cc: Eric Wertheim, Esq. (Via Facsimile)