**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
VADIM MIKHLYN, INGA MIKHLYN,
and ABC ALL CONSULTING, INC.,

                        Plaintiffs,                  **SUMMARY ORDER**

        -against-

                                                08-CV-03367 (ARR)(RER)

ANA BOVE, POLINA DOLGINOV,
et al.,

                        Defendants.
-----------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

        Plaintiffs' motion for discovery is granted in part for the reasons stated herein. To the extent plaintiffs sought to have me incorporate the "newly discovered" evidence into the reconsideration of their motion for sanctions, I have done so. (*See* Dkt. No. 227.) However, as explained therein I have not amended the initial recommendation to award attorneys' fees and costs rather than default judgment. (*See id.*)

        Defendants represent that they have gone through much of the electronic documents referenced in plaintiffs' motion and are nearly ready to produce them. By September 4, 2011, defendants must produce the chats and emails that have yet to be produced. Defendants must include a log identifying those purportedly privileged documents.

        Non-party Tradeindicator is also ordered to provide all responsive documents to plaintiffs' subpoena duces tecum dated November 8, 2009, to the extent that it has not done so already. Contrary to defendants' assertion, the subpoena seeks all documents through the present, which imposes a continuing duty on Tradeindicator to provide responsive documents. Tradeindicator and Anna Bove Company have been in a commercial landlord-tenant relationship

for three to four years, and so plaintiffs infer that more than four pages of Quickbooks must exist; and, frankly, accepting defendants' assertion that some twenty pages were produced, it seems likely that more documents exist. Defendants contend that 2010 information is not available. Tradeindicator is to produce such information within a week of its becoming available. To the extent other responsive documents have not been produced, Tradeindicator has until September 4, 2011 to produce them.

Tradeindicator is put on notice that failure to produce may result in sanctions, such as a fine and payment of plaintiffs' attorneys fees and costs. Plaintiffs, however, are cautioned that they must come to me with specific information about what outstanding documents they believe they are missing, *i.e.* certain categories of information typically kept in the course of regular business between a commercial landlord and tenant, missing pages, specific information that should be in the records provided but is not, etc. Vague assertions that only X number of documents has been produced and inferring that there *must* be something else will not result in sanctions.

SO ORDERED.

Dated: August 4, 2011
      Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**