UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

VADIM MIKHLYN, INGA MIKHLYN, and ABC ALL CONSULTING, INC.,

                Plaintiffs,

-against-

ANA BOVE, POLINA DOLGINOV, et al.,

                Defendants.

---------------------------------------------------------------- X

08-CV-3367(ARR)(RER)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

The court has received the Report and Recommendation of the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, dated August 3, 2011, recommending Rule 37 discovery sanctions against the defendants and defendants' former counsel, Boris Kogan & Associates. Judge Reyes electronically filed and served his report and recommendation on the instant motion for sanctions.

On August 17, 2011, *pro se* defendants, Ana Bove and Polina Dolginov, and the represented corporate defendants, Ana Bove Collections, Inc. et al., filed separate objections to Judge Reyes' Report and Recommendation.[1] "Within fourteen days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1). Having reviewed de novo the record relevant to the portions of the Second R&R to which defendants have objected, the court adheres to Judge Reyes' reasoning and

---

[1] Defendants' former counsel, Boris Kogan, withdrew from representation on May 11, 2010. Dkt. No. 105. Ana Bove and Polina Golginov, the personal defendants, have proceeded *pro se*. The corporate defendants, to avoid technical default, have retained the law firm Levisohn Berger, L.P., which had previously played a limited role advising on intellectual property issues. Dkt Nos. 170, 171. Levisohn Berger has since stepped in as corporate counsel and liaison to the *pro se* defendants.

1

recommendations. Plaintiffs' motion for sanctions is therefore granted in part, and plaintiffs shall be awarded attorneys' fees as calculated in the R&R.

## I. Background

*A. Procedural History*

A thorough background of the parties' substantive claims and allegations is set forth the late Judge Sifton's Memorandum and Opinion dated October 15, 2008, granting in part and denying in part plaintiffs' motion for a preliminary injunction and denying defendants' motion for a preliminary injunction. Dkt. No. 44. For the purposes of the instant motion, it suffices to note that the litigation centers around control of an online family business selling embroidery designs. Since Judge Sifton's order, the parties have engaged in drawn out and contentious litigation, characterized by frequent requests for court intervention and mutual accusations that the parties had failed to cooperate in the discovery process. See Dkt. Nos. 64, 71, 80, 91, 101. Though all of the breakdowns in cooperation between the parties need not be recounted here, the instant controversy arose from a pattern of unresponsiveness by defendants and their counsel.

Less than a week before the date for the close of discovery in April 2009, plaintiffs filed a motion for a discovery conference because defendants' counsel, Boris Kogan, had "stopped responding" to several communications concerning the scheduling depositions and the production of certain documents. Dkt. No. 71. Among other requests, plaintiffs demanded that the defendants produce certain e-communications, such as emails and logs of MSN/Skype chats. Id. at Ex. 4. At the discovery conference, Judge Reyes instructed counsel that electronic communications discussing the subtleties of the case are discoverable and that by September 9, 2009, discovery was to be completed and the parties ready to conduct depositions. Tr. of June 18, 2009, Conference, Dkt. No. 77, at 13-14. Before the next status conference, plaintiffs once

again requested court intervention, again citing defendants' failure to communicate and meet overdue obligations, including the production of electronic communications. Dkt. No. 80, Ex. 1. Once again, Judge Reyes ordered the production of certain electronic communications to be screened for privilege by the non-requesting party. Tr. of Sep. 9, 2009 Conference, Dkt. No. 86, at 29-30, 33. A dispute also arose over a group of documents that defendants had produced to plaintiffs but blanket-designated "attorneys' eyes only." Dkt. No. 91. Judge Reyes instructed the defendants not to make such blanket designations, but to separately assert the protection for each document that warranted such designation. Tr. of Nov. 2, 2009 Conf., Dkt. No. 93 at 24-25. After granting several extensions, Judge Reyes set the close of discovery for May 7, 2010, and warned the parties that failure to satisfy completely their discovery obligations would lead to his consideration of Rule 37 sanctions, and potentially default. Dkt. No. 101.

On May 3, 2010, Boris Kogan moved to withdraw as defendants' counsel. Dkt. No. 102. Judge Reyes granted the request and ordered Boris Kogan & Associates (the"Kogan Firm") to produce all discovery materials in the firm's possession by May 26, 2010. Id. The Kogan Firm belatedly produced the documents on June 1, 2010 but improperly designated the entire batch "attorneys' eyes only" requiring another discovery motion by plaintiffs. Dkt. No. 117. Finally, plaintiffs filed a motion seeking a default judgment and monetary sanctions pursuant to Rule 37 against defendants, citing defendants' evasive conduct in violation of discovery orders as well as a belief that defendants had withheld discoverable electronic communications. Dkt. No. 130. This court respectfully referred the sanctions motion to Judge Reyes for Report and Recommendation.

In a Report and Recommendation dated February 3, 2011 (the "First R&R"), Judge Reyes recommended that the court not impose the harsh sanction of a default judgment against

the defendants, but instead that plaintiffs be awarded the costs and reasonable attorney's fees associated with the three discovery motions and the sanctions motion.[2] Dkt. No. 189. In recommending monetary sanctions, Judge Reyes noted the defendants' long history of failures to respond to requests absent court intervention and the Kogan Firm's post-withdrawal failure to timely turn over and properly designate documents in their possession. Judge Reyes opted not to recommend default judgment, noting that defendants had not engaged in the kind of egregious or bad faith misconduct to warrant litigation-ending sanctions. Id. at 23. Moreover, Judge Reyes did not find sufficient evidence supporting plaintiffs' claim that unproduced e-communications actually existed, or that the failure to produce certain financial documents was the fault of defendants. Id. at 15. Judge Reyes permitted additional discovery for the limited purpose of determining whether e-communications had been improperly destroyed or withheld. Id. at 19-21.

*Pro se* defendants objected to the First R&R, arguing that Boris Kogan and the Kogan Firm were solely responsible for all discovery misconduct, and accordingly should bear the costs of any sanctions. This court construed *pro se* defendants' objections as a motion for reconsideration and respectfully referred the matter back to Judge Reyes. Dkt. No. 193. Upon motion for reconsideration, defendants' prior counsel, Boris Kogan, submitted opposition papers and exhibits regarding discovery-related communications between Kogan and defendants, showing defendants' extensive involvement in the discovery process and their contributions to the misconduct in discovery. Dkt. No. 201.[3] In light of additional evidence revealed in the pleadings, plaintiffs also asked that the earlier sanctions recommendation be expanded to include

---

[2] Judge Reyes recommended sanctions for plaintiffs' three discovery motions (Dkt Nos 71, 80 and 117), and the Rule 37 sanctions motion (Dkt 130).

[3] In light of defendants' argument that the Kogan Firm was solely responsible for discovery communications, the attorney-client privilege was deemed waived with respect to discovery communications between the Kogan Firm and the defendants.

4

consideration of e-communications that appeared to be withheld or destroyed by the defendants. Dkt. No. 223. Specifically, plaintiffs pointed to an email dated February 20, 2010, from Alex Sikirski, the president of the corporate defendants, to Boris Kogan, which appeared to reference electronic communications not previously produced, including potentially relevant emails and Skype instant message chats. Boris Kogan's Affirmation in Opposition ("Kogan Aff."), Dkt. No. 201, Ex. 10. In their pleadings, defendants also admitted that all internet Skype chats in their possession between the parties prior to 2009 had been inadvertently deleted during a re-installation of Skype. Mem. in Resp. to Affirmation of Boris Kogan, Dkt. No. 210, Ex. 3 at 34.[4]

B. Judge Reyes' Second Report and Recommendation

After considering affidavits and exhibits submitted by the Kogan Firm and *pro se* defendants as to who should bear the responsibility for the sanctionable conduct, and the additional submissions from the plaintiffs concerning the unproduced electronic communications, Judge Reyes issued the instant report and recommendation. Dkt. No. 227 ("Second R&R"). Beyond to the failure to comply with discovery obligations noted in the First R&R, Judge Reyes also took notice of the February 20, 2010, email's reference to Skype chats not previously produced or mentioned, as well as the apparent existence of thousands of emails and documents that had not been previously produced. Second R&R, at 5. Further, Judge Reyes considered *pro se* defendants' admission that all Skype chats between them prior to 2009 had been deleted in violation of their duty to preserve. Id. at 7-8. With this new evidence, Judge Reyes now credited plaintiffs' earlier allegations that electronic documents and communications had been withheld over the course of the litigation. Nevertheless, Judge Reyes again declined to

---

[4] According to defendants, Sikirski had been having troubles with Skype and re-installed the application. Sikirski asked that the other defendants also reinstall Skype to avoid similar problems. Defendants believed that these chats would continue to be saved in the Skype server. Mem. in Resp. to Affirmation of Boris Kogan, Dkt. No. 210, ex. 3 at 34.

5

recommend default judgment for the discovery violations. Rather, Judge Reyes adhered to his recommendation that the court award only attorney's costs and fees. Id. at 9. This time, Judge Reyes found both the Kogan Firm and the defendants responsible and recommended that the court apportion the sanctions award. Accordingly, for failures to communicate and post-withdrawal failures to comply with court orders, Judge Reyes recommended that the Kogan Firm bear responsibility for attorney's fees and costs associated with plaintiffs' three discovery motions for court intervention in the amount of $6,666.44; for withheld and destroyed documents and for generally evasive discovery behavior over the course of the litigation, Judge Reyes found defendants primarily responsible and recommended that they be found liable for the remaining fees and costs associated with plaintiffs' sanctions motion in the amount of $42,034.08. Id. at 15, 19.

C. Defendants' Objections to the Second R & R

*Pro se* and corporate defendants filed timely objections to the Second R & R. *Pro se* defendants assert ten enumerated objections that fall into two broad categories. First, defendants argue that, notwithstanding Judge Reyes' findings, they actually provided Kogan with the documents in dispute, and any sanctionable conduct arose from Kogan's failure to produce these documents to plaintiffs. In connection with this argument, defendants assert that Judge Reyes fundamentally misinterpreted the meaning of the February 21st email, which did not describe documents defendants' had withheld but only those that had already been produced to Kogan. *Pro Se* Defendants' Objection to Report and Recommendation of Magistrate Reyes ("*Pro Se* Defs.' Obj.") at 2-6. Second, defendants argue that Kogan failed to properly advise them of their preservation and discovery obligations leading to the sanctionable conduct. Id. at 7-8. The corporate defendants, in addition to joining plaintiffs' objections above, also raise allegations

about plaintiffs' reciprocal failure to timely produce accurate financial records. Corporate Defs.' Objection to Report and Recommendation of Magistrate Reyes ("Corporate Defs.' Obj.") at 4-6. Finally, both corporate and *pro se* defendants request in the alternative that the court defer assessment of sanctions until the conclusion of the case as earlier imposition would prejudice their ability to continue the litigation.

## II. Discussion

*A. Legal Standards*

When reviewing a report and recommendations, a district court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(1).[5]

A district court has broad discretion in determining whether to impose sanctions for discovery misconduct and the nature of those sanctions. Auscape Int'l v. Nat'' Geographic Soc'y, No. 02 Civ 6441(LAK), 2003 U.S. Dist. LEXIS 561, at *14 (S.D.N.Y. Jan. 17, 2003). Rule 37(b)(2) of the Federal Rules of Civil Procedure permits district courts to impose sanctions when a party "fails to obey an order to provide or permit discovery." Sanctions may include adverse inferences, preclusion of evidence or a judgement of default. FED. R. CIV. P. 37(b)(2)(A). Instead of, or in addition to these harsher sanctions, a court must order the

---

[5] Plaintiffs ask the court to apply a "clearly erroneous or contrary to law" standard of review of Judge Reyes' Report and Recommendation because it concerns the non-dispositive matter of monetary sanctions. See Hoar v. Greenspan, Jaffe & Rosenblatt, 900 F.2d 522, 524 (2d Cir. 1990). Plaintiffs' motion for sanctions, however, requested dismissal, which would require a dispositive order, and at the instruction of this court, Judge Reyes issued a report and recommendation pursuant to Rule 72(b), not an order pursuant to Rule 72(a). I therefore adopt Rule 72(b)'s standard of review.

7

disobedient party to pay reasonable expenses, including attorney's fees, unless the failure to obey a court order was "substantially justified" or the imposition of such would be unjust. FED. R. CIV. P. 37(b)(2)(C). Rule 37 contemplates an imposition of sanctions for violations "notwithstanding a lack of wilfulness or bad faith, though such factors are 'relevant . . . to the sanction to be imposed.'" Auscape Int'l, 2003 U.S. Dist. LEXIS 561, at *13 (quoting 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §2283, at 608 (1994).). To impose sanctions under the court's inherent power, the court must find that the offending party or attorney "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Revson v .Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000).

*B. Counsel's and Defendants' Discovery Misconduct*

Defendants argue that the recommended sanctions on the defendants were improper because the failures to comply with discovery obligations were the fault of counsel. The court agrees with the defendants and Judge Reyes that Kogan's conduct with respect to discovery proceedings fell short of the level of cooperation and responsiveness expected by this court. The court nevertheless also agrees with Judge Reyes that the defendants maintained a continuous and integral role in the discovery process and that defendants bear responsibility for much of the misconduct.

1. The Parties' General Discovery Misconduct

Generally, "[t]he acts and omissions of counsel are normally wholly attributable to the client, and sanctions may be imposed against a party for her counsel's misconduct." Perez v. Siragusa, No. CV-05-4873(CPS)(JMA), 2008 U.S. Dist. LEXIS 51593, at * 12 (E.D.N.Y. July 3, 2008); see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979) ("A litigant chooses counsel at his peril, and . . . counsel's disregard

8

of his professional responsibilities can lead to extinction of his client's claim."). A court must order the "*disobedient party, the attorney advising that party, or both* to pay attorney's fees, caused by the failure [to meet discovery obligations]." Fed. R. Civ. Pro. 37(b)(2)(C) (emphasis added). Under certain circumstances where the sanctionable conduct can be said to be solely attributable to an attorney, a district court may in its discretion impose sanctions only against the counsel. See e.g., Auscape Int'l v. Nat'l Geographic Soc'y, No. 02 Civ. 6441(LAK), 2003 U.S. Dist. LEXIS 561, at * 16 (S.D.N.Y. Jan. 17, 2003) (imposing sanctions only on counsel where no evidence that counsel communicated violated discovery order to party, and counsel admitted that he never sent document requests at issue to his clients). This is not one of those cases.

To be sure, certain misconduct falls squarely on the shoulders of Boris Kogan. On repeated occasions, the necessity for court intervention was the result of counsel's failure to respond to discovery letters and comply with Judge Reyes' order that the parties confer prior to raising additional discovery issues. See Second R&R at 11-12. Even if discovery disputes and delay could be justified by his clients' intransigence, Kogan improperly failed to heed Judge Reyes' orders to confer with opposing counsel by simply ignoring several of plaintiffs' communications. Moreover, post-withdrawal, the Kogan Firm failed to timely turn over the documents it maintained by the court-ordered date, failed to inform the court of the reason for the delay, and failed to remove, or even alert the court to, the documents' blanket "attorneys' eyes only" designation. Id. at 12-13. Judge Reyes correctly recommended that the court hold Kogan Firm responsible for this misconduct by imposing sanctions for discovery motions associated with Kogan's unresponsiveness and failures to comply with court orders. Nevertheless, Kogan's submissions convince the court that defendants were not only deeply involved in the discovery process, but contributed to the dilatory tactics and evasive behavior

9

resulting in sanctionable conduct.

This is not a case where defendants lacked knowledge of discovery proceedings, and counsel, acting alone, violated the court's directions. See Auscape Int'l, Soc'y, 2003 U.S. Dist. LEXIS 561, at * 16. On the contrary, defendants took a "hands on" approach throughout the pretrial proceedings, were well aware of plaintiffs' discovery requests, and helped to formulate defendants' evasive strategy. In communications with counsel, defendants evidenced their involvement. As one example, in the February 21st, 2010, email, Sikirski suggested to Kogan that "we shouldn't give" 2,579 "strictly-business" emails and 15,493 emails "including trade secrets" that were requested by plaintiffs. Kogan Affirm., Ex. 10. Another document prepared by Sikirski directly addressed one of plaintiffs' discovery requests, the subject of the first motion for which Judge Reyes recommended sanctions, and listed Ana Boves' detailed response to each request, which documents defendants had already collected, and why whole categories should or should not be produced. Kogan Affirm., Ex. 12. Further, the communications reveal a pattern of defendants' resistance to discovery over the course of the litigation, where defendants seek to condition the production of documents on plaintiffs' reciprocal productions, and assert "trade secrets" and attorney-client privilege protection on whole categories of communications. Kogan Affirm., Exs. 2, at 10-14.[6] Moreover, despite their argument that they were surprised by the motion for sanctions and Judge Reyes' recommendation, defendants frequently referenced discovery conferences before Judge Reyes, repeatedly prompting arguments to counsel for resisting discovery, and acknowledged awareness of plaintiffs' threatened sanctions motions. Kogan Affirm., Exs. 5, 6 (noting that plaintiffs were "threatening to file complaints to the judge"). On this evidence alone, defendants could be sanctioned for their own discovery

---

[6] Kogan's Affirmation asserts that in each instance Kogan attempted to explain to defendants that the documents must be produced, notwithstanding their objections. Kogan Affirm. at ¶ 36.

misconduct, as well as that of their counsel. The court the adheres to Judge Reyes' reasoning in the First R&R that has only been bolstered by communications between defendants and counsel that have since come to light.

2. Improperly Destroyed e-Communications

The additional submissions of Kogan and plaintiffs prior to the Second R&R convince the court that electronic communications were improperly deleted by defendants. In order to award sanctions for spoliation of evidence, the court must find "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense." Zubulake v. UBS Warburg, L.L.C., 02 Civ. 1243 (SAS), 2004 U.S. Dist. 13574, at *28 (S.D.N.Y. Feb. 2, 2005). A "culpable state of mind" can be satisfied by a showing of negligence. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108 (2d Cir. 2002). To show "relevance" for the purposes of imposing monetary sanctions, as opposed to harsher sanctions of default judgment or adverse inferences, a court need not find that the deleted discovery would have been favorable to the party seeking sanctions. See Green v. McClendon, 08 Civ. 8496 (JGK)(JCF), 2009 U.S. Dist. LEXIS 71860, at *21 (S.D.N.Y. Aug. 13, 2009); Treppel v. Biovail Corp., 03 Civ. 3002 (OKL)(JCF), 2008 U.S. Dist. LEXIS 25867, at *38 (S.D.N.Y. Apr. 2, 2008)

Defendants admit that they inadvertently deleted Skype chats between the parties prior to 2009. Defendants explain that Sikirski reinstalled the application after suffering computer problems and subsequently advised the other individual defendants to do the same to avoid similar problems. Mem. in Resp. to Affirmation of Boris Kogan, Dkt. No. 210, ex. 3 at 34. Defendants argue (1) that the deletion of the chats was a mistake and they believed that the chats

would be saved on the Skype server, and (2) that Kogan did not properly advise them of their preservation obligations. Defendants' arguments are unavailing. As outlined above, defendants were well aware of the discovery disputes, especially those concerning e-communications. In their own objections, defendants admit that at the time they believed the information would be stored elsewhere, acknowledging their contemporaneous awareness of their duty to preserve such information. *Pro Se* Objections to Second R&R, Dkt. No. 230, at 7. Admittedly, the loss of Sikirski's chats alone as a result of computer problems and subsequent reinstallation could arguably be the result of a good faith mistake beyond the defendants' control. As Judge Reyes pointed out, however, it was at least negligent for defendants Ana and Polina not to ensure that their own chats would survive the reinstallation. Second R&R at 8. Simply checking whether Sikirski's chats had been preserved after reinstallation would have put the defendants on notice to take additional preservation measures. Moreover, because the litigation arguably involved business relationships not subject to written agreements, these communications among the parties could well be highly relevant to the litigation. Therefore, the court finds the imposition of monetary sanctions appropriate for the destruction of the pre-2009 Skype communications.

  3. Improperly Withheld Discovery

Defendants also object to Judge Reyes' interpretation of the meaning of the February 21st email, and the inferences drawn in the Second R&R that defendants withheld certain communications from discovery. Defendants argue that they provided the documents described therein to Kogan, and Kogan failed to turn these over to the plaintiffs. Defendants' argument is belied by the plain language of the email which explains that defendants have "prepared and burnt 2,579 strictly-business emails" and "15,953 emails, including trade secrets," which "we

<br>

<br>

12

shouldn't give" to the plaintiffs. Kogan Affirm., Ex. 10.[7] This email is highly suggestive that defendants failed to produce any of these documents even to their counsel, let alone plaintiffs.

Defendants argue further that at the time of the February 21st email, discovery was due to close on March 5 (and ultimately was extended to May 7). Therefore, they conclude, any documents not yet produced to counsel or to plaintiffs were not in violation of Judge Reyes' discovery orders. This argument misconstrues the import of the February 21st email. At the very least, and accepting defendants' characterization, the email suggests defendants' possession of thousands of emails and Skype chats, the existence of which had not even been disclosed to plaintiffs or counsel as of February 21, 2010, despite the fact that emails and Skype/MSN chats between the parties were the subject of plaintiffs' discovery motions in June and September of 2009 and had been ordered discoverable by Judge Reyes. See Tr. of June 18, 2009 Conference, Dkt. No. 77, at 13-14; Tr. of Sep. 9, 2009 Conference, Dkt. No. 86, at 29-30, 33. Whether or not they had been produced to counsel in January 2010 or shortly after this email, as defendants argue, these e-communications should have been disclosed far earlier in the litigation. Second R&R at 6 ("[I]t is fair to infer that at least some of the documents reference in the 2/21/10 Letter should have been produced much earlier in this litigation."). The communications had been in dispute and their production outstanding for at least seven months. Whether such communications were ultimately produced by defendants by the close of discovery, either to counsel or to plaintiffs, does not excuse the defendants' evasive and dilatory conduct in violation of earlier court orders.

4. Failure To Properly Advise

---

[7] Even though Judge Reyes did not consider the pro se defendants improper "surreply" in the papers leading up to the Second Report and Recommendation, defendants admitted that they had not at the time given the documents to Kogan. See Dkt. No. 226 at 2 ("[T]he words 'we didn't give…' related exactly to the moment of time when they were being written. Later, we gave everything to Boris.").

13

Finally, defendants argue that Kogan failed to advise the defendants with any specificity about their discovery and preservation obligations and the possibility of the court imposing monetary sanctions. In response, Kogan maintains that he showed defendants a New York Law Journal Article explaining the consequences of discovery misconduct. Boris Kogan's Affirm. in Further Opp'n to Defs.' Motion for Reconsideration, Dkt. No. 214 at ¶3.b. Defendants dispute Kogan's account. Costs, however, may be imposed on an offending party unless justice requires otherwise, even if the offending party is unaware of the specific consequences of his or her misconduct. Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991). In any event, defendants were well aware of the nature of the discovery disputes, and their own admissions support the inference that they knew of their preservation obligations. As noted above, the communications produced by Kogan show unequivocally that defendants were heavily involved in the discovery disputes, which included several oral warnings by Judge Reyes that he would entertain motions for sanctions for continued violations.

C. *Plaintiffs' Misconduct*

Defendants' vague allegations that plaintiffs have engaged in their own discovery misconduct are not relevant to the instant dispute and provide no excuse for defendants' misconduct. Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (finding that even if "both parties in fact were responsible for many delays during the pre-trial stage of the case, the [district] court was warranted in finding that the [sanctioned party's] behavior was particularly egregious"). Indeed, the court notes that defendants have already brought a motion for sanctions against plaintiffs, which Judge Reyes denied without prejudice to renewal upon showing from a qualified computer expert that plaintiffs improperly maintained certain financial documents. Dkt. No. 225.

The exhibits submitted by Kogan satisfy the court that defendants were heavily involved in the discovery process, that they were made aware of the consequences of their misconduct, and that their intransigence contributed to the discovery violations and sanctionable conduct. Notwithstanding the above, I agree with Judge Reyes that defendants have not demonstrated egregious misconduct and bad faith warranting dismissal of the case. Accordingly, plaintiffs' motion for sanctions is granted in part and denied in part. Finding no clear error in Judge Reyes' calculations, I award attorney's fees and costs as calculated in the Second R&R. The Kogan Firm is ordered to pay monetary sanctions to plaintiffs' counsel in the amount of $6,666.44. Defendants are ordered to pay monetary sanctions to plaintiffs' counsel in the amount of $42,034.08. Plaintiffs' motion for default judgment is denied.

*D. Timing of Sanctions*

In asking that sanctions not be imposed until the conclusion of the case, defendants cite Cunningham v. Hamilton Co., 527 U.S. 198, 210 (1999). While the Supreme Court noted that district courts could defer an assessment of attorney's fees, nothing in Cunningham requires courts to do so. The court declines to defer assessment of attorney's fees in this case. One of the purposes of awarding sanctions is to deter future improper conduct over the course of the litigation.[8] See Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). Given defendants' pre-trial conduct thus far, delaying imposition of fees until the conclusion of the case would not properly deter continued misdeeds. Therefore, the sanctioned parties have 30 days from the date of this order to pay the monetary sanctions levied against them.

### III. Conclusion

For the reasons set forth above, the court finds that defendants' objections lack merit and

---

[8] Defendants' argument that plaintiffs are unjustly permitted to fund the litigation with the proceeds of the business they have unlawfully taken from the plaintiffs goes to the merits of the dispute and does not concern the instant motion for discovery misconduct. Meritorious claims do not excuse litigation misconduct.

accepts the recommendations set forth in Judge Reyes' Report and Recommendation dated August 3, 2011. Accordingly, plaintiffs' motion for Rule 37 sanctions is granted in part and denied in part. Defendants are ordered to pay monetary sanctions to plaintiffs' counsel in the amount of $42,034.08 within 30 days of this order. The Kogan Firm is ordered to pay monetary sanctions in the amount of $6,666.44 within 30 days of this order. Plaintiffs' motion for default judgment is denied. Counsel for corporate defendants is ordered to serve a copy of this order on the Kogan Firm and *pro se* defendants.

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: September 26, 2011
Brooklyn, New York